UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC.<br><br>    Defendants. | Case No. 7:23-cv-03586<br><br>Related Action: *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED[1]<br><br>**<u>AMENDED COMPLAINT</u>**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff The Wave Studio, LLC ("Plaintiff" or "Wave"), by its attorneys, Robins Kaplan LLP, for its complaint against Defendants Trivago N.V., Trivago Services US, LLC, Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt. Ltd. and MakeMyTrip.com, Inc., (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THIS ACTION**</u>

  1. This copyright infringement action arises out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of Wave's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on websites across the United States.  This case is part-and-parcel of Wave's pending action

---

[1] The related case, No.: 7:13-cv-09239-CS-PED, consolidates and jointly administers all of Wave's substantially similar copyright cases pending in this Court.

in this Court, styled, *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED.

2.      On December 31, 2013, Wave sued General Hotel Management Ltd. ("GHM") – and what are today roughly ninety-five other Defendants – in the Southern District of New York (White Plains) for copyright infringement of Wave's photographs primarily related to hotel and travel websites.  GHM, which manages upscale hotels and had a decade-long relationship with Wave, used the photographs and disseminated them to many of the Defendants in the related action.

3.      Early into the related case, GHM proposed to stay the case as to all other Defendants on the theory that if GHM had the right to use and disseminate the photographs, such a right would be case-dispositive as to GHM and the vast majority of the other Defendants.  Wave agreed.  After roughly three years of discovery, this Court dismissed the related action on forum *non conveniens* grounds, severing the liability and damages phases of the case, directing liability to be decided in Singapore and otherwise staying the New York case.

4.      Wave, in turn, was one of the Plaintiffs who sued the GHM Defendants in Singapore to establish ownership of the copyrighted images and GHM's infringement of the photographs.

5.      On January 18, 2022, the Singapore High Court rendered a decision in the Singapore Plaintiffs' favor on all liability issues.  In the 117-page decision, the Singapore Court praised the honesty of Wave's sole owner, member and manager, Lee Kar Yin

(a/k/a Junior Lee) ("Ms. Lee").  The Singapore Court's decision was affirmed by the Singapore High Court, Appellate Division, in February 2023.

6.  Ms. Lee is a creative director, interdisciplinary artist, and entrepreneur who, through Wave, uses the photographs to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide.  Wave contracts with hotel management companies, promotional agencies or directly with hotels and travel companies to create marketing, branding and promotional materials, including artistically designed and produced photographs of upscale hotel properties and travel destinations.  As the Singapore Courts found against GHM (and all those to whom Wave's works were disseminated), under the express terms of the Wave contracts, Wave retains sole and exclusive ownership of all rights, title, and interest in the photographs, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

7.  Just as in the related action, Defendants in this action have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs – without authorization – to generate traffic to their websites, mobile sites and apps for their own financial gain, including using Plaintiff's photographs on their own websites, and in articles, photo galleries, and promotional materials.

8.  Attendant to the filing of this Complaint, Plaintiff seeks a temporary restraining order and preliminary injunction to enjoin Defendants' ongoing willful infringement.  Wave also will seek monetary damages to remedy and redress Defendants' rampant, willful, and continued infringement of Plaintiff's copyrighted photographs.

9.      The Singapore Courts, both lower and appellate, conclusively found: (a) Waved owned the Copyrighted Works; (b) the GHM Defendants infringed Wave's copyrights; (c) Wave proved infringement by tracing the copyrighted photograph to each Defendants' website using automated reverse search engines and confirmatory backlinks.  Therefore, the only remaining issue to be tried to the jury is damages.

10.      The one fact on which all parties agree in the related and Singapore actions is that Wave's artworks are impeccable.  It is the reason that the dissemination has been so widespread and so many Defendants have been named in these related matters.  As Wave's copyrighted works continue to be infringed on websites, mobile sites and apps in the hotel and travel industries, Wave reserves the right to add more parties to this action or file new related cases.

## JURISDICTION AND VENUE

11.      This Complaint alleges causes of action under the Copyright laws of the United States, Title 17 of the United States Code.

