IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC.,<br><br>*Defendants.* | Case No. 7:23-cv-03586-NSR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

ROBINS KAPLAN LLP
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone: 212.980.7400

*Attorneys for Plaintiff The Wave Studio, LLC*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. FACTS ......................................................................................................................... 2

    A. Creation of the Works At Issue ...................................................................... 2

    B. The Related New York Action ....................................................................... 4

    C. The Singapore Trial ........................................................................................ 5

    D. The Singapore Appeal .................................................................................... 6

    E. Defendants' Infringement ............................................................................... 6

III. ARGUMENT ............................................................................................................... 9

    A. The Legal Standard on this Order to Show Cause .......................................... 9

    B. Likelihood of Success on the Merits ............................................................. 10

    C. Irreparable Harm and Balance of the Hardships ........................................... 12

IV. CONCLUSION ........................................................................................................... 13

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Alfadda v. Fenn*,
  966 F. Supp. 1317 (S.D.N.Y. 1997) .................................................................................... 10

*American Broadcasting Companies, Inc. v. Cuomo*,
  570 F.2d 1080 (2d Cir.1977) ................................................................................................ 9

*Anwar v. Fairfield Greenwich Ltd.*,
  742 F. Supp. 2d 367 (S.D.N.Y. 2010) .................................................................................. 11

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
  61 F.3d 696 (9th Cir. 1995) .................................................................................................. 11

*eBay, Inc. v. MercExchange*,
  547 U.S. 388, 395 (2006) ..................................................................................................... 13

*HarperCollins Publishers L.L.C. v. Gawker Media LLC*,
  721 F. Supp. 2d 303 (S.D.N.Y. 2010) ................................................................... 9, 11, 12, 13

*In re Feit & Drexler, Inc.*,
  760 F.2d 406 (2d Cir.1985) .................................................................................................. 9

*Jorgensen v. Epic/Sony Records*,
  351 F.3d 46 (2d Cir. 2003) ................................................................................................... 10

*Salinger v. Colting*,
  607 F.3d 68 (2d Cir. 2010) ................................................................................................... 12

*Schijndel v. Boeing Co.*,
  263 F. App'x 555 (9th Cir. 2008) ......................................................................................... 11

*Schuler v. Rainforest Alliance, Inc.*,
  684 Fed. Appx. 77 (2d Cir. March 28, 2017) ...................................................................... 10

*Tee Turtle, LLC v. Anhui Leadershow Household Industrial Co., LTD*,
  2021 WL 4815018 (C.D. Cal. 2010) .................................................................................... 9

*Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*,
  825 F.2d 709 (2d Cir. 1987) ................................................................................................. 10

I.  **PRELIMINARY STATEMENT**

Following the affirmance of a trial decision by the Appellate Division of the High Court of Singapore, liability under Singapore law is established on The Wave Studio, LLC's ownership of copyrights at issue in this case. Wave now moves for a temporary restraining order and preliminary injunction because the Defendants named in this case currently are utilizing the Plaintiff's Copyrighted Works for purposes of enhancing their respective businesses, including by promoting and advertising their respective bookings to the boutique and high-end hotels featured in Wave's Copyrighted Works without Plaintiff's authorization; which, in turn, yields significant revenue for the Defendants.

In a related case pending in this Court, styled *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED ("Related Action"), Hon. Cathy Seibel: (a) severed the liability and damages phases of the Related Action; (b) dismissed the Related Action on forum *non conveniens* grounds; (c) directed liability to be decided in Singapore; and (d) otherwise stayed the Related Action. General Hotel Management Ltd. ("GHM"), which manages upscale hotels and had a decade-long relationship with Wave, conceded that it used Wave's photographs. On January 18, 2022, the Singapore High Court rendered a decision in Wave's favor on all liability issues. The Singapore Court praised the honesty of Wave's sole owner, member and manager, Lee Kar Yin (a/k/a Junior Lee) ("Ms. Lee"). The Singapore Court's decision was affirmed by the Singapore High Court, Appellate Division, in February 2023.

