IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, | |
| *Plaintiff,* | Case No. 7:23-cv-03586-NSR |
| v. | |
| TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC., | **EMERGENCY AFFIRMATION OF GABRIEL BERG** |
| *Defendants.* | |

I, GABRIEL BERG, an attorney duly admitted to practice law before this United States Court affirms under the penalty of perjury as follows:

1. I am a partner at Robins Kaplan LLP, counsel for Plaintiff in this action. I submit this Emergency Affirmation to: (a) identify exhibits filed in support of Plaintiff's Memorandum of Law in Support of Plaintiff's Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction against Defendants; and (b) describe the exigent circumstances supporting Plaintiff's request for a temporary restraining order enjoining Defendants from continuing to use Plaintiff's copyrighted works.

**A.     Pertinent Exhibits**

2. Attached as Exhibit 1 to this Affirmation is a true and accurate copy of the January 18, 2020, Decision issued by the High Court of the Republic of Singapore in the action styled *The Wave Studio Pte. Ltd., et al. v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018).

3.   Attached as Exhibit 2 to this Affirmation is a true and accurate copy of the Appellate Division of the High Court of the Republic of Singapore, dated February 20, 2023.

**B.   Exigent Circumstances**

4.   In 2013, Plaintiff initiated an action in this Court, styled, *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED ("Related Action").  Plaintiff filed the original complaint in the related case in this Court on December 31, 2013, and an Amended Complaint on April 23, 2014.

5.   Early into the Related Action, GHM proposed to stay the case as to all other Defendants on the theory that if GHM had the right to use and disseminate the Copyrighted Works at issue in the case, such a right would be case-dispositive as to GHM and the vast majority of the other Defendants.  Wave agreed.

6.   Between October 2014 and May 2017, Wave filed nine additional cases based on substantially similar allegations and claims.  The Related Case, No.: 7:13-cv-09239-CS-PED, consolidates and jointly administers all of Wave's substantially similar copyright cases pending in this Court.

7.   In 2017, this Court dismissed GHM from the Related Action on forum *non conveniens* grounds, severing the liability and damages phases of the case, directing liability to be decided in Singapore and otherwise staying the New York case.  Dkt. 209.

8.   Wave, in turn, sued GHM in Singapore to establish ownership of the Copyrighted Works and GHM's infringement of the photographs.

9. On January 18, 2022, the Singapore High Court rendered a decision in Wave's favor on all liability issues. Exhibit 1. The Singapore Court's decision was affirmed by the Singapore High Court, Appellate Division, in February 2023. Exhibits 2 and 3. The GHM Defendants did not appeal further, rendering the February 2023 decision a final judgment.

10. Wave brings this new action for copyright infringement because its copyrights, identified in the Order to Show Cause in support of this motion are being willfully infringed on an ongoing basis. This motion for a temporary restraining order and preliminary injunction is necessitated in order to stop Defendants' ongoing, willful infringement.

11. In the absence of the temporary restraining order Defendants' willful infringement will continue without any consequences.

12. No prior request has been made for the relief sought by this motion.

Executed in New York, New York on this 5th day of May, 2023 under penalties of perjury pursuant to the laws of New York and the United States of America.

                                             S/*Gabriel Berg*
                                             Gabriel Berg