1301 Avenue of the Americas
21st Floor
New York, New York 10019
Tel: 212-907-9700
www.sgrlaw.com


Smith Gambrell Russell

Roger Juan Maldonado
Direct Tel: 212-907-9741
Direct Fax: 212-907-9841

May 8, 2023

*VIA ECF AND EMAIL*

Honorable Nelson S. Román
United States District Judge
300 Quarropas Street
White Plains, NY 10601

Re:   *The Wave Studio, LLC v. Trivago N.V. et al.*
      Case No. 7:23-cv-03586-NSR

Dear Judge Román:

We represent trivago N.V. and trivago Services US LLC (collectively, "trivago") in connection with the above-captioned case.[1]

trivago respectively submits that the Court should summarily deny Plaintiff's petition for emergency relief. As set forth the below, the Motion and accompanying exhibits concede the absence of the exigent circumstances necessary to justify the extraordinary relief sought.

Plaintiff, The Wave Studio, LLC ("Wave"), first filed suit over the Asserted Copyrights on December 31, 2013. Dkt. 12 at 4. As the Motion claims, between October 2014 and May

---

[1] trivago acknowledges that Judge Siebel is not considering the instant case as related to Case No. 7:13-cv-09239 at this time. Pursuant to L.R. 1.6, trivago advises the Court that trivago agrees with Plaintiff that this case should be considered related to 7:13-cv-09239 and states that each of the relevant factors weigh in favor of deeming this case related: (A) as Plaintiff sets forth in its Motion for Order to Show Cause, the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, and witnesses.

2017, Wave filed "ten additional cases against other defendants in the travel and hotel booking industries, based on substantially similar allegations and claims." *Id.* As set forth in the filings, Wave has at least ten pending copyright infringement litigations that, collectively, assert infringement against well over one hundred parties.[2] Each case is "substantially similar"; in all cases, Wave asserts allegations related to use of the same photos of the same hotels in the same travel-related e-commerce context. Based on counsel's review of the docket, no U.S. Court has ever entered an injunction over the Asserted Copyrights in the ten years the related litigations have been pending.

On April 28, 2023, nearly 10 years after starting its litigation campaign, Wave sued trivago for substantially similar allegations and claims as the previous lawsuits. A week later, Wave filed an emergency *ex parte* Motion seeking a temporary restraining order. There is absolutely no emergency. The Motion requests this Court to enjoin the use of the same photos that have been subject to litigation without injunction for almost a decade. From all appearances, Wave did not file this Motion to prevent irreparable harm, but rather as a vehicle (i) to avoid serving trivago and the other foreign Defendants through The Hague Service Convention; (ii) to heap cost and inconvenience on trivago, requiring it to find counsel on short order; and/or (iii) to attempt to obtain a TRO behind trivago's back, presumably to exert leverage for settlement purposes.

The Court should reject these efforts and deny the Motion summarily or, at minimum, enter a standard briefing schedule for Plaintiff's Motion for preliminary injunction so that trivago can be fully heard.

***First,*** Wave cannot meet the legal standard for a temporary restraining order. A temporary restraining order effectively allows the parties to tread water until the Court can determine whether a preliminary injunction is necessary. *Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). It is not a final remedy, but it preserves the *status quo* in the face of imminent and irreparable injury. *See Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) ("The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."). Although the standard for a temporary restraining order is very similar to that of a preliminary injunction, a temporary restraining order requires a "clear showing" that the plaintiff is entitled to such relief, and is never given as a matter of right. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Wave has not satisfied and cannot satisfy this threshold requirement, which means that, at minimum, the Court should deny the Motion and enter a reasonable briefing schedule to permit the Motion to be

---

[2] The Complaint in the first case alone accused 81 parties of infringement. *See* Complaint, No. 13-cv-9239, Dkt. 1 at ¶¶ 9-92.

"afforded the thorough consideration contemplated by full proceedings pursuant to a preliminary injunction." *Common Sense Party v. Padilla*, 469 F. Supp. 3d 951, 957 (E.D. Cal. 2020).

