UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
THE WAVE STUDIO, LLC,           :

                Plaintiff,   :   Case No. 7:23-cv-03586-NSR

   - against -                    :

TRIVAGO N.V., TRIVAGO SERVICES US, LLC,   :   **TRIVAGO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
TRIP.COM GROUP LIMITED, TRIP.COM
TRAVEL SINGAPORE PTE. LTD.,
SKYSCANNER LTD., MAKEMYTRIP.COM, INC.   :

                Defendants.
------------------------------------- X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: 212-907-9700

*Attorneys for Defendants trivago N.V. and trivago Services US, LLC*
    Roger Juan Maldonado
    Jeffrey J. Catalano (*Pro Hac Vice* Forthcoming)
    Sarah A. Gottlieb (*Pro Hac Vice* Forthcoming)

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ................................................................... 2

    I.      WAVE LITIGATIONS ................................................................................... 2

    II.     TRIVAGO'S HOTEL METASEARCH ENGINE .......................................... 4

    III.    TRIVAGO'S VOLUNTARY REMOVAL OF ACCUSED PHOTOS ............ 5

LEGAL STANDARD – TEMPORARY RESTRAINING ORDER ............................................. 6

ARGUMENT .................................................................................................................................. 6

    I.      WAVE'S OWN FILING DEMONSTRATES LACK OF
           IMMINENT, IRREPARABLE HARM .............................................................. 6

    II.     THE BALANCE OF HARDSHIPS WEIGHS AGAINST WAVE ................. 9

    III.    WAVE FAILS TO ADEQUATELY DESCRIBE THE ACTS IT
           SEEKS TO RESTRAIN ................................................................................ 10

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Cases

*Cacchillo v. Insmed, Inc.*,
    638 F.3d 401 (2d Cir. 2011).................................................................................................... 9

*Common Sense Party v. Padilla*,
    469 F. Supp. 3d 951 (E.D. Cal. 2020)...................................................................................... 2

*Diapulse Corp. of Am. v. Carba, Ltd.*,
    626 F.2d 1108 (2d Cir. 1980).................................................................................................. 11

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
    559 F.3d 110 (2d. Cir. 2009).................................................................................................... 11

*Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers*,
    415 U.S. 423 (1974)......................................................................................................... 2, 6, 10

*Hello I Am Elliot, Inc. v. Sine*,
    No. 19 CIV. 6905 (PAE), 2020 WL 3619505 (S.D.N.Y. July 2, 2020) .................................... 7

*Jordan v. Metro. Life Ins. Co.*,
    280 F. Supp. 2d 104 (S.D.N.Y. 2003)...................................................................................... 9

*Mahmood v. Nielsen*,
    312 F. Supp. 3d 417 (S.D.N.Y. 2018)...................................................................................... 9

*Omnistone Corp. v. Cuomo*,
    485 F. Supp. 3d 365 (E.D.N.Y. 2020) ................................................................................. 6, 9

*The Wave Studio, LLC v. General Hotel Management, Ltd.*,
    No. 13-cv-9239, 2017 WL 972117 (S.D.N.Y. Mar. 10, 2017)................................................. 1

*Tough Traveler, Ltd. v. Outbound Prod.*,
    60 F.3d 964 (2d Cir. 1995)....................................................................................................... 7

*Transcience Corp. v. Big Time Toys, LLC*,
    50 F. Supp. 3d 441 (S.D.N.Y. 2014)........................................................................................ 7

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*,
    877 F.2d 1120 (2d Cir. 1989)................................................................................................... 6

*Winter v. Nat. Res. Def. Council*,
    555 U.S. 7 (2008)...................................................................................................................... 6

Rules

Federal Rule of Civil Procedure 65(d)(1)(C)............................................................................ 10, 11

trivago and its co-Defendants are just the latest e-commerce companies to be caught up in the Wave litigations, which over the past 10 years have ensnared over 100 defendants in the online travel and hotel booking industry. Since 2013, Wave has filed at least 11 lawsuits alleging infringement of the same copyrights in the same photos of the same hotels.[1] The vast majority of these cases are still pending and most of them have been stayed (with Wave's consent) for over seven years. In all that time, no U.S. court has ever entered an injunction requiring these photos to be taken off the internet. Notwithstanding the fact that the cat is thoroughly out of the bag, Wave asks this Court for emergency relief, seeking a temporary restraining order and preliminary injunction.

The Court should deny the petition. Wave has not satisfied, and cannot satisfy, the minimum threshold requirements necessary to obtain injunctive relief, much less the "clear showing" necessary to demonstrate entitlement to a temporary restraining order. First, Wave's own filing betrays a lack of imminent, irreparable harm. Wave concedes the facts are "substantially similar" to allegations against other defendants in cases that have been pending without injunction for a decade. Second, the balance of the hardships weighs heavily against Wave, who seeks a mandatory injunction that would be exceedingly burdensome if not impossible to comply with. Third, Wave's proposed injunction runs afoul of Rule 65(d)(1)'s requirement to adequately describe the acts it seeks to restrain or require.

---

[1] All of the *Wave Studio* cases are based on the same underlying factual allegations. General Hotel Management ("GHM") retained Wave to create marketing materials, including photographs for the group of luxury hotels that GHM managed. However, the contracts between GHM and Wave were silent or ambiguous as to which party owned the copyrights to the work performed by Wave on GHM's behalf. GHM asserted that it retained ownership to the copyrights of the photographs. When GHM or GHM-managed properties provided photographs taken by Wave to third parties, including for use in e-commerce, Wave initiated its litigation campaign. *See The Wave Studio, LLC v. General Hotel Management, Ltd.*, No. 13-cv-9239, 2017 WL 972117, at *2-3 (S.D.N.Y. Mar. 10, 2017). trivago, like myriad of e-commerce and other travel-related companies, are accused of using photographs that had been distributed widely by GHM but over which Wave claims ownership.

Given the litigation history, trivago submits that Wave lacks a good faith basis in seeking injunctive relief and, as such, requests that the Court deny the motion in its entirety. But at minimum, the Court should deny Wave's application for temporary restraining order and enter a reasonable briefing schedule to permit the Motion to be "afforded the thorough consideration contemplated by full proceedings pursuant to a preliminary injunction." *Common Sense Party v. Padilla*, 469 F. Supp. 3d 951, 957 (E.D. Cal. 2020) (citing *Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974)).[2]

## FACTUAL AND PROCEDURAL BACKGROUND

### I. WAVE LITIGATIONS

On December 31, 2013, Plaintiff, The Wave Studio, LLC ("Wave"), filed its first of many lawsuits over the Asserted Copyrights,[3] suing General Hotel Management Ltd. ("GHM"), a manager of several upscale hotels, and several other defendants for copyright infringement of Wave's photographs. Dkt. 6 at 2; Dkt. 18 at 4. Between October 2014 and May 2017, Wave filed ten additional cases, all of which alleged infringement "against other defendants in the travel industry and hotel booking industry" and are "based on substantially similar allegations and claims." Dkt. 18 at 4. All told, Wave has sued well over one hundred parties.[4] In all cases, Wave asserts allegations relating to the same copyrights in the same photos of the same hotels in the same travel-related e-commerce context. Few of these cases have settled. The rest of the cases have been stayed for several years. And based on counsel's review of the activity in those cases,

---

[2] The Court's email correspondence to the parties stated the May 12 hearing was scheduled for the purpose of addressing Wave's application for temporary restraining order. trivago reserves the right to respond to Wave's request for a preliminary injunction pursuant to a briefing schedule established by the Court.

[3] The Asserted Copyrights are those listed in the Proposed Order to Show Cause With Temporary Restraints at page 2.

[4] The complaint in the first case alone accused 81 parties of infringement. *See* Complaint, No. 13-cv-9239, Dkt. 1 at ¶¶ 9-92.

2

***no U.S. Court has ever entered an injunction over the Asserted Copyrights in the ten years the related litigations have been pending***.

On April 28, 2023, nearly 10 years after starting its litigation campaign, Wave sued trivago N.V. and trivago Services, US, LLC (collectively "trivago") and five other companies in the travel and hotel-booking industry for substantially similar allegations and claims as the previous lawsuits. A week later, between May 5 and May 8, Wave filed an *ex parte* Proposed Order to Show Cause with Temporary Restraints and Amended Memorandum of Law in Support of Order to Show Cause for Temporary Restraining Order and Preliminary Injunction ("Motion"). The Motion was supported by a declaration of Wave's owner Lee Kar Yin ("Wave Declaration") and the "Amended Emergency Affirmation" of Wave's attorney. Dkts. 14, 17-19.

Wave's Proposed Order to Show Cause with Temporary Restraints asks the Court to enjoin Defendants from "[c]ontinuing to use any photograph that is copyrighted and owned by Wave" as listed in nine different group copyright registrations that collectively cover hundreds, if not thousands, of photos. Dkt. 17 p. 2.[5] But neither the Proposed Order nor the copyright registrations cited therein contain the copyrighted images themselves. Instead, the registrations provide only the following information about each photo: (i) a random name (e.g., "muscat149"), (ii) the date for first publication (e.g., 6 July 2005), and (iii) the nation of first publication (e.g., Singapore). Notably, the field "Description of the Photograph" is left blank. For example, Exhibit 1 to the Wave Declaration includes a list of works 40-pages long that provide only the most minimal information:

---

[5] Although Wave's Proposed Order sought this expansive relief, Wave suggested in its Memorandum of Law that it was only seeking "the confirmed infringements of Wave's copyrights," or the specific photos Wave has identified as its own that Defendants used. To the extent Wave's Motion seeks the latter, this issue is moot as to trivago because trivago has already agreed to remove the specific photos identified by Wave.

3



Wave Decl., Ex. 1 at 7.

## II. TRIVAGO'S HOTEL METASEARCH ENGINE

trivago is a publicly traded company that provides a hotel metasearch engine for hotels and other accommodations through its website at www.trivago.com. *See* Declaration of Jeffrey J. Catalano ("Catalano Decl."), Ex. A, https://businessblog.trivago.com/metasearch-basics-for-hoteliers/ (accessed May 5, 2023). Put simply, trivago aggregates rates and information from several travel sites, including large hotel groups (such as Marriott or Starwood), online travel agencies or "OTAs" (such as Expedia or Booking.com), and independent hoteliers. *Id.* The trivago metasearch engine makes it easy for a traveler to find the best deals on hotels or lodging at a specified location and at a specific time and in a specific price range. For example, a search on trivago for "Hotel The Chedi Muscat" will result in the website captured at Exhibit B.



4

Catalano Decl., Ex. B.

When the user clicks on Hotel The Chedi Muscat from the seven hotel choices on the results page, a new page is displayed which provides the ability to see additional information about the hotel, including photos of the accommodations at Exhibit C.



Catalano Decl., Ex. C.

By selecting "Show More Photos," a user can view up to 30 photographs for the selected hotel. *See* Catalano Decl., Exhibit D. The images displayed by trivago are provided by third parties, namely the hotels and OTAs advertised by trivago.

## III.   TRIVAGO'S VOLUNTARY REMOVAL OF ACCUSED PHOTOS

On May 8, trivago received Exhibits 1 through 9 to the Wave Declaration, which provide cursory infringement assertions against trivago and the other Defendants. trivago was able to locate and begin to remove from its website the photos depicted in the exhibits. *See* Catalano Decl. ¶ 6. On May 11, counsel for trivago (without conceding validity or infringement) informed Wave that trivago has taken action to remove from the trivago website and system each of the photos in the Exhibits to the Wave Declaration that are identified as being on the trivago website. *Id.* Counsel for trivago explained that due to the workings of the system and of the internet itself, the removed photos may still be viewable on the trivago.com website for a small period of days. *Id.* Counsel

also conveyed trivago's offer to work with Wave to remove any photo that Wave specifically identifies as being present on the trivago website to which Wave claims copyright. *Id.* ¶ 7. In order to do so, trivago requested that Wave provide a link to the specific photos as well as information sufficient to confirm Wave's good faith ownership thereof. *Id.* Upon receipt of such information, trivago agrees to voluntarily remove the photos from the system. *Id.*

## LEGAL STANDARD – TEMPORARY RESTRAINING ORDER

A temporary restraining order effectively allows the parties to tread water until the Court can determine whether a preliminary injunction is necessary. *Granny Goose Foods, Inc.*, 415 U.S. at 439. It is not a final remedy, but it preserves the *status quo* in the face of imminent and irreparable injury. *See Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) ("The purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."). Although the standard for a temporary restraining order is very similar to that of a preliminary injunction, a temporary restraining order requires a "clear showing" that the plaintiff is entitled to such relief, and is never given as a matter of right. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).

## ARGUMENT

### I. WAVE'S OWN FILING DEMONSTRATES LACK OF IMMINENT, IRREPARABLE HARM

An application for temporary restraining order requires the moving party demonstrate "a threat of irreparable harm that will occur *immediately*." *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020) (emphasis in original). But Wave has offered no basis for its "emergency" Motion. Indeed, the Emergency Affirmation of Gabriel Berg asserts the following facts as the foundation for the "Exigent Circumstances" necessary for issuing this Order:

6

(i) Wave sued GHM and other defendants on "substantially similar" facts nearly 10 years ago. Dkt. 13 ¶ 4.

(ii) Wave voluntarily stayed the case as to the other defendants in the lead case, without any order enjoining these other defendants. *Id.* at ¶ 5.

(iii) at least nine additional "substantially similar" cases have been filed on the same photos and all of those have been consolidated and stayed. *Id.* at ¶ 6.

(iv) The GHM case was dismissed on *forum non convienes* grounds six years ago. *Id.* at ¶ 7.

(v) The Singapore court found in Wave's favor as to liability against GHM, which decision was affirmed three months ago. *Id.* at ¶ 9.

(vi) Wave just filed this new case against new parties that, according to the "reverse search engine" utilized by Plaintiff's principal, are using photos allegedly owned by Wave "on an ongoing basis." *Id.* at ¶ 10.

These declared facts betray the utter absence of exigent circumstances. There is no emergency. Wave is complaining of the exact same thing that it sued GHM, Expedia, American Airlines, and myriad others about over 9.5 years ago[6] – the alleged use of photos of various of General Hotel Management's hotel properties in connection with e-commerce websites. But neither GHM nor any of the other 100+ accused infringers were hit with a motion for a temporary restraining order, and no party has been enjoined by a U.S. Court. And there are no allegations of any new photos recently being added to trivago's website or any other impending change to trivago's website. Nothing imminent at all, let alone irreparable.

Wave's decade-long delay dooms its motion. As the Second Circuit and cases from this district have found, substantial delay in and of itself may undercut a request for a temporary restraining order or for a preliminary injunction. *See e.g.*, *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) ("Though such delay may not warrant the denial of ultimate relief, it may, 'standing alone, ... preclude the granting of preliminary injunctive relief.'" (citation

---

[6] Despite suing virtually every travel website under the sun between 2013 and 2017, Wave did not sue trivago, which is odd, given that trivago was promoting some or all of the same hotels at the time the first lawsuit was filed.

7

omitted)); *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 457 (S.D.N.Y. 2014) ("Plaintiffs'… delay in moving for injunctive relief is 'compelling evidence' that there is no irreparable harm."); *Hello I Am Elliot, Inc. v. Sine*, No. 19 CIV. 6905 (PAE), 2020 WL 3619505, at *15 (S.D.N.Y. July 2, 2020) ("Courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." (internal citations and quotation marks omitted; alterations deleted)).

Even the timing of this specific Motion militates against a finding of imminent irreparable harm. Wave filed its Complaint and Amended Complaint on April 28, 2023. At that time, Wave had the Motion ready to go. The Amended Complaint stated that Wave would be filing the Motion and even incorporates by reference Wave's Declaration in support of the Motion. *See* Dkt. 6 at ¶ 43. But no motion was filed at that time. Or on Monday. Or on Tuesday, and so on. Despite seeking the extraordinary relief of an *ex parte* temporary restraining order, Wave waited seven days after filing the Amended Complaint to file the Motion, serving trivago, a company located in Germany, at 8:36 pm local time on a Friday evening.[7]

Wave's Motion not only proves that irreparable harm is not imminent, but that irreparable harm is highly speculative. Wave's own Motion suggests that the photos at issue are not viewable in the ordinary course of business, further counseling against a finding of irreparable harm. To find the purported evidence of infringement, Wave's principal had to use an "automated reverse search engine," combing the depths of the internet. *See* Wave Declaration at 8. As Wave claims, "most of Defendants' travel websites display roughly 100 photos at a time." Dkt. 18 at 8-9. If

---

[7] Given the absence of irreparable harm, Wave's Motion appears nothing more than a litigation tactic, weaponizing Rule 65(b) to get around Rule 4(f). By filing the petition for extraordinary relief, Wave has successfully coerced trivago to voluntarily appear, obviating the need to serve it through the Hague Service Convention or other proper means. Indeed, shortly after appearing in the case, trivago's counsel received a request to accept service of the Complaint.

8

Plaintiff required a fancy litigation tool to find one of its photos, it is unclear how a consumer would even come across these images, given the cacophony of other hotel images on trivago's metasearch engine.

## II. THE BALANCE OF HARDSHIPS WEIGHS AGAINST WAVE

Wave also has the burden of showing the "balance of hardships tip[] decidedly in [its] favor." *Omnistone Corp.*, 485 F. Supp. 3d at 367. Wave's Motion fails to meet that burden. Indeed, the balance of hardships swing decidedly in trivago's favor.

First, although phrased in negative terms, Wave is not seeking an injunction to preserve the *status quo*, but a mandatory injunction requiring trivago to take significant, affirmative actions. Because Wave is seeking a mandatory injunction, it needs to clear an even higher bar to obtain the requested relief. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) ("The burden is even higher on a party like [Wave] that seeks 'a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo.'" (citation omitted)). A mandatory preliminary injunction should only issue "upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.*; *see also Mahmood v. Nielsen,* 312 F. Supp. 3d 417, 421 (S.D.N.Y. 2018) (denying temporary and preliminary injunctive relief); *Jordan v. Metro. Life Ins. Co.*, 280 F. Supp. 2d 104, 108 (S.D.N.Y. 2003) (same). Wave does not even attempt to meet this standard.

Second, Wave's injunction request would require trivago to fine tooth comb its website and databases to identify, assess and remove from its network an undetermined number of photos in order to comply with a temporary restraint. Such a task would be unduly burdensome, if not impossible, given that Wave has not provided images of the photographs allegedly subject to

9

copyright or even a description of the photos, but only a list of hundreds of photographs with non-descript names.

Even the few photographs that Wave provided demonstrate the difficulty of removing the photos at large. For instance, in Exhibit 4, Wave includes an image of one of its alleged copyrighted photographs directly next to an example of trivago's use of the same photograph. Wave's example photograph, titled "namhai108.png," contains a watermark which reads "© THEWAVESTUDIO." But trivago's photograph, presented directly adjacent as part of a listing for the Nam Hai hotel, does not include a watermark or copyright symbol or any other indicia suggesting the photo belongs to Wave. Moreover, the photo is displayed in a gallery of 30 photos of various features of the hotel (rooms, lobbies, pools, etc.) as they actually look. Unless trivago knew exactly what the specific Wave photos looked like and the specific hotel the photo depicted, finding and removing each photo would be nigh impossible.

### III. WAVE FAILS TO ADEQUATELY DESCRIBE THE ACTS IT SEEKS TO RESTRAIN

"[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Granny Goose Foods, Inc.*, 415 U.S. at 439. Wave's proposed injunction fails to comply with Fed. R. Civ. P. 65(d)(1)(C), which provides that an injunction or restraining order "describe in reasonable detail – and not by referring to the complaint or other document – the acts retrained or required." Instead of describing the acts restrained in reasonable detail, the proposed order seeks an injunction from using "<u>any photograph</u> that is copyrighted and owned by Wave [] for any purpose" and "specific copyrighted works" with reference to hundreds of photographs encompassed within nine copyright registrations. Dkt. 11 at 2-3.

Wave's own Motion states that there may be "hundreds, if not thousands" of photographs subject to the proposed injunction. Motion at 7. But, who can tell? Both the copyrights in question and the alleged evidence of infringement were (i) not included with the Amended Complaint; (ii) filed under seal in connection with this motion; (iii) not included in the purported email service of the Motion upon trivago, and (iv) only served upon counsel for trivago Monday morning. These exhibits do not include "hundreds, if not thousands" of photos, but merely a handful of images. As noted supra, if the Court were to enter a temporary restraining order, neither the Court nor trivago would have any idea what trivago was being ordered to do.

As such, the proposed injunction is clearly violative of Fed. R. Civ. P. 65 (d)(1)(C). *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 119 (2d. Cir. 2009) ("[T]he relief should be narrowly tailored to fit specific legal violations and to avoid unnecessary burdens on lawful commercial activity." (internal quotation marks omitted)). Moreover, the proposed injunction runs contrary to the basic principles of fairness and equity that underpin the legal system. *See Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1111 (2d Cir. 1980) ("Basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."). The temporary restraint should not be entered.

## CONCLUSION

For all the foregoing reasons, trivago respectfully requests the Court summarily deny all relief sought in Plaintiff's Motion or, at minimum, deny Plaintiff's Motion as to the temporary restraining order and set a standard briefing schedule with respect to the requested preliminary injunction. *See* Rule 6.1(b) of the Local Civil Rules of the Southern District of New York.

Dated: May 11, 2023.

Respectfully submitted,

By: _____

Roger Juan Maldonado
rmaldonado@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1301 Avenue of the Americas
21st Floor
New York, NY 10019
Telephone: (212) 907-9700

Jeffrey J. Catalano (Pro Hac Vice Forthcoming)
jcatalano@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000

Sarah A. Gottlieb (Pro Hac Vice Forthcoming)
sgottlieb@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2025

***Counsel for Defendants trivago N.V. and trivago Services US, LLC***