IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC.<br><br>*Defendants*. | Case No. 7:23-cv-03586-NSR |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

ROBINS KAPLAN LLP
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone: 212.980.7400
*Attorneys for Plaintiff The Wave Studio, LLC*

I. **Preliminary Statement**

The trivago Defendants do not challenge their use and infringement of The Wave Studio LLC's Copyrighted Works. In fact, the trivago Defendants do not even include a section in their brief opposing Wave's likelihood of success on the merits on this temporary restraining order. Rather, the trivago Defendants have taken affirmative steps to remove Wave's Copyrighted Works from their websites – an explicit admission of use and infringement.

Ignoring that the use and infringement is ongoing, which alone, is grounds to grant the temporary restraining order under the applicable case law, the trivago Defendants attempt to defeat the motion by transforming the straightforward, into the convoluted. Each argument asserted by the trivago Defendants fails because ownership of the photographs at issue here was determined fully and finally in Wave's favor in Singapore in late February 2023, and Wave has been engaged in a complex investigation to confirm the trivago Defendants' ongoing infringement. Wave moved for this temporary restraining order on May 4, 2023, when it confirmed that the trivago Defendants' infringement is ongoing. The case law protects careful litigants who elevate diligent investigation over a rush to judgment. On this basis alone, the temporary restraining order should be granted.

II. **ARGUMENT**

    a. **Likelihood of Success on the Merits**

In its opening brief, Wave argued that the Singapore Courts' determination of Wave's ownership over the Hotel photographs should be adopted by this Court under

1

principles of comity and issue preclusion. Opening Brief at 10-11. The trivago Defendants do not oppose this assertion in their brief. Instead, as noted above, the trivago Defendants took affirmative steps to remove some of the infringing photographs from their websites. Opposition at 5.

In short, the trivago Defendants do not contest Wave's having shown a likelihood of success on the merits on this motion. To resolve any doubt, the Supplemental Declaration of Lee Kar Yin identifies, by way of example and not limitation, evidence of over 350 URLs, or unique addresses, proving the trivago Defendants' ongoing use of Wave's copyrighted photographs. Declaration of Lee Kar Yin at ¶¶5-7.

      b.    **Irreparable Harm**

Ignoring entirely the case law in Wave's opening brief establishing its temporary restraining order request as the appropriate means to preserve its property interest in an ongoing copyright infringement, the trivago Defendants argue that there is no emergency. The trivago Defendants first argue that none of the Defendants in other cases were "hit with a motion for a temporary restraining order." Opposition at 7. At the time of filing of the Related Cases, Wave did not file a temporary restraining order because it could not have prevailed, as the issue of ownership of the Copyrighted Works was unresolved, and remained in question until Wave's ownership was determined conclusively in late February 2023 by the Singapore appellate court. The trivago Defendants argument that "Wave's decades long delay dooms its motion," entirely misses the mark.

Since late February 2023, Wave has been investigating the ongoing infringement by the trivago Defendants. It was not until Wave's filing on May 4, 2023 that the ongoing infringement was confirmed. Defendants' own case law supports Wave's actions in this matter -- good faith investigations into alleged infringement do not constitute "unreasonable delay." In the trivago Defendants' lead case, *Tough Traveler, Ltd. v Outbound Products*, 60 F3d 964, (2d Cir 1995), the court held: "delay may not negate the presumption of irreparable harm if the delay was caused by…plaintiff's making good faith efforts to investigate the alleged infringement." *Id.* at 60 F3d 964, 968; *See also, Hello I Am Elliot, Inc. v Sine*, 19 CIV. 6905 (PAE), 2020 WL 3619505, at *15 (SDNY July 2, 2020) ("Acceptable explanations for delay include…plaintiff's good-faith attempts to investigate that infringement, and diligent pursuit of settlement negotiations").

Two points about the trivago Defendants' citation to the *Tough Traveler, Ltd.* line of cases resonate. First, there is a presumption of irreparable harm where a copyright is being infringed, a principle the trivago Defendants neglected to address in their Opposition. *Fisher–Price, Inc. v. Well–Made Toy Mfg.*, 25 F.3d 119, 124 (2d Cir.1994). Second, the trivago Defendants do not contest Wave's investigation into the ongoing nature of the infringement at issue here. Wave has been diligently attempting to protect its Copyrighted Works by investigating the scope of the infringement of its photographs, which is global, and where appropriate, initiating litigation to prevent the worldwide dissemination and use of its Copyrighted Works. *Guru Teg Holding, Inc. v*

*Maharaja Farmers Mkt., Inc.*, 581 F Supp 3d 460, 469-70 (EDNY 2021) (two months delay justified where plaintiff diligently pursued its legal rights).

Finally, nowhere in the trivago Defendants' brief do they address the ongoing nature of their infringement – and Wave's property interest in the Copyrighted Works appropriately being the subject of a temporary restraining order. *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010) ("The plaintiff's interest is, principally, a property interest in the copyrighted material."); *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303 (S.D.N.Y. 2010) (granting temporary restraining order for violation of Copyright, holding, "the purpose of the copyright law is to *prevent* the kind of copying that has taken place here.").

    **c.**    **Balance of the Equities**

In its opening brief, Wave asserted that the balance of equities favors Wave because it is unlikely that Plaintiff will ever be able to identify each and every instance of infringement and Defendants simply cut and paste Wave's artistic works. Opening Brief at 13.  Ignoring these undisputed facts, the trivago Defendants argue that Wave seeks a "mandatory injunction" by requiring Defendants "to take significant, affirmative action," requiring the trivago Defendants to "fine tooth comb its websites and databases to identify, assess and remove from its network an undetermined number of photos."  Opposition at 9.  This argument is a non sequitur.

All that this Court has to do is order Wave to disclose to the trivago Defendants all of the photographs protected by the copyright registration numbers it identifies as being infringed.  Defendants, in turn, would simply be enjoined from using those

4

photographs. Stated differently, instead of Wave having to hunt down these photographs by complex searches, the trivago Defendants, knowing where these infringing photographs reside on their own platforms, would be ordered not to use them. This is exactly what Wave proposed in its Order to Show Cause.[1] No affirmative action is required by Defendants. *A.H. by and through Hester v. French*, 511 F Supp 3d 482, 496 (D Vt 2021)(the "request for injunctive relief will not alter the status quo because it would only command Defendants to do what they are already required to do—comply with applicable law.").

### III. Conclusion

Wave respectfully requests that the Court grant the temporary restraining order and schedule a preliminary injunction hearing.

Dated: New York, New York  
      May 12, 2023

ROBINS KAPLAN LLP

By:   /s/ *Gabriel Berg*  
Roman Silberfeld (*pro hac vice* to be filed)  
Annie Huang  
Gabriel Berg  
GBerg@RobinsKaplan.com  
Jessica Gutierrez (*pro hac vice* to be filed)  
Zac Cohen (*pro hac vice* to be filed)  
Waleed Abbasi  
1325 Avenue of the Americas, Suite 2601  
New York, New York 10019  
Telephone: 212 980 7400  
Facsimile: 212 980 7499

*Attorneys for Plaintiff The Wave Studio, LLC*

---

[1] Wave requested that Defendants be enjoined "from taking any of the following actions:
(1)   Continuing to use any photograph that is copyrighted and owned by Wave (identified below) for any purpose, including but not limited to use on websites, mobile sites, mobile apps, Image Distribution Hubs, storage mechanisms, content delivery networks and other electronic means." Dkt. No. 17.

5