# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, *Plaintiff*, v. TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC. *Defendants*. | Case No. 7:23-cv-03586-NSR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
THIS COURT'S JURISDICTION OVER INTERNATIONAL DEFENDANTS**

ROBINS KAPLAN LLP
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone: 212.980.7400
*Attorneys for Plaintiff The Wave Studio, LLC*

I.  **PRELIMINARY STATEMENT**

During the May 12, 2023 hearing on Plaintiff's motion for a temporary restraining order, this Court inquired about its personal jurisdiction over certain of the foreign Defendants (the "International Defendants") named in this action. This Court ordered additional briefing on the jurisdictional issue.  Plaintiff, The Wave Studio LLC submits this Memorandum of Law in Support of This Court's Jurisdiction Over International Defendants.

II.  **FACTS**

The International Defendants in this case include:

1)  Trip.com Group Limited ("Trip.com"), a Cayman Island public company comprised of "different legal entities" operating as "Trip.com."[1]  Trip.com holds itself out as having its principal place of business located at 968 Jin Zhong Road, Shanghai, China 200335.  *Id.*

2)  Trip.com Singapore Pte. Ltd. ("Trip.com Singapore"), a Singapore corporation with its principal place of business located at 1 Harbourfront Avenue, Keppel Bay Tower, Singapore 098632.  Trip.com Singapore holds itself out as operating the website, accessible in the United States, trip.com.[2]

3)  Skyscanner Ltd. ("Skyscanner"), a company incorporated in the United Kingdom, holds itself out as "a private limited company incorporated and

---

[1] https://group.trip.com/privacy/en-us.html

[2] https://www.trip.com/pages/about-us/

1

registered in England & Wales."[3]  Skyscanner's headquarters is in the U.K.[4] Skyscanner also has an office in the United States located at 777 Brickell Avenue, Miami, Florida 33131.

4) MakeMyTrip India Pvt. Ltd., is an Indian Company, holding itself out as having its principal place of business at Tower A/B/C Epitome Building No. 5, DLF Cyber City, DLF Phase III, Sector 25, Gurugram, Haryana 12202, India.[5]

## III.   ARGUMENT

### a.   Under Rule 4(k)(2) Jurisdiction Over the International Defendants is Proper

The Second Circuit follows the nation in its adherence to Fed. R. Civ. Pro. 4(k)(2) as a means to fill a "gap in the enforcement of federal law in international cases." *George Moundreas & Co SA v Jinhai Intelligent Mfg. Co Ltd*, 20-CV-2626 (VEC), 2021 WL 168930, at 11 (SDNY Jan. 18, 2021).  This Court has personal jurisdiction over the International Defendants if three conditions are met.  *See Astor Chocolate Corp v. Elite Gold Ltd.*, 510 F.Supp. 3d. 108, 124 (SDNY 2020).  First, Plaintiff's cause of action must arise under federal law.  *Id.*  Second, no other state may be able to exercise general jurisdiction over the International Defendants.  *Id.*  Third, a finding of personal jurisdiction must comport with due process.  *Id.*  Here, each prong is met.

---

[3] https://www.skyscanner.com/terms-of-service

[4] https://www.skyscanner.com/company-details

[5] https://www.makemytrip.com/support/in/eng/contact-us.php  MakeMyTrip and Plaintiff currently are discussing an amicable resolution of the temporary restraining order and preliminary injunction motion.

### b. Plaintiff's Claims Arise Under Federal Law

All of The Wave Studio's claims against the International Defendants arise under Title 17 of the United States Code. (ECF No. 6 at 11). As outlined in Plaintiff's Complaint and motion for temporary restraining order and preliminary injunction, the central issue in this case is Defendants' direct, contributory, or vicarious infringement of Plaintiff's copyrighted photographs, all of which are registered in the United States. (ECF Nos. 6 and 18). The International Defendants' infringement of Plaintiff's United States registered copyrights gives rise to claims which are governed by federal law, satisfying the first prong of Rule (4)(k)(2).

### c. No Other State has General Jurisdiction over the International Defendants

Prior to jurisdictional discovery, jurisdiction may be established solely by plaintiff's allegations. *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F.Supp. 3d. 108, 121 (S.D.N.Y. 2020). To determine whether a court has general jurisdiction over a party, the Court evaluates whether a defendant's contacts are so "continuous and systematic as to render it essentially at home in the forum state." *See*, *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). The *Daimler* case had the effect of raising the general jurisdiction bar.

Trip.com is a Cayman Island based corporation with its principal place of business in China. *See*, Fn. 1. As such, Plaintiff alleges that Trip.com is a foreign entity with no U.S. state having general jurisdiction over it.

MakeMyTrip India Pvt. Ltd is an Indian company with its principal place of business also located in India. *See*, Fn. 5. Therefore, Plaintiff alleges that MakeMyTrip India Pvt. is a foreign entity with no U.S. state having general jurisdiction over it.

Similarly, Trip.com Singapore is both incorporated in Singapore and has it primary place of business based there. *See*, Fn. 2. As alleged, there is no state in the U.S. where Trip.com Singapore could be subjected to general jurisdiction.

Skyscanner is incorporated in the United Kingdom and it holds itself out as "a private limited company incorporated and registered in England & Wales with company number 04217916." *See*, Fn. 3. Under Florida law, "[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). Skyscanner's United States office describes itself as a "correspondence address."[6] By contrast, its headquarters is in the United Kingdom. *Id.* While Skyscanner has an office in Miami, Florida, it cannot be said to be "essentially at home" in Florida because, by Skyscanner's own admission, the Florida "correspondence office" serve a different function than its headquarters. *Daimler AG v. Bauman*, 571 U.S. 117, 139. Plaintiff alleges that there is no state in which Skyscanner would be subjected to general personal jurisdiction.

Based on the foregoing, all of the International Defendants meet the second prong of Rule 4(k)(2).

---

[6] https://www.skyscanner.com/company-details

### d. Jurisdiction Over the International Defendants Comports with Due Process

The third prong of Rule 4(k)(2) is the requirement that a finding of jurisdiction must comport with due process. Courts have held that this requirement is nearly identical to the traditional personal jurisdiction analysis with the only significant difference being national contacts. *Lang Van, Inc. v VNG Corp.*, 40 F.4th 1034, 1041 (9th Cir 2022). In other words, the International Defendants must have maintained minimum contacts with the forum—in this instance, the United States as a whole. Again, while the Second Circuit follows Rule 4(k)(2) to fill a "gap in the enforcement of federal law in international cases," there is no case in this Circuit that is directly on point governing this case. *George Moundreas & Co SA v Jinhai Intelligent Mfg. Co Ltd*, 20-CV-2626 (VEC), 2021 WL 168930, at 11.

Nevertheless, the *Lang Van* decision's reasoning has been followed by other circuits around the country. "Without an adequate forum to vindicate U.S. copyright, patent, and trademark rights, the laws protecting such rights would prove feeble. That is why district courts 'routinely' have found alternative foreign forums inadequate 'when United States intellectual property rights form the crux of the dispute.'" *See also*, *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1043 (9th Cir. 2022) (quoting same language); *dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 137 (4th Cir. 2023).

This analysis can be said to contain three elements. One, the requirement that defendants engage in "purposeful activities or transactions with the United States, with an act that shows defendant purposefully availing itself of the privileges of doing business in the United States, and thereby invoking the benefits and protections of its laws." *Id*. Two,

5

the claim must arise out of activities that are related to the United States. *Id.* Three, the exercise of jurisdiction must comport with notions of fair play and substantial justice. *Id.* For the purposes of copyright infringement claims, a plaintiff must also show that defendants demonstrate purposeful direction under the "*Calder* effects test." *Id.*

In *Lang Van*, the Ninth Circuit found the court had personal jurisdiction under Rule 4(k)(2) where the international defendant, VNG, maintained an American web presence via registered domain names and a mobile application presence. VNG uploaded copyrighted materials to its websites and mobile applications for use and download by users in the United States. The *Lang Van* Court found this to be indicative of intentional direction towards the United States. *Id.* The *Lang Van* Court further held:

> In addition, VNG contracted with U.S. businesses in conjunction with Zing MP3. Likewise, VNG chose not to geoblock access to Lang Van's content on Zing MP3 which would have restricted the use of Zing MP3 in the United States or elsewhere outside of Vietnam. The First Circuit has stated that "[i]f a defendant tries to limit U.S. users' ability to access its website ... that is surely relevant to its intent not to serve the United States" and that the "converse is [also] true," such that the defendant's "failure to implement such restrictions, coupled with its substantial U.S. business, provides an objective measure of its intent to serve customers in the U.S. market." *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 9 (1st Cir. 2018). VNG clearly did not attempt to limit U.S. users' ability to access its website, even though deposition testimony indicates that it had the ability to geoblock users as of 2013, if not earlier.

*Lang Van, Inc. v VNG Corp.*, 40 F4th 1034, 1041-42 (9th Cir 2022).

The *Lang Van* Court explained that even the act of *not limiting* geographical access to an internet offering is sufficient for meeting this purposeful targeting standard. *Id.* In other words, by failing to block internet access to its application to users in the United States, the defendants in *Lang Van* were said to have purposefully targeted Americans.

6

First, it follows that by way of the internet access and user contract with customers in the United States, International Defendants have clearly purposely availed themselves of the privileges of doing business in the United States. As in *Lang Van*, the International Defendants maintained an American web presence via registered domain names and a mobile application presence on two American based application stores.[7] The International Defendants have registered, designed and maintained websites that are used and accessed throughout the United States for travel related purposes. *Id.* They have also designed, maintained and made available for download mobile applications on both the Apple and Google Play Stores. *Id.* Moreover, the International Defendants failed to restrict access to their websites or mobile applications for U.S. users. *Id.* It is clear that the International Defendants purposefully targeted American users by way of their websites and app store offerings.

Second, the copyright infringement claims in this action unquestionably arise out of the International Defendants' activities related to the United States. Internet users are booking travel arrangements through the Defendants' websites and mobile applications **in the United States**. *Id.* Moreover, as described above, the copyrighted works at issue are registered **in the United States**. ECF No. 6 at 11. As such, Plaintiff's claims arise out of conduct in the United States.

---

[7] https://apps.apple.com/us/app/skyscanner-travel-deals/id415458524
https://apps.apple.com/us/app/trip-com-book-hotels-flights/id681752345
https://apps.apple.com/us/app/makemytrip-flight-hotel-bus/id530488359
https://play.google.com/store/apps/details?id=net.skyscanner.android.main&hl=en_US&gl=US
https://play.google.com/store/apps/details?id=com.makemytrip&hl=en_US&gl=US
https://play.google.com/store/apps/details?id=ctrip.english&hl=en_US&gl=US

Third, subjecting the International Defendants to jurisdiction in this Court comports with concerns of fair play and justice. The International Defendants have clearly demonstrated that American consumers are an intentionally targeted audience and userbase for their travel related offerings. *Lang Van, Inc. v VNG Corp.*, 40 F.4th 1034, 1041 ("[i]f a defendant tries to limit U.S. users' ability to access its website ... that is surely relevant to its intent not to serve the United States" and that the "converse is true," such that the defendant's "failure to implement such restrictions, coupled with its substantial U.S. business, provides an objective measure of its intent to serve customers in the U.S. market.")

The International Defendants can properly be subjected to jurisdiction by this Court in accordance with Rule 4(k)(2).

## IV.     CONCLUSION

Wave respectfully requests that the Court find personal jurisdiction over the International Defendants to be proper in this matter.

Dated: New York, New York  
      May 22, 2023

ROBINS KAPLAN LLP

By:  __/s/ *Gabriel Berg*__  
Roman Silberfeld (*pro hac vice* to be filed)  
Annie Huang  
Gabriel Berg  
GBerg@RobinsKaplan.com  
Jessica Gutierrez (*pro hac vice* to be filed)  
Zac Cohen (*pro hac vice* to be filed)  
Waleed Abbasi  
1325 Avenue of the Americas, Suite 2601  
New York, New York 10019  
Telephone:  212 980 7400  
Facsimile:  212 980 7499

*Attorneys for Plaintiff The Wave Studio, LLC*