12.      This Court has subject-matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

13.      This Court has personal jurisdiction over Defendants pursuant to substantial and continuous contacts with the state of New York that all relate to and/or form the basis of this action and/or because Defendants have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective websites, mobile sites and apps.

14.     Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this District because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside or are found within this District within the meaning of 28 U.S.C. § 1400(a).

## THE PARTIES

15.     Plaintiff is a limited liability company organized under the laws of the State of New York, with its principal place of business at 122 East 42nd Street, 18th Floor, New York, New York 10168.  Plaintiff is a business entity operated by creative director Ms. Lee, a Malaysian citizen and a permanent resident of Singapore.  Plaintiff was formed to hold, manage, and control the United States intellectual property rights to certain works, including, but not limited to, United States copyright registrations for photographs created by Ms. Lee and/or employees of corporate entities controlled by Ms. Lee.[2]

16.     Upon information and belief, Defendant Trivago N.V. is a German corporation located at Kesselstrasse 5 – 7, 40221 Düsseldorf, Germany.  Defendant Trivago Services US, LLC is a Delaware limited liability company with a principal place of business located at 140 Broadway, 46th Floor, New York, New York 10005.  Trivago N.V. and Trivago Services US, LLC are collectively referred to herein as "Trivago." Trivago, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name

---

[2] The prior Wave entities assigned all right, title and interest in the Copyrighted Works at issue in this case to Plaintiff.  The Singapore Courts held all assignments to Plaintiff to be valid and enforceable.

www.trivago.com (and other websites) maintained online in numerous countries, including the United States, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Trivago regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.trivago.com, as well as for related content delivery networks, mobile apps, mobile sites, and other means not known to Plaintiff.

17.    Upon information and belief, Defendant Trip.com Group Limited ("Trip.com") is a Cayman Island corporation with its principal place of business located at 968 Jin Zhong Road, Shanghai, China 200335.[3] Trip.com, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain names www.trip.com, www.skyscanner.com, www.gogobot.com, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app (and other websites), maintained online in numerous countries, including in the United States, and in many languages, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Trip.com regularly transacts or solicits business in this District through, *inter alia*, websites resolving to www.trip.com, www.skyscanner.com, www.ctrip.com, www.gogobot.com, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, and us.trip.com mobile app, as well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

---

[3] According to public reports Trip.Com Group Limited purchased Travix International BV, a named defendant in the consolidated related action.

18.     Upon information and belief, Defendant Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore"), a Singapore corporation with its principal place of business located at 1 Harbourfront Avenue, Keppel Bay Tower, Singapore 098632, is a subsidiary of or otherwise affiliated with Trip.com.  Trip.com Singapore, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.trip.com (and other websites), maintained online in numerous countries, including the United States, and in many languages, as well as related content delivery networks, mobile apps and sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, Trip.com Singapore regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.trip.com.

19.     Upon information and belief, Skyscanner Ltd. ("Skyscanner") is a company incorporated in the United Kingdom, with its principal place of business in the United States located at 777 Brickell Avenue, Miami, Florida 33131.  Upon information and belief, Skyscanner is a subsidiary of or is otherwise affiliated with Trip.com.  Skyscanner, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.skyscanner.com (and other websites), maintained online in numerous countries, including in the United States, and in many languages, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, Skyscanner regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.skyscanner.com (and other domains), as

well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

20.    Upon information and belief, Defendant MakeMyTrip.com Inc. ("MakeMyTrip.com") is a Delaware corporation located at 60 East 42nd Street, Suite 605, New York, New York 10165.  Upon information and belief, MakeMyTrip.com is affiliated with MakeMyTrip India Pvt. Ltd., an Indian Company located at Tower A/B/C Epitome, Building No. 5, DLF Cyber City, DLF Phase III, Sector 25, Gurugram, Haryana 122002, India.

21.    Upon information and belief, Defendant MakeMyTrip.com is a subsidiary of Trip.com or otherwise affiliated with Trip.com.  Upon information and belief, MakeMyTrip.com, itself or through affiliated entities, owns, uses, and/or provides content and/or has owned, used, and/or provided content for the domain name www.makemytrip.com (and other websites), maintained online in numerous countries including the United States and in multiple languages, for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, MakeMyTrip regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.makemytrip.com, as well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

## FACTUAL BACKGROUND

### A.    Creation of the Works At Issue

22.    Ms. Lee is a professional photographer, interdisciplinary artist, designer, creative director, and entrepreneur.  Over more than 20 years, Ms. Lee has been in the business of advertising, art, graphic design, and photography, successfully establishing herself in the travel and hotel industries worldwide.

23.    Ms. Lee's Wave business is promotional in nature, involving the conception and development of branding campaigns and the design, creation, and execution (including photography, copywriting, composing the artwork, choosing appropriate color separation, and supervising the printing and/or production process) required to produce associated marketing materials such as flyers, brochures, press kits, packaging and calendars.

24.    One element often required was for Ms. Lee to create the component images, which required the following steps: surveying the intended site, setting up artistic elements and accents to convey the desired impression of the site, designing the photograph's composition (including subject, angle, framing, lighting, and other technical as well as mechanical considerations), photographing certain items, personnel, sites, or facilities, conducting significant post-production work on the images with post-production image adjustments as necessary, and delivering the final edited images for the client's approval.  Wave usually was compensated via the client's purchase of the marketing materials that reflected the brand concept designed by Ms. Lee, which in many instances incorporated the photographs created by Wave.  In other words, the client

9

purchased the marketing materials designed and manufactured by Wave, inclusive of a limited license to distribute the physical marketing materials themselves.  None of Wave's clients purchased the underlying photographs or their copyrights, or any right to further use, reproduce, and/or distribute them.

25.    In the course of providing the services, Wave would issue production estimates and invoices to their clients.  These estimates and invoices specifically reserved all rights to the works.  One of the rights reserved was the ownership of the photographs, including the copyrights.  Photographs that Ms. Lee and Wave created (collectively and individually, the "Copyrighted Works") are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.

26.    Ms. Lee and Wave have created photographs of numerous luxury hotels, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), and The Lalu Sun Moon Lake (Taiwan) (collectively, the "Hotels").

**B.     Plaintiff Registered Copyrights in the Photographs at Issue and Assigned Them to Plaintiff**

27.     The Wave Entities obtained copyright registrations from the United States Copyright Office for the Copyrighted Works. *See, The Wave Studio, LLC v. Citibank, N.A., et al.*, Case No. 7:22-cv-05141-CS, Dkt. No. 1 at Exhibit 1-A-1-G. These copyright registrations are as follows:

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-824-376 | The Wave Design Pte. Ltd.- datai105 |

| Registration Number | Title of Work |
|---|---|
| VA 1-825-249 | The Wave Design Pte. Ltd.- detai104 |
| VA 1-825-264 | The Wave Design Pte. Ltd.- andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D) - chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) - legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. - andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd. - bkk018 - bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 - chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 - lalu159 |
| VA-1-942-993 | The Wave Design Pte. Ltd. - setai1182 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai960 – setai1179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183;0184 |
| VAu 1-060-182 | Wave-S unpublished setai959 |
| VAu 1-110-867 | The Wave Design Pte. Ltd. - Unpublished Photograph setai 1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. - Unpublished setai1181 |

28.    On September 1, 2011, Ms. Lee formed Plaintiff for the purposes of holding, administering, and enforcing the copyrights to the Copyrighted Works.  Ms. Lee and prior Wave entities entered into a series of assignments to assign the copyright

registrations to Plaintiff. These assignments were recorded with the United States Copyright Office.

### C.    The Original New York Action

29.    Plaintiff filed the original complaint in the related case in this Court on December 31, 2013, and an Amended Complaint on April 23, 2014.[4]  Soon after the Amended Complaint was filed, GHM and Wave made the agreement to stay the case as to all other Defendants.  The parties engaged in extensive discovery from 2013-2016.

30.    Between October 2014 and May 2017, Wave filed nine additional cases based on substantially similar allegations and claims.  Each case was consolidated in the case number 7:13-cv-09239-CS-PED, and all cases are being administered under that case number.

31.    On March 10, 2017, this Court issued a ruling on both Plaintiff's and GHM's motions for summary judgment.  GHM sought dismissal of the action based on forum *non conveniens* grounds.  Both Plaintiff and GHM moved to vindicate their rights on the merits, i.e., the propriety or impropriety of GHM's use and dissemination of Wave's works.

32.    The Court did not reach the merits of whether GHM's use of Wave's copyrighted materials was proper.  Instead, the Court severed and stayed the claims,

---

[4] Plaintiffs filed the related action in 2013, against GHM and other parties that were known by Plaintiff (or suspected) to be infringing at the time.  This action is filed within three years of plaintiffs discovering, through the exercise of reasonable diligence, that defendants, including their affiliates and subsidiaries named here, are infringing Plaintiffs' Copyrighted Works.  In any event, as the harm is ongoing, any statute of limitations is more than satisfied.

dismissing the case on forum *non conveniens* grounds and deferring to the Court in Singapore to make the liability determinations. This Court retained jurisdiction on the damages phase of the case. As to all other Defendants, the New York Court left the stay in place.

33. Applying New York law, this Court considered the "adequacy of the alternative forum" as part of its forum *non conveniens* analysis. The Court cited a series of cases, which, fundamentally hold: "the High Court of Singapore is an adequate alternative forum in which to adjudicate [plaintiff's] United States copyright infringement claim," because "copyright is a statutory right in Singapore, which is a common law jurisdiction . . . whose laws were influenced significantly by U.K. and, more recently, Australian law." Ultimately, the Court concluded: "I am persuaded that Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore."

**D.    The Singapore Trial**

34. After a nine-day trial, on January 18, 2022, the High Court of the Republic of Singapore rendered a 117-page decision. The outcome was a complete Plaintiff's verdict on liability. The Singapore Court found that:

(1) At the time of their creation, Plaintiff owned all of the Copyrighted Works used and disseminated by GHM;

(2) Plaintiff currently owns the Copyrighted Works used and disseminated by GHM;

14

(3) The chain of title for all rights and ownership of the Copyrighted Works was intact and flowed from prior Wave entities to Wave;

(4) Plaintiff had not provided an implied license to the Hotels or GHM to use the Copyrighted Works for marketing, branding, and advertising purposes;

(5) GHM infringed Wave's Copyrighted Works by using and disseminating them publicly; and

(6) GHM's defenses of laches, acquiescence and estoppel failed.

*The Wave Studio Pte. Ltd., et al. v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018).

35.    Noteworthy in the Singapore opinion, is the Singapore Court's respect for Ms. Lee.  All issues that turned on credibility systematically were decided in Ms. Lee's favor and included harsh criticism of Defendants.  One sentence in the opinion stands out most: "Ms Lee's account of events struck me as being honest: she maintained her account of events under cross-examination and made no attempt to embellish it."

36.    GHM appealed the decision to the Appellate Division of the High Court of the Republic of Singapore.

**E.    The Singapore Appeal**

37.    Immediately on conclusion of the February 13, 2023 hearing, the appeal was dismissed by the Appellate Division of the High Court of the Republic of Singapore.  The Singapore Appellate Division's confirmed the lower court's finding for Wave on liability. The affirmance by the Appellate Division of the High Court of Singapore renders the decision final because GHM did not move for leave to appeal to the Court of Appeal.

**F.     Defendants in this Action Infringe Plaintiff's Copyrights**

38.     Upon information and belief, Trivago operates an online hotel search platform that allows users to search for, compare, and book hotels.  Trivago also offers marketing tools and services to hotels and hotel chains, as well as to online travel agencies and advertisers, among others.  Trivago, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trivago.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  Trivago further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in many languages.

39.     Upon information and belief, Trip.com facilitates hotel and other travel bookings to more than 400 million members as well as other unregistered consumers, making it one of the leading online travel agencies in the world.  Trip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trip.com, www.skyscanner.com, www.ctrip.com, www.gogobot.com, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and perhaps additional websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other

electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  Trip.com further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in numerous languages.

40.    Upon information and belief, Trip.com Singapore operates, manages, and/or controls the webpage resolving to www.trip.com.  Trip.com Singapore has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trip.com, www.skyscanner.com, www.gogobot.com, and www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and perhaps additional websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  Trip.com Singapore further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in numerous languages.

41.    Upon information and belief, Skyscanner operates, manages, and/or controls the webpage resolving to www.skyscanner.com.  Skyscanner has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through a website resolving to www.skyscanner.com, and other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and

in numerous languages, including in the United States and in this District.  Skyscanner further distributed one or more copies of Plaintiff's Copyrighted Works in many countries and in numerous languages.

42.    Upon information and belief, MakeMyTrip.com is affiliated with MakeMyTrip India as the company's United States branch office operating in New York. Upon information and belief, MakeMyTrip.com is also a subsidiary or otherwise affiliated with Trip.com.  MakeMyTrip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to, at least, www.makemytrip.com and www.hoteltravel.com, www.goibibo.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  MakeMyTrip.com further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in multiple languages.

43.    Irrefutable proof of Defendants' willful infringement, in the form of automated reverse search engines generating confirmatory backlinks, is attached to the Affidavit of Lee Kar Yin in Support of Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction.  This evidence establishing the willful infringement against the named Defendants may be the tip of the iceberg.  Some other discovered backlinks contain "hidden layers," which use embedded source code to show the images without leaving a digital trace.  Plaintiff incorporates by reference into this Complaint all

of the facts in Ms. Lee's Affidavit in Support of Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction.

44.    Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public.  Nor have Defendants ever sought Plaintiff's, Ms. Lee's, or Wave's permission to use or reproduce the Copyrighted Works.

45.    Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and/or continue to use, reproduce or distribute the Copyrighted Works in violation of Plaintiff's exclusive rights as copyright owner and have not compensated Plaintiff for such use.

46.    The Copyrighted Works that are the subject of this Complaint have been seen and continue to be seen by thousands, and likely millions, of visitors to the Defendants' various platforms in the United States and worldwide.

47.    Defendants have utilized the Copyrighted Works for purposes of enhancing their respective businesses, including by promoting and advertising their respective bookings to the boutique and high-end hotels featured in the Copyrighted Works, or by advertising their services and/or attractions by using photographs of the boutique and high-end hotels featured in the Copyrighted Works, which, in turn, yields significant revenue for the Defendants, all without Plaintiff's authorization.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement Against All Defendants)**
**(17 U.S.C. § 101 *et seq.*)**

48.     Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs above.

49.     Defendants have directly infringed Plaintiff's Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 et seq.  With regard to distribution, Defendants, either directly themselves or through affiliated entities or partners, have distributed Plaintiff's Copyrighted Works to additional third parties without Plaintiff's authorization, each act of which constitutes a separate infringing act subject to all remedies available to Plaintiff under the Copyright Act.

50.     Defendants copied Plaintiff's entire images for their own personal commercial gain without Plaintiff's authorization.

51.     Moreover, Defendants' use of the Copyrighted Works is for substantially the same purpose as Plaintiff's intended use:  to promote and market lifestyles, hotel properties, and destination locations or to advertise and promote examples of Plaintiff's artistic works.  Thus, there is no added benefit to the public by Defendants' display of Plaintiff's Copyrighted Works.

52.     Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-

816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021,VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

53.    Defendants' infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

54.    Defendants' conduct was willful within the meaning of the Copyright Act.

55.    Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses.  Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct.

56.    Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses.  Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.  Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

57.    Attendant to the filing of this Complaint, Plaintiff has moved for a temporary restraining order and preliminary injunction.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement Against All Defendants)
### (17 U.S.C. § 101 *et seq.*)

58.     Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs above.

59.     Upon information and belief, Defendants have each contributorily infringed Plaintiff's rights in the Copyrighted Works.  Each of such Defendants has, for their own profit, distributed, provided, or otherwise trafficked, without Plaintiff's authorization, the Copyrighted Works to third parties with the intention that such third parties display, reproduce, copy, and/or further distribute the Copyrighted Works for such third parties' profit, all in violation of Plaintiff's exclusive rights under the Copyright Act to the Copyrighted Works.

60.     Defendants knew, or should have known, that they did not have ownership or licensed rights, nor Plaintiff's authorization, to engage in such unauthorized distribution, provision, and trafficking of the Copyrighted Works to such third parties. Further, because Defendants engaged in such distribution, provision, and trafficking of the Copyrighted Works to such third parties with the intention that such third parties display, reproduce, copy, and/or further distribute the Copyrighted Works for such third parties' profit without Plaintiff's authorization, Defendants knowingly and unlawfully induced such third parties to directly infringe Plaintiff's exclusive rights in the Copyrighted Works, in violation of 17 U.S.C. § 501 *et seq*.

61.     Specifically, without authorization or consent, Defendants, and each of them, distributed, provided, or otherwise trafficked to third parties, at least Plaintiff's

Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021,VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

62.     By providing unfettered access to the Copyrighted Works to third parties for distribution (who in turn, directly infringed Plaintiff's rights in the Copyrighted Works), Defendants each materially contributed to such third parties' infringement of Plaintiff's copyrights in the Copyrighted Works.   Accordingly, the contributory infringement by Defendants of Plaintiff's exclusive rights in and to each of the Copyrighted Works, and to each separate third party to whom Defendants distributed, provided, or otherwise trafficked in Plaintiff's Copyrighted Works without authorization, each constitutes a separate and distinct act of contributory infringement.

63.     Further, upon information and belief, such third parties may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access and use by other unknown third parties to the Copyrighted Works without Plaintiff's knowledge or authorization.

64.     The conduct of Defendants was willful within the meaning of the Copyright Act.

65.     Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses.  Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.  Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

**THIRD CLAIM FOR RELIEF**
**(Vicarious Copyright Infringement Against All Defendants)**
**(17 U.S.C. § 101 *et seq.*)**

66.     Plaintiff realleges and incorporates by reference, each and every allegation contained in the foregoing paragraphs above.

67.     Upon information and belief, Defendants are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

68.     None of the Defendants had the authority to license, sell, assign, or grant permission for any third party to use or display the Copyrighted Works. Notwithstanding that they had no right to license, sell, assign or permit any third party to use the Copyrighted Works, with each knowing it was not the owner of the copyright in such works, Defendants each continue to represent, or imply, to third parties that they have such rights in and to the Copyrighted Works.

69.     Upon information and belief, Defendants each controlled the distribution of the Copyrighted Works by contracting with various third parties to display, copy, reproduce, distribute, sell, assign, or license the Copyrighted Works.  Specifically, without authorization or consent, Defendants distributed, provided, or otherwise trafficked to such third parties, without Plaintiff's authorization, at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021,VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

70.     Because of the nature of their control over the content on their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, such third parties each had the right and the ability to supervise the infringing activities complained of herein.  And because of the nature of their business relationship with such third parties, Defendants each had the right and the ability to supervise and control the infringing activities of such third parties.

71.     Defendants each knew and/or should have known that the Copyrighted Works they were providing to such third parties, would be used, published and disseminated on high-trafficked websites and other media and in widely circulated promotional materials.

72.    Further, because Defendants each improperly and unlawfully represented, or implied, to third parties that it was the owner of and/or had the authority to grant permission to use the Copyrighted Works, Defendants each knew that such third parties and others would not seek to secure an appropriate license or authorization from Plaintiff.

73.    As a result of such Defendants' vicarious infringement of Plaintiff's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized, but for their infringement of the Copyrighted Works.

74.    Such Defendants' misconduct was willful, intentional and/or reckless, and done for their own economic gain.

75.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

1.    That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

2.    For entry of a temporary restraining order, preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, partners, parents, subsidiaries and related entities and those persons in active concert or

participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3.    For entry of a temporary restraining order, preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, and destroy the Copyrighted Works in their possession, custody or control or return them to Plaintiff, and/or immediately obtain a license from Plaintiff for their use;

4.    For Plaintiff's actual damages and Defendants' profits in such amount as may be found at trial; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each Copyrighted Work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

5.    For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505; and

6.    For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: New York, New York
      April 28, 2023

ROBINS KAPLAN LLP

By:   /s/ *Gabriel Berg*
    Roman Silberfeld (*pro hac vice* to be filed)
    Annie Huang
    Gabriel Berg
    GBerg@RobinsKaplan.com
    Jessica Gutierrez (*pro hac vice* to be filed)
    Zac Cohen (*pro hac vice* to be filed)
    Waleed Abbasi
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone:  212 980 7400
Facsimile:  212 980 7499

*Attorneys for Plaintiff The Wave Studio, LLC*