With ownership of the works being infringed by Defendants in the case having been established entirely in Wave's favor by lower and appellate courts in Singapore,

findings that Plaintiff urges this Court to adopt, and Defendants' infringement irrefutable, Wave has established its likelihood of success on the merits, irreparable harm and the balance of the equities heavily favor Wave. The temporary restraining order and preliminary injunction should be granted to stop Defendants' rampant, willful, and continuing infringement of Plaintiff's copyrighted photographs.

## II.    FACTS

### A.    Creation of the Works At Issue

Ms. Lee is a professional photographer, interdisciplinary artist, designer, creative director, and entrepreneur. Declaration of Lee Kar Yin at ¶1. For more than 20 years, Ms. Lee has been in the business of branding, marketing, advertising, art, graphic design, and photography, successfully establishing herself in the travel and hotel industries worldwide. *Id.* at ¶2. Ms. Lee's Wave business conceives and develops branding campaigns and the design, creation, and execution (including photography, copywriting, composing the artwork, choosing appropriate color separation, and supervising the printing and/or production process) required to produce associated marketing materials such as flyers, brochures, press kits, packaging and calendars. *Id.*

The photographs that Ms. Lee and Wave have created as part of the branding campaigns (collectively and individually, the "Copyrighted Works") are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade. *Id.* at ¶4.

In the context of executing the branding campaigns that Wave had conceived, Ms. Lee and Wave have created photographs of numerous luxury hotels, including The Setai

Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), and The Lalu Sun Moon Lake (Taiwan) (collectively, the "Hotels").  *Id.* at ¶5.

Wave obtained copyright registrations from the United States Copyright Office for the Copyrighted Works related to the Hotels, including the photographs.  *Id.* at Exs. 1-9. As one example, Wave's copyright registration, VA-1-432-324, includes the following photograph from Wave's work on The Lalu Sun Moon Lake (Taiwan):



*Id.* at Ex. 1.

3

There are roughly nine copyright registrations from Wave's work at the Hotels at issue on this motion.[1]  Each is identified in Plaintiff's Order to Show Cause and confirmed in Ms. Lee's Declaration.  *Id.* at Exs. 1-9.

## B.    The Related New York Action

On December 31, 2013, Wave sued GHM – and what are today roughly ninety-five other Defendants in the Related Action – in this Court for copyright infringement of Wave's photographs primarily related to hotel and travel websites.  *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED, Dkt. No. 1. Between October 2014 and May 2017, Wave filed ten additional cases against other defendants in the travel and hotel booking industries, based on substantially similar allegations and claims.[2]  The Related Action consolidates and jointly administers all of Wave's substantially similar copyright cases pending in this Court.

On March 10, 2017, this Court issued a ruling on both Plaintiff's and GHM's motions for summary judgment.  Dkt. 209.  GHM sought dismissal of the action based on forum *non conveniens* grounds.  *Id.* at 8.  Both Plaintiff and GHM moved to vindicate their rights on the merits, i.e., the propriety or impropriety of GHM's use and dissemination of Wave's works.  *Id.*

The Court did not reach the merits of whether GHM's use of Wave's copyrighted materials was proper.  *Id.*  Instead, the Court severed the liability and damages phases of

---

[1] The reproduction of this photograph here does not do its quality justice because of the cut-and-paste nature of it.

[2] These cases include Case Nos: 7:14-cv-08322-CS, 7:15-cv-03420-CS, 7:15-cv-04953-CS, 7:21-cv-02691-CS, 7:15-cv-05392-CS, 7:17-cv-03589-CS, 7:15-cv-05960-CS, 7:15-cv-05962-CS, 7:15-cv-06995-CS and 7:15-cv-07950-CS,7:22-cv-05141-CS.

4

the case, dismissed the GHM case on forum *non conveniens* grounds and deferred to the Courts in Singapore to make the liability determinations. *Id.* at 10-19. This Court retained jurisdiction on the damages phase of the case. This Court also stayed the jointly administered Related Action. *Id.* at 19-21.

C.     **The Singapore Trial**

Wave sued GHM in Singapore to establish ownership of the copyrighted images and GHM's infringement of the photographs. After a nine-day trial, on January 18, 2022, the High Court of the Republic of Singapore rendered a 117-page decision. Emergency Affirmation of Gabriel Berg Exhibit ("Berg Aff. Ex.") 1, *The Wave Studio Pte. Ltd., et al. v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018). The outcome was a complete Plaintiff's verdict on liability. *Id.* at 90-91. The Singapore Court found that:

(1) At the time of their creation, Plaintiff owned all of the Copyrighted Works used and disseminated by GHM;

(2) Plaintiff currently owns the Copyrighted Works used and disseminated by GHM;

(3) The chain of title for all rights and ownership of the Copyrighted Works was intact and flowed from prior Wave entities to Wave;[3]

(4) Plaintiff had not provided an implied license to the Hotels or GHM to use the photographs for marketing, branding, and advertising purposes;

---

[3] In the Singapore Action, Defendants challenged the assignments of the copyrights from prior Wave entities to Plaintiff in this action. There were three named plaintiffs in the Singapore case, including: The Wave Studio Pte Ltd, Lee Kar Yin and the Wave Studio, LLC, Plaintiff here. Following a detailed analysis of the copyright assignments to Plaintiff in this action, the Singapore Court concluded, "I was satisfied that the third plaintiff [Wave Studio, LLC] was the present owner of the copyright in the Hotel photographs." Berg Aff. Ex. 1 at 48.

5

>    (5) GHM infringed Wave's Copyrighted Works by using them publicly; and

>    (6) GHM's defenses of laches, acquiescence and estoppel failed.

*Id.*

Noteworthy in the Singapore opinion, is the Singapore Court's respect for Ms. Lee. All issues that turned on credibility systematically were decided in Ms. Lee's favor and included harsh criticism of Defendants. One sentence in the opinion stands out most: "Ms Lee's account of events struck me as being honest: she maintained her account of events under cross-examination and made no attempt to embellish it." *Id.* at 43.

### D.  The Singapore Appeal

GHM appealed the decision to the Appellate Division of the High Court of the Republic of Singapore. Berg Aff. Ex. 2. Immediately on conclusion of the February 13, 2023 hearing, the appeal was dismissed by the Appellate Division of the High Court of the Republic of Singapore. *Id.* The Singapore Appellate Division confirmed the lower court's finding for Wave on liability and infringement by GHM. Id. at Ex. 3. GHM decided not to appeal the Singapore Appellate Division further, and therefore the affirmance by the Appellate Division of the High Court of Singapore renders the decision final.

### E.  Defendants' Infringement

Defendants' infringement in this case is not subtle. Today, on Trivago's website in the United States, it advertises the Lalu Hotel Sun Moon Lake (Taiwan) hotel using the following photograph:

6



Lee Dec. Ex. 1 *See also*, https://www.trivago.com/en-US/srl/hotel-the-lalu-sun-moon-lake-yuchi-township?search=100-2207066;dr-20230508-20230509;rc-1-2.

This infringement of Wave's Copyrighted Works also is not an anomaly. Attached to Ms. Lee's Declaration is proof of Defendants' infringement of nine of Wave's registered copyrights at issue on this motion. *Id*. at Exhibits 1-9. Ms. Lee identifies Defendants' improper use of a Wave photograph to promote Hotel bookings on Defendants' websites, in violation of the registered copyright. Plaintiffs' identification of at least one photograph violating each of the nine copyright registrations at issue on this motion is enough to enjoin Defendants' use of any of the nine copyright registrations.

The infringement here, however, is much broader than the one example given. There are numerous Wave photographs that are covered within a single copyright registration number. Meaning, hundreds, if not thousands of Wave's Hotel photographs are being used by Defendants without Wave's authorization.

7

The exemplar screen shot of Trivago's use of Wave's Lalu Hotel Sun Moon Lake (Taiwan) hotel photograph, above, is accompanied by trivago's fine print admission that it does not own Wave's Copyrighted Works: "The images displayed on trivago are provided by and proprietary to third parties."  *See* fine print, at 7; and Lee Dec. Ex. 1.  Plaintiff has never assigned, licensed, or otherwise transferred any interest to the Copyrighted Works to Trivago, or any other Defendant named in this action, or otherwise dedicated them to the public.  Lee Dec. at ¶6.  Nor have Defendants ever sought Plaintiff's, Ms. Lee's, or Wave's permission to use or reproduce the Copyrighted Works.  *Id.*  Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and continue to use, reproduce or distribute the Copyrighted Works in violation of Plaintiff's exclusive rights as copyright owner and have not compensated Plaintiff for such use.  *Id.* at Exs. 1-9.

Ms. Lee's process to confirm Defendants' infringement includes using automated reverse image search engines, and each listed domain in its dropdown menu within its website to confirm Defendants' use of Wave's Copyrighted Works.  *Id.* at ¶8.  Further, she uses backlinks to various domains, including Defendants', to identify the country and the URL (Uniform Resource Locator), or unique address, where the image is being displayed.[4]  *Id.*

This evidence establishing the willful infringement against the named Defendants may be the tip of the iceberg.  Some other discovered infringements contain "hidden layers," which use embedded source code to show the images without leaving a digital

---

[4] A reverse image search "is the act of searching the internet with an image rather than keywords." https://www.semrush.com/blog/reverse-image-search/.  A backlink is defined as "a link created when one website links to another." https://www.semrush.com/blog/what-are-backlinks/

8

trace. Lee Dec. at ¶9. In addition, most of Defendants' travel websites display roughly 100 photos at a time. It is unclear whether the travel websites possess a library of Wave's photographs and rotate the display of the photographs. This motion targets the confirmed infringements of Wave's copyrights. Lee Dec. ¶11; *See also*, Lee Dec. Exs. 1-9.

### III.     ARGUMENT

#### A.     The Legal Standard on this Order to Show Cause

A temporary restraining order is a short-term protective device authorized under Rule 65 of the Federal Rules of Civil Procedure. Its purpose is to protect a party from irreparable harm until more lasting relief, such as a preliminary injunction can be sought. *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F.Supp.2d 303, 305 (2010), citing, *American Broadcasting Companies, Inc. v. Cuomo*, 570 F.2d 1080 (2d Cir.1977). Courts in this circuit and around the country have required plaintiffs seeking a temporary restraining order to show: (1) either a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [applicant's] favor;" and (2) the likelihood of irreparable harm in the absence of such an order. *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F.Supp.2d 303, 305-306 (2010), citing, *In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir.1985). *Tee Turtle, LLC v. Anhui Leadershow Household Industrial Co., LTD.*, 2021 WL 4815018 (C.D. Cal. 2010) (holding, by analogy, where trademark ownership is established and a likelihood of success on the merits is shown a temporary restraining order should be granted).

The elements of a copyright claim include, "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). Under the Copyright Act itself, a Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. 502(a).

### B.   Likelihood of Success on the Merits

Wave is likely to succeed on the merits because this Court deferred, on liability, to the Singapore Courts, which found that Wave exclusively owns the copyrights at issue here.

Under principles of comity, this Court should honor the Singapore Courts' decisions. The United States Court of Appeals for the Second Circuit has defined international comity as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *Schuler v. Rainforest Alliance, Inc.*, 684 Fed. Appx. 77, 70 (2d Cir. March 28, 2017).[5]

Here, this Court has already undertaken the analysis to satisfy itself about the propriety of deferring to the Singapore Court. In granting the motion on forum *non conveniens* grounds, this Court weighed the "adequacy of the alternative forum." Dkt. 209 at 13-15. This Court cited a series of cases, which, fundamentally hold: "the High Court of Singapore is an adequate alternative forum in which to adjudicate [plaintiff's] United States copyright infringement claim," because "copyright is a statutory right in Singapore,

---

[5] "'Federal courts generally extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy.'" *Alfadda v. Fenn*, 966 F. Supp. 1317, 1325-1326 (S.D.N.Y. 1997), 966 F. Supp. at 1325-26 (quoting *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d Cir. 1987) (citations omitted)).

10

which is a common law jurisdiction . . . whose laws were influenced significantly by U.K. and, more recently, Australian law."[6]  *Id.* at 15.

Ultimately, this Court concluded: "I am persuaded that Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore."  *Id.* at 8. There is no reason for this Court to stray from the reasoning that led it to defer to the Singapore Court in the first instance.  With ownership to Wave's photographs established, the Court should next analyze unauthorized use.

Evidence of the infringement of the copyrights by Defendants is included, as exhibits 1 through 9 attached to the Lee Declaration.  Defendants' travel websites improperly exploited Wave's Copyrighted Works to promote and facilitate bookings at the Hotels for the Defendants' economic gain.  As the Lee Declaration explains, Ms. Lee used automated reverse search engines, which in many instances generate backlinks, allowing her to go to each domain identified by the backlink and confirm each example of the copyrighted registration being infringed.  Lee Dec. Ex. 10.  Even more fundamentally, using Wave's photographs covered by the various copyright registrations and searching Defendants' websites for the various Hotels, confirms Defendants' ongoing infringement. Lee Dec. Exs. 1-9.  Granting this temporary restraining order is warranted.  *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303 (S.D.N.Y. 2010) (granting temporary restraining order for violation of Copyright).

---

[6] Citing, "*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 704 (9th Cir. 1995) (affirming district court determination "that the High Court of Singapore is an adequate alternative forum in which to adjudicate [plaintiff's] United States copyright infringement claim"); *see also Schijndel v. Boeing Co.*, 263 F. App'x 555, 557 (9th Cir. 2008) (affirming district court's determination that Singapore was an adequate alternative forum); *Anwar v. Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 377 (S.D.N.Y. 2010) (Singapore is an adequate alternative forum)."  *Id.* at 15.

11

### C. Irreparable Harm and Balance of the Hardships

The Second Circuit has held that irreparable injury and a balancing of the hardships are very much "related" in copyright cases. *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010). The *Salinger* Court reasoned: "The relevant harm is the harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction." *Id.* "The plaintiff's interest is, principally, a property interest in the copyrighted material." *Id.*

As in the *HarperCollins* case, here irreparable harm is established and the balance of the equities favor Wave because "the purpose of the copyright law is to *prevent* the kind of copying that has taken place here." *HarperCollins Publishers L.L.C.*, 721 F. Supp. 2d 303, 307 (emphasis original). As the Second Circuit explained in *Salinger*: "Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer. ... And courts have tended to issue injunctions in this context because to prove the loss of sales due to infringement is notoriously difficult." *Salinger*, 607 F.3d at 81 (internal citations and quotations omitted).

While irreparable harm is not presumed in a copyright action, the *Salinger* Court held: that "is not to say that most copyright plaintiffs who have shown a likelihood of success on the merits would not be irreparably harmed absent preliminary injunctive relief. As an empirical matter, that may well be the case, and the historical tendency to issue preliminary injunctions readily in copyright cases may reflect just that…This 'long tradition of equity practice' is not surprising, given the difficulty of protecting a right to

12

exclude through monetary remedies." *Id.* at 82 (internal citations and quotations omitted) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 395 (2006)). Here, Wave will continue to be irreparably harmed if a temporary restraining order and injunction are not issued and the balance of equities favor Wave.

The balance of equities favors Wave because it is unlikely that Plaintiff will ever be able to identify each and every instance of infringement, in light of the hidden layers that mask the ability to identify some photographs. Additionally, Defendants did not invest substantial time and resources in creating a new work – Defendants simply cut and paste Wave's artistic works. Defendants' infringement does not implicate the public interest because their infringement is purely for economic reasons, benefitting Defendants and harming Plaintiff, alone. *HarperCollins Publishers L.L.C.*, 721 F. Supp. 2d 303, 307.

## IV.   CONCLUSION

For the reasons set forth above, Wave respectfully requests that the Court lift the stay, grant the temporary restraining order and schedule a preliminary injunction hearing.

Dated: New York, New York
       May 5, 2023

ROBINS KAPLAN LLP

By:   /s/ *Gabriel Berg*
Roman Silberfeld (*pro hac vice* to be filed)
Annie Huang
Gabriel Berg
GBerg@RobinsKaplan.com
Jessica Gutierrez (*pro hac vice* to be filed)
Zac Cohen (*pro hac vice* to be filed)
Waleed Abbasi
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone:  212 980 7400
Facsimile:  212 980 7499

*Attorneys for Plaintiff The Wave Studio, LLC*