**Second**, there is no emergency, and thus no *status quo* to preserve. Wave is complaining of the exact same thing that it sued General Hotel Management, Expedia, American Airlines, and myriad others about over 9.5 years ago – the alleged use of photos of various of General Hotel Management's hotel properties in connection with e-commerce websites. Neither General Hotel Management nor the other 100+ accused infringers were hit with a motion for a restraining order and no party has been enjoined by a U.S. Court. Despite suing virtually every travel website under the sun between 2013 and 2017, Wave did not sue trivago, which is odd, given that trivago was promoting some or all of the same hotels at the time the first lawsuit was filed.[3]

Wave's decade-long delay dooms its motion. As the Second Circuit and cases from this district have found, substantial delay in and of itself may undercut a request for a temporary restraining order or for a preliminary injunction. *See e.g.*, *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) ("Though such delay may not warrant the denial of ultimate relief, it may, 'standing alone, ... preclude the granting of preliminary injunctive relief'" (citation omitted)); *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 457 (S.D.N.Y. 2014) ("Plaintiffs'… delay in moving for injunctive relief is 'compelling evidence' that there is no irreparable harm."); *Hello I Am Elliot, Inc. v. Sine*, No. 19 CIV. 6905 (PAE), 2020 WL 3619505, at *15 (S.D.N.Y. July 2, 2020) ("Courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.") (internal citations and quotation marks omitted; alterations deleted)).

**Third**, Wave's own Motion suggests that the photos at issue are not viewable in the ordinary course of business, further militating against a finding of irreparable harm. To find the purported evidence of infringement, Wave's principal had to use an "automated reverse search engine," combing the depths of the internet. *See* Motion at 8. As Wave claims, "most of Defendants' travel websites display roughly 100 photos at a time." Motion at 9. If Plaintiff required a fancy litigation tool to find one of its photos, it is unclear how a consumer would even come across these images, given the cacophony of other hotel images on trivago's metasearch engine.

---

[3] trivago offers a travel-related metasearch platform, providing a price-comparison engine for hotels and other accommodations. trivago aggregates rates and information from several travel sites to provide the maximum variety and best available rates to the bookers. Whenever a traveler is interested in a listing and clicks a link, he or she is directed to an online travel agency (such as Expedia or Booking) or a hotel website (such as the website operated by General Hotel Management) to complete the booking. *See* https://businessblog.trivago.com/metasearch-basics-for-hoteliers/ (accessed May 5, 2023).

*Fourth*, Wave's Motion also fails to swing the balance of hardships in its favor. Although phrased in negative terms, Wave is not seeking an injunction to preserve the status quo, but for a mandatory injunction requiring trivago to comb its website and databases to identify, assess and remove from its network an undetermined number of photos in order to comply with a temporary restraint.

Because Wave is seeking a mandatory injunction, it needs to clear an even higher bar to obtain the requested relief. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) ("The burden is even higher on a party like [Wave] that seeks 'a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo.'" (citation omitted)). A mandatory preliminary injunction should only issue "upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.*; *see also Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 421 (S.D.N.Y. 2018) (denying TRO and preliminary injunction); *Jordan v. Metro. Life Ins. Co.*, 280 F. Supp. 2d 104, 108 (S.D.N.Y. 2003) (same). Wave does not even attempt to meet this standard.

*Fifth*, Wave's proposed injunction fails to comply with Fed. R. Civ. P. 65(d)(1)(C), which provides that an injunction or restraining order "describe in reasonable detail – and not by referring to the complaint or other document – the acts retrained or required." Instead of describing the acts restrained in reasonable detail, the proposed order seeks an injunction from using "<u>any photograph</u> that is copyrighted and owned by Wave []  for any purpose" and "specific copyrighted works" with reference to 9 copyright registrations. Dkt. 11 at 2-3. But these nine registrations are for collective works, and each registration includes numerous photographs. Wave's own Motion states that there may be "hundreds, if not thousands" of photographs subject to the proposed injunction. Motion at 7. But, who can tell? Both the copyrights in question and the alleged evidence of infringement were (i) not included with the Amended Complaint; (ii) filed under seal in connection with this motion; (iii) not included in the purported email service of th Motion upon trivago, and (iv) only served upon counsel for trivago this morning. These exhibits do not include "hundreds, if not thousands" of photos, but merely a handful of images. If the Court were to grant the TRO, neither the Court nor trivago would have any idea what trivago was being ordered to do. *See Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1111 (2d Cir. 1980) ("Basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." (alterations deleted)); *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 119 (2d. Cir. 2009) ("[T]he relief should be narrowly tailored to fit specific legal violations and to avoid unnecessary burdens on lawful commercial activity." (internal quotation marks omitted)).

*Sixth*, trivago would be prejudiced if forced to respond to the emergency Motion for a temporary restraining order on an expedited basis. As discussed above, Wave has offered no basis for its "emergency" motion. Indeed, the Emergency Affirmation of Gabriel Berg asserts the following facts as the foundation for the "Exigent Circumstances" necessary for issuing this Order:

(i)  Wave sued GHM and other defendants on "substantially similar" facts nearly 10 years ago; Dkt. 13 ¶ 4.

(ii)  Wave voluntarily stayed the case as to the other defendants in the lead case, without any order enjoining these other defendants; *id.* at ¶ 5.

(iii)  at least nine additional "substantially similar" cases have been filed on the same photos and all of those have been consolidated and stayed; *id.* at ¶ 6.

(iv)  The GHM case was dismissed on *forum non convienes* grounds six years ago. *Id.* at ¶ 7.

(v)  The Singapore court found in Wave's favor as to liability against GHM, which decision was affirmed three months ago. *Id.* at ¶ 9.

(vi)  Wave just filed this new case against new parties that, according to the "reverse search engine" utilized by Plaintiff's principal, are using photos allegedly owned by Wave "on an ongoing basis." *Id.* at ¶ 10.

These declared facts betray the utter absence of exigent circumstances. There are no allegations of a new photo being added to the website, any impending change to trivago's website, nothing imminent at all, let alone imminent irreparable harm.

***Seventh***, even the timing of this specific Motion militates against a finding of irreparable harm. Wave filed its Complaint and Amended Complaint on April 28, 2023. At the time the Amended Complaint was filed, Wave already had the motion for TRO in the can. The Amended Complaint states that it was filing a motion for restraining order and even incorporates by reference Ms. Lee's affidavit in support of the motion. *See* Dkt. 6 at ¶ 43. But no motion was filed at that time. Or on Monday. Or Tuesday and so on. Despite seeking the extraordinary relief of an *ex parte* restraining order, Wave waited seven days after filing the Amended Complaint, filing the motion on Friday afternoon and serving trivago, a company located in Germany, at 8:36 pm local time on a Friday evening.

Wave sat on this motion for seven days after filing its Complaint just to inconvenience trivago and its counsel. These sharp practices are inconsistent with a claim for irreparable harm.

***Finally***, given the lack of exigent circumstances and cynical litigation practices described above, trivago submits that there is no good faith basis to seek a temporary restraining order in this case. Instead, Wave's Motion is nothing more than a litigation tactic, weaponizing Rule 65(b) to get around Rule 4(f). By filing the petition for extraordinary relief, Wave has successfully coerced trivago to voluntarily appear, obviating the need to serve it through the Hague Service Convention or other proper means. Further, by timing the Motion so that trivago would be served via email at almost 9 pm on a Friday evening, Wave sought to force trivago to scramble to find U.S. counsel able to appear and to fend off this baseless TRO Motion. Indeed, until 9 a.m. this

morning, neither trivago nor its counsel were served with the sealed exhibits to the Lee Kar Yin declaration, which consist of the asserted copyrights and images of a handful of screenshots form Defendants' website. These exhibits are not confidential, and there appears to have been no reason to file them under seal, other than making it impossible for trivago and the other Defendants to investigate the merits of the case.

WHEREFORE, trivago respectfully requests the Court either (i) summarily deny all relief sought in Plaintiff's Motion for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction or (ii) deny Plaintiff's Motion as to the temporary restraining order and set a standard briefing schedule with respect to the requested preliminary injunction. *See* Rule 6.1(b) of the Local Civil Rules of the Southern District of New York.

Respectfully,

Roger Juan Maldonado

CC: Jeffrey J. Catalano (*Pro Hac Vice* Forthcoming)
All Counsel of Record (via ECF and Email)