UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/30/2023__
```

---

THE WAVE STUDIO, LLC, Plaintiff,

v.

TRIVAGO N.V., TRIVAGO SERVICES US, LLC,
TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL
SINGAPORE PTE. LTD., SKYSCANNER LTD.,
MAKEMYTRIP INDIA PVT. LTD.,
MAKEMYTRIP.COM, INC.

Defendants.

No. 23-cv-3586 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

On April 28, 2023, Plaintiff The Wave Studio, LLC ("Plaintiff" or "Wave Studio") filed a complaint against trivago N.V., trivago Services US, LLC, Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pet. Ltd., and MakeMyTrip.com, Inc. (together, the "Defendants") alleging copyright infringement against all defendants (17 U.S.C. § 101 et seq.), contributory copyright infringement against all defendants (17 U.S.C. § 101 et seq.), and vicarious copyright infringement against all defendants (17 U.S.C. § 101 et seq.). (ECF No. 1.) An amended complaint ("AC") was filed later that same day. (ECF No. 6.)

On May 5, 2023, Plaintiff submitted to the Court a proposed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (the "Application"). (ECF No. 11.) Plaintiff filed its amended materials in support of its Application on May 8, 2023. (ECF No. 17.) The Court granted Plaintiff's request for an Order to Show Cause for its Application that same day and set a Show Cause Hearing for May 12, 2023 (the "Hearing"). (ECF No. 24.) Defendants trivago N.B. and trivago Services US, LLC (the "trivago Defendants") opposed the Application,

1

filing papers in opposition to the Order to Show Cause. (ECF No. 27–28.)  The other Defendants, most of which are foreign entities, did not submit opposition papers, nor have they entered appearances as of the date of this instant Order and Opinion.

At the Hearing, Plaintiff and the trivago Defendants indicated that they had agreed to work out a settlement, and that Plaintiff no longer sought to direct its Application against the trivago Defendants.  Plaintiff, however, indicated that it wanted to continue pursuing its Application as to the remaining Defendants.   Because most of the remaining Defendants (hereinafter, the "Remaining Defendants") are foreign entities, the Court granted Plaintiff leave to file a supplemental memorandum of law in support of its argument that the Court has jurisdiction over the foreign Defendants (hereinafter, the "International Defendants").   The International Defendants are Trip.com Group Limited, Trip.com Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip India Pvt. Ltd.  On May 22, 2023, Plaintiff filed its memorandum of law arguing that the Court has jurisdiction over the International Defendants.  (ECF No. 33.)

The Application seeks to enjoin Defendants, and anyone acting in concert with them, from:

(1) continuing to use any photograph that is copyrighted and owned by Wave (as defined below) for any purpose, including but not limited to use on websites, mobile sites, mobile apps, Image Distribution Hubs, storage mechanisms, content delivery networks, and other electronic means.

(2) The specific copyright registrations (the "Copyright Registrations") owned by Wave at issue on the motion include the following:

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |

| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |

The Court has carefully reviewed the submissions and considered the arguments that were made at the Hearing.  For the following reasons, Plaintiff's motion for a preliminary injunction is DENIED.

## FACTUAL BACKGROUND

The following facts are taken from the submissions in support of the Application, including Plaintiff's Amended Complaint, the declaration of Gabriel Berg (Plaintiff's counsel) and accompanying exhibits ("Berg Decl.") (ECF No. 19), the declaration of Plaintiff's owner and principal Lee Kar Yin and accompanying exhibits ("Lee Decl.") (ECF No. 15); Plaintiff's Memorandum of Law and Reply Memorandum in Support of Plaintiff's Application ("Pl.'s Mem." and "Reply Mem.," respectively, (ECF Nos. 18, 29.)),[1] and Plaintiff's Supplemental Memorandum of Law in Support of the Court's Jurisdiction Over International Defendants ("Pl.'s Supp. Mem. (ECF No. 33)).  In addition, the following facts are undisputed unless otherwise noted. *See Park Irmat Drug Corp. v. OptumRx, Inc.* 152 F.Supp.3d 127, 132 (S.D.N.Y. 2016) ("In deciding a motion for [a] preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence."); *see also 725 Eatery Corp. v. City of New York*, 408 F.Supp.3d 424,

---

[1]     While the trivago Defendants filed an opposition to Plaintiff's amended Application (*see* ECF No. 27), the Court need not consider their submission given that Plaintiff indicated at the Hearing that it reached a settlement in principle with the trivago Defendants and no longer sought to enforce the Application against the trivago Defendants. No other Defendant filed an opposition to Plaintiff's Application.  Plaintiff filed an affidavit of service on the docket affirming that a copy of the Application and the Order to Show Cause were properly served on all Defendants on May 9, 2023.  (ECF No. 26.)

455 (S.D.N.Y. 2019) (quoting *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)) (noting that, for purposes of a preliminary injunction, "a party is not entitled to have the court accept its untested representations as true if they are disputed").

## I.   THE PARTIES

Wave, a photograph studio, makes the instant Application because Remaining Defendants, all of which maintain hotel and/or travel websites, are allegedly using Plaintiff's copyrighted works to promote and advertise hotels in their booking businesses, without Plaintiff's authorization. Plaintiff has one sole owner, member, and manager, Lee Car Yin ("Ms. Lee"), who is a Malaysian citizen and permanent resident of Singapore. (AC ¶ 15.) Plaintiff's photographs are U.S. copyrighted and used by businesses worldwide for promotion materials and branding campaigns. (*Id*. ¶ 6.) Plaintiff is a New York incorporated entity, with principal place of business in New York. (*Id*. ¶ 15.)

The Remaining Defendants' places of incorporation and business are as follows:

- o   Trip.com Group Limited, a Cayman incorporated with principal place of business in China;
- o   Trip.com Travel Singapore Pte. Ltd. is a Singapore corporation;
- o   Skyscanner Ltd. a UK corporation with principal place of business in Florida;
- o   MakeMyTrip India Pet. Ltd. is an Indian business;
- o   MakeMyTrip.com, Inc. a Delaware corporation with principal place of business in NY.

(*See* AC ¶¶ 17–21.)

## II.   DISPUTE BETWEEN PLAINTIFF AND GENERAL HOTEL MANAGEMENT LTD. ("GHM")

Over a period of several years, Wave and its affiliated entities were commissioned to create marketing materials, including photographs, for hotels managed by GHM, an entity that manages a small group of upscale hotels and resorts primarily in Southeast Asia. (AC ¶ 2.) There was no single master contract between GHM and the Wave entities. *See Wave Studio, LLC v. Gen. Hotel*

*Mgmt. Ltd.*, No. 13-CV-9239 (CS), 2017 WL 972117, at *2 (S.D.N.Y. Mar. 10, 2017), *aff'd*, 712 F. App'x 88 (2d Cir. 2018). As early as 2006, GHM provided photographs produced by Wave to third parties (traveling magazines, booking cites, etc.) in order to promote its hotels. *Id*. at *3. Wave alleged that this third-party dissemination was against its rights under its Copyright Registrations.

On December 31, 2013, Wave sued non-party GHM in a case before Judge Cathy Seibel. *See The Wave Studio, LLC v. General Hotel Management Ltd. et al*., Case No., 7:13-cv-09239-CS-PED. Plaintiff subsequently commenced around ten other lawsuits against these third parties from 2013 to 2021, which were all consolidated with *The Wave Studio*, 7:13-cv-09239-CS-PED. There are now roughly 100 other defendants in that case. (*See* AC ¶ 2). In *The Wave Studio*, 7:13-cv-09239-CS-PED, there are seventeen copyright registrations (including the ones at issue in this instant Application) which Plaintiff alleged that GHM and various defendants violated by using and disseminating images covered by those copyright registrations without Plaintiff's authorization. *See Wave Studio, LLC*, 2017 WL 972117, at *3 n.7. That case proceeded to discovery from 2013 to 2016. (AC ¶ 29.)

On summary judgment, Judge Seibel found that there was a question regarding whether Plaintiff and its affiliated entities reserved the intellectual property copyright to all of its materials produced for GHM, or if GHM could disseminate the materials produced by Wave to third parties. *Wave Studio, LLC*, 2017 WL 972117, at *10. In an Order and Opinion dated March 10, 2017, Judge Seibel dismissed the claims against GHM on *forum non conveniens* grounds, finding that both Plaintiff and GHM had insufficient connections to NY and that the issue of liability between the parties instead should be litigated in Singapore, which Judge Seibel found was an adequate forum to litigate copyright disputes. *Id*. at **4–10.

5

Seibel severed the case as the parties all agreed that Plaintiff's claims against all defendants therein but GHM should be stayed pending resolution of the issue of copyright infringement against GHM.  *Id.* at *10.  The case remains stayed as to those other defendants in that case. Plaintiff, GHM, and other entities proceeded to litigated their claims before the Courts in Singapore.  (AC ¶¶ 34–37.)

On January 18, 2022, the Singapore High Court rendered a decision in Plaintiff's favor on all liability issues against GHM.  The Singapore Court's decision was affirmed by the Singapore High Court, Appellate Division, in February 2023.  (AC ¶ 5.) The Singapore Courts, both lower and appellate, found that: (a) Waved owns the copyrighted works; (b) Wave had not provided an implied license to GHM to disseminate copyrighted works to third parties for marketing, branding, and advertising purposes; and (c) GHM in fact infringed upon Wave's copyrights by disseminating the copyrighted works to third parties.  (AC ¶¶ 6, 9; *see also* Berg Decl., Exh. 1 (ECF. Nos. 19-1) (Decision by the Singapore High Court), ¶¶ 124, 135, 142, 143, 190; Berg Decl., Exh. 3 (ECF No. 19-3 (Decision by the Singapore High Court, Appellate Division), ¶¶ 50, 71, 79, 84).

Plaintiff commenced the instant lawsuit on April 28, 2023, filed the Application on May 5, 2023, and subsequently filed an amended Application on May 8, 2023.  (ECF Nos. 1,6, 11, 17.) Now that it has received a favorable set of decisions by the Singapore Courts, Plaintiff seeks a preliminary injunction that stops the Remaining Defendants from continuing to use its copyrighted works, arguing that the Court should honor the decisions by the Singapore Courts which established that Plaintiff owns the copyrighted works and that the third parties that received the copyrighted works from GHM are using them without authorization.   (Pl.'s Mem at 10–12.)

## **LEGAL STANDARD**

The Court applies the same standard to applications for a preliminary injunction and a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (the "standards which govern consideration of an application for a temporary restraining order [] are the same standards as those which govern a preliminary injunction.").

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *see Singas Famous Pizza Brands Corp. v. N.Y. Adver. LLC*, 468 F. App'x 43, 45 (2d Cir. 2012). "To satisfy the irreparable harm requirement, Plaintiff[ ] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faively*, 559 F.3d at 118 (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). The "mere possibility of irreparable harm is insufficient to justify the drastic

remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991).

Notably, "[a] district court is "powerless to proceed" on a motion for preliminary injunction "in the absence of personal jurisdiction." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897 (JPO), 2018 WL 2022626, at *2 (S.D.N.Y. Apr. 30, 2018) (citing *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) (quoting *Khatib v. Alliance Bankshares Corp.*, 846 F. Supp. 2d 18, 24 (D.D.C. 2012)). "In order to obtain a preliminary injunction, a plaintiff must make more than a 'prima facie showing of jurisdiction,'" and must instead demonstrate 'a reasonable probability of ultimate success' on the issue of personal jurisdiction." *Id.* (quoting *NewLead Holdings Ltd. v. Ironridge Glob. IV Ltd.*, No. 14 Civ. 3945, 2014 WL 2619588, at *3 (S.D.N.Y. June 11, 2014).

## DISCUSSION

Plaintiff argues that it will suffer irreparable harm in the absence of a temporary restraining order and preliminary injunction because Remaining Defendants are allegedly using Plaintiff's copyrighted works under the Copyright Registrations to promote and advertise hotels in their booking businesses, without Plaintiff's authorization.  Now that Plaintiff has obtained a favorable decision in the Singapore Courts, Plaintiff argues that under principles of comity, this Court should honor the Singapore Courts' decisions finding that Plaintiff owned its copyrighted works and that GHM infringed on those rights by disseminating the copyrighted works to third parties.  (Pl.'s Mem. at 10–12.)

At the Hearing, the Court directed Plaintiff to file a supplemental memorandum of law explaining how, as a threshold matter, the Court has jurisdiction over the International Defendants with no clear connection to New York other than the fact that their websites could be accessed by

individuals in New Yok.  Plaintiff filed its supplemental memorandum on May 22, 2023.  (ECF No. 33.)

The Court will first address the issue of personal jurisdiction over the remaining Defendants.  The Court will then turn to whether Plaintiff meets the standard for its preliminary injunction motion.

## I.   PERSONAL JURISDICTION OVER INTERNATIONAL DEFENDANTS

The Court will start by assessing whether there is personal jurisdiction over the International Defendants.  To be clear, the below analysis excludes MakeMyTrip.com, Inc, the only Remaining Defendant with a principal place of business in New York.  (*See* ¶ AC 20.)

There is a heightened standard for personal jurisdiction on a request for interlocutory injunctive relief.  The plaintiff must demonstrate a reasonable probability of ultimate success on this issue*. See Alibaba Grp. Holding Ltd. v. Alibabacoin Found*, No. 18-CV-2897 (JPO), 2018 WL 2022626, at *2; *see also Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990).  Plaintiff argues that the Court has jurisdiction over the International Defendants under Fed. R. Civ. Pro. 4(k)(2).  (Pl.'s Supp. Mem. at 2.). As stated by the court in *George Moundreas & Co SA v Jinhai Intelligent Mfg:*

> "Rule 4(k)(2) was specifically designed to correct a gap in the enforcement of federal law in international cases.  Rule 4(k)(2) permits federal courts to exercise personal jurisdiction over a defendant that lacks contacts with any single state if the complaint alleges federal claims and the defendant maintains sufficient contacts with the United States as a whole."

2021 WL 168930, at *11 (S.D.N.Y. Jan. 18, 2021) (internal citations and quotations omitted). Under Rule 4(k)(2), a plaintiff can establish personal jurisdiction if: (1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction is consistent with the U.S. Constitution and laws. *Id*.  With respect to the last prong:

9

"In assessing whether the exercise of jurisdiction would be consistent with the Constitution, the relevant inquiry is whether jurisdiction comports with due process. The Rule 4(k)(2) jurisdictional analysis mirrors that of the standard personal jurisdiction analysis, except in one critical respect: The due process analysis for Rule 4(k)(2) jurisdiction hinges on whether the non-resident has sufficient minimum contacts with the United States as a whole instead of with the specific forum state. A plaintiff may seek to establish contacts supporting either specific or general jurisdiction under Rule 4(k)(2). If sufficient minimum contacts are demonstrated, the Court must then consider whether the "assertion of personal jurisdiction is reasonable under the circumstances of the particular case."

*Id*. (internal citations and quotations omitted).

For the reasons discussed below, the Court finds that Plaintiff has **not** satisfied its burden of demonstrating personal jurisdiction for the International Defendants under Rule 4(k)(2).

### A.  Plaintiff's Claims Arise Under Federal Law

Plaintiff's claims all arise under Title 17 of the United States Code.  (*See* AC ¶¶ 48–75 (raising direct, contributory, and vicarious copyright infringement under 17 U.S.C. §§ 101 *et seq*.). Therefore, the Court agrees with Plaintiff that it satisfies the first prong of the Rule 4(k)(2) analysis.

### B.  Whether the International Defendants are not subject to jurisdiction in any state's courts of general jurisdiction

As to the second requirement, Plaintiff "bears the burden of certifying that to its knowledge [Defendants are] not subject to jurisdiction in any state's courts." *Astor Chocolate Corp. v. Elite Gold Ltd*., 510 F. Supp. 3d 108, 134 (S.D.N.Y. 2020) (citing *In re SSA Bonds Antitrust Litig*., 420 F. Supp. 3d 219, 240 (S.D.N.Y. 2019) ("Because the Plaintiffs in the instant case have not certified that the Foreign Dealer Defendants are not subject to general jurisdiction in another state, they have not met all of the elements of Rule 4(k)(2)."); *see id*. ("In this Circuit, plaintiffs need to certify that the foreign defendants are not subject to jurisdiction in any other state to meet the second requirement of Fed. R. Civ. P. 4(k)(2)."); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,* No. 13 Civ. 981 (PGG), 2015 WL 1514539, at *13 (S.D.N.Y. Mar. 31, 2015), *aff'd*, 771 F. App'x 498 (2d

Cir. 2019) (summary order) (declining to apply Rule 4(k)(2) where plaintiff had not made such certification); *In re M/V MSC FLAMINIA*, 107 F. Supp. 3d 313, 322–23 (S.D.N.Y. 2015) (same); *Henkin v. Charity*, No. 21CV5716AMDVMS, 2023 WL 2734788, at *9 (E.D.N.Y. Mar. 31, 2023) (same).

According to the Amended Complaint: Trip.com is a Cayman Island based corporation with its principal place of business in China (AC ¶ 17); MakeMyTrip India Pvt. Ltd is an Indian company with its principal place of business also located in India  (AC ¶ 20); Skyscanner is incorporated in the United Kingdom with "its principal place of business in the United States located at 777 Brickell Avenue, Miami, Florida 33131 (AC ¶ 18); and Trip.com Singapore is both incorporated in Singapore and has it primary place of business based in Singapore. (AC ¶ 18). Plaintiff argues that Defendants Trip.com, MakeMyTrip India Pvt. Ltd., Trip.com Singapore, and Skyscanner are not subject to general jurisdiction in any state, and therefore the second prong in the Rule 4(k)(2) analysis is satisfied.  (Pl.'s Supp. Mem at 3.)

However, Plaintiff provides no certification among its moving papers indicating that to its knowledge, the Remaining Defendants are not subject to general jurisdiction in another state. Because Plaintiff has failed to provide that certification, it has failed to meet the second element for jurisdiction under Rule 4(k)(2)."  *See Astor Chocolate Corp.*, 510 F. Supp. 3d at 134; *Henkin*, 2023 WL 2734788, at *9.[2]

---

[2]     In addition, Plaintiff contradicts itself with respect to Skyscanner.  According to the Amended Complaint, Skyscanner is incorporated in the United Kingdom with "its principal place of business in the United States located at 777 Brickell Avenue, Miami, Florida 33131."  (AC ¶ 18.)   In its briefing, however, Plaintiff tries to downplay the fact that it alleged that Skyscanner's "principal place of business" is in Miami, Florida by (i) stating that Skyscanner's website describes its United States office as a "correspondence address," and that (ii) Skyscanner is not "at home" in Florida because its headquarters is in the United Kingdom.  (Pl.'s Supp. Mem. at 4.)  No explanation is given as to why the website's characterization of the Florida address as a "correspondence address" means it is not Skyscanner's principal place of business, and no affidavits or declarations are filed to shed additional light as to Skyscanner's principal place of business.

Therefore, Plaintiff fails to show that the Court has personal jurisdiction over the International Defendants.

### C.  Whether Jurisdiction Over International Defendants Comports with Due Process

The third factor in the Rule 4(k)(2) analysis requires Plaintiff to show that a finding of jurisdiction comports with due process.  The requirement entails a finding that (i) the non-resident has sufficient minimum contacts with the United States and (ii) that assertion of personal jurisdiction is reasonable under the circumstances of the case.  *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008); *see also Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 178 (S.D.N.Y. 2021) ("The personal jurisdiction analysis under Rule 4(k)(2) mirrors the standard personal jurisdiction analysis . . . except the question of whether exercising personal jurisdiction comports with due process depends on whether the non-resident has sufficient minimum contacts with the United States as a whole.").

The constitutional minimum contacts inquiry requires a finding of whether there is specific jurisdiction—which exists where a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum—or general jurisdiction— which applies "when defendant's contacts with the forum are continuous, so substantial, and of such nature 'as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'"  *Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.,* No. 16CIV5883JGKRWL, 2018 WL 3639929, at *13 (S.D.N.Y. July 10, 2018), *report and recommendation adopted*, No. 16 CIV. 5883 (JGK), 2018 WL 3632524 (S.D.N.Y. July 31, 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).

As for the "reasonableness" prong, "'reasonableness' of exercising jurisdiction depends on whether doing so would comport with 'fair play and substantial justice.'"  *Gucci America, Inc. v.*

*Weixing Li*, 135 F. Supp. 3d 87, 96-97 (S.D.N.Y. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). To make the reasonableness determination in a case where a foreign entity may be subject to personal jurisdiction, courts consider the following factors: (1) the burden that the exercise of jurisdiction will impose on the entity; (2) the interests of the forum nation in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of nations in furthering substantive social policies.  *Freeplay Music, LLC*, 2018 WL 3639929, at *16 (citing *Gucci America, Inc.* 135 F. Supp. 3d at 99).

Plaintiff does not explicitly argue whether there would be general or specific jurisdiction over the International Defendants based on their contacts with the United States.  Nor does Plaintiff acknowledge, much less analyze, the reasonableness factors. (*See* Pl.'s Supp. Mem. at 8.)  Plaintiff instead relies heavily on a Ninth Circuit case, *Lang Van, Inc. v VNG Corp.*, 40 F.4th 1034, 1041 (9th Cir 2022), and argues that the Court should consider the standard articulated in that case:

> "One, the requirement that defendants engage in 'purposeful activities or transactions with the United States, with an act that shows defendant purposefully availing itself of the privileges of doing business in the United States, and thereby invoking the benefits and protections of its laws.' Two the claim must arise out of activities that are related to the United States. Three, the exercise of jurisdiction must comport with notions of fair play and substantial justice. For the purposes of copyright infringement claims, a plaintiff must also show that defendants demonstrate purposeful direction under the *Calder* effects test."

(Pl.'s Supp. Mem at 5–6) (citing *Lang Van, Inc.,* 40 F.4th at 1041).

The Court need not evaluate whether the standard articulated in *Lang Van, Inc.* is meaningfully different than the one articulated by courts within this Circuit – on their faces, the standards appear to get at similar considerations.  In addition, the court in *Lang Van, Inc*. undertook a reasonableness analysis, which Plaintiff does not meaningfully discuss in its moving papers.  In *Lang Van, Inc*., the Ninth Circuit found that the court had personal jurisdiction over a foreign

entity, VNG, that maintained a web application that made copyrighted music available for download worldwide. *Lang Van, Inc*., 40 F.4th at 1037, 1041.  Among the facts considered, the court noted that content from VNG's website was downloaded in the United States over 320,000 times by mobile users, *id*. at 1041, and VGN did not geoblock use of its application in the United States even though it had the ability to do so.  *Id*. at 1042.  Plaintiff fails to offer similarly detailed allegations regarding the Defendants' level of contact with United States-based users, which may have assisted with the reasonableness analysis.

In any event, because Plaintiff fails to meet its burden on the second prong of the Rule 4(k)(2) analysis, as discussed above, the Court need not engage in any further analysis at this time with respect to whether jurisdiction over the International Defendants comports with due process.

## II.   PRELIMINARY INJUNCTION MOTION

The Court turns to whether Plaintiff has met the preliminary injunction standard as to all the Remaining Defendants, including the International Defendants, assuming *arguendo* that the Court has personal jurisdiction over those entities.  For the reasons stated below, even if the Court had jurisdiction over all Defendants, Plaintiff fails to meet the preliminary injunction standard as to all Defendants.

As discussed above: "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc.,* 784 F.3d at 895 (2d Cir. 2015) (quoting *Salinger*, 607 F.3d at 79–80).

14

### A.  Irreparable Harm

The Court starts by assessing whether Plaintiff has met its burden of showing irreparable harm in the absence of a preliminary injunction.  "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (citing *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). "[T]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id*. (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). The "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co*., 934 F.2d 30, 34 (2d Cir. 1991).  In addition, the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Salinger*, 607 F.3d at 80 (citing *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)).

In its opening brief, Plaintiff states it acknowledges that irreparable harm is not presumed in a copyright action.  (*See* Pl.'s Mem. at 13.)  Indeed, following the Supreme Court's decision in *eBay, Inc. v. MercExchange*, courts may not presume irreparable harm in copyright infringement cases, and rather, "plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm." *Salinger*, 607 F.3d at 82 (citing *eBay, Inc.*, 547 U.S. at 393); *see also WPIX, Inc. v. ivi, Inc*., 765 F. Supp. 2d 594, 617 (S.D.N.Y. 2011) ("Pursuant to the Supreme Court's decision in *eBay* and its application by the Second Circuit in *Salinger*, we

may not simply presume irreparable harm."), *aff'd*, 691 F.3d 275 (2d Cir. 2012).[3]  Nonetheless, besides relying on its argument that its copyrights are being infringed upon, Plaintiff fails to offer any arguments indicating that it will suffer actual or imminent harm if a preliminary injunction is not issued.

Several facts also undermine Plaintiff's arguments that it will suffer irreparable harm without a preliminary injunction.  First, the fact that Plaintiff states that it does not know, nor can it know, each and every instance of infringement of its copyrighted works suggests that Plaintiff would not be irreparably harm in the absence of a preliminary injunction.  (Reply at 4.)  Of course, this is not saying that Defendants do no harm by infringing on Plaintiff's copyrighted works, nor does it excuse Defendants' conduct should there be a finding on the merits that they infringed upon Plaintiff's rights under its Copyright Registrations.

Second, the fact that Plaintiff has alleged violations of the same copyrighted works against other similar defendants as early as 2013 also undermines Plaintiff's argument that the harm will be irreparable should an injunction not be issued now.  *See Wave Studio, LLC*, 2017 WL 972117, at *3 ("At the center of this case are seventeen copyrights, registered between December 28, 2010 and February 18, 2011, covering 3000 photographs created by the Wave Entities between 2001 and 2005."); *see also id*. at *3 n.7 (listing out the copyrights, including the nine at issue in this Application).  The instant case appears similar to *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102–03 (S.D.N.Y. 2010).  In *Socratek, L.L.C.*, the plaintiff's copyrighted form agreements were collected and sold by the defendant through its website without

---

[3]      In its reply brief, Plaintiff contradicts its earlier statement and asserts that there is a "presumption of irreparable harm where a copyright is being infringed," citing to a pre *eBay, Inc. v. MercExchange* case. (Reply. at 3.) (citing *Fisher–Price, Inc. v. Well–Made Toy Mfg*., 25 F.3d 119, 124 (2d Cir.1994)).  Plaintiff is incorrect, as the Second Circuit in *Salinger v. Colting* made it clear that following the Supreme Court's decision in *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006), irreparable harm cannot be presumed in copyright cases.  *Salinger*, 607 F.3d at 82 ("After *eBay*, however, courts must not simply presume irreparable harm.").

the plaintiff's authorization, which was in violation of the plaintiff's reproduction and distribution rights under the Copyright Act.  *See id*. at 98.  The Court found no irreparable harm and denied Plaintiff's motion for preliminary injunction, finding, *inter alia*, that Plaintiff's copyrighted forms had been publicly available for years.  *Id*. at 103.  Here, Plaintiff has filed lawsuits over the past decade against similar defendants alleging unauthorized dissemination of the same copyrighted works at issue in this instant Application.  *See The Wave Studio, LLC*, 7:13-cv-09239-CS-PED. While Plaintiff has all right to seek to enforce its rights under its Copyright Registrations, the Court is not convinced that the facts herein show irreparable harm in the absence of a preliminary injunction.

Cases that have found irreparable harm in the context of copyright infringements have often involved imminent threats of market confusion or loss of sales that would be difficult to calculate after-the-fact, or threats to reputation and goodwill.  *See, e.g., CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 145 (E.D.N.Y. 2011) ("The *Salinger* standard for irreparable harm to plaintiff's property interest in the copyright context was based largely on the possibility of market confusion and the fact that proving "the loss of sales due to infringement is . . . notoriously difficult.") (citing *Salinger*, 607 F.3d at 81); *M.V. Music v. V.P. Recs. Retail Outlet, Inc*., No. 20CV5524PKCMMH, 2023 WL 1070462, at *5 (E.D.N.Y. Jan. 27, 2023) ("'[L]oss of reputation, goodwill, and business opportunities' can constitute irreparable harm.") (citing *Register.com, Inc. v. Verio, Inc*., 356 F.3d 393, 404 (2d Cir. 2004)); *Playboy Enterprises Int'l, Inc. v. Playboy Enterprises, Inc*., No. 21-CV-6419 (VM), 2021 WL 3593357, at *3 (S.D.N.Y. Aug. 13, 2021) (finding irreparable harm where there was an threat to reputation and goodwill in the absence of a preliminary injunction.).  While there may surely be other circumstances that may lead to a finding to irreparable harm, Plaintiff fails to describe one that is applicable here.

In addition, the cases that Plaintiff relies are factually distinguishable from the facts presented in this instant action, and do not support a finding of irreparable harm herein. For example, Plaintiff cites to *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 307 (S.D.N.Y. 2010), where the Court found that the harm to the plaintiff's copyright was imminent. There, the plaintiff, a publishing company with an exclusive license to publish, reproduce, and distribute a book authored by a political figure, sought to enjoin the defendant, an online media company, from publishing the book's content in a blog prior to the book's official public release. The Court found that the plaintiff showed irreparable harm, as she would lose a commercial advantage should the defendant be allowed to disseminate content from the book prior to its official release. *Id*. at 307. The sort of imminent harm or sense of urgency in *Harper Collins Publishers* is not presented in this instant action.

For the reasons discussed above, the Court finds that Plaintiff has failed to show irreparable harm. Therefore, the Court denies Plaintiff's motion for a preliminary injunction. The Plaintiff's failure to meets its burden for any of the essential elements of the preliminary injunction test—in this case, that Plaintiff will suffer irreparable harm absent an injunction—"is fatal to a preliminary injunction claim." *BDRN, LLC v. UnitedHealthCare of New York, Inc*., No. 15-CV-0804 NSR, 2015 WL 1841210, at \*4 (S.D.N.Y. Mar. 18, 2015) (citing *Greenlight Capital, L.P. v. Apple, Inc*., No. 13 Civ. 900, 2013 WL 646547, at \*4 (S.D.N.Y. Feb. 22, 2013)).

### B.  Likelihood of Success on the Merits

Because the Court finds that Plaintiff does not show irreparable harm for purposes of its Application, the Court will only touch lightly on the likelihood of success on the merits.

First, Plaintiff raises copyright infringement against all Defendants. The elements of a copyright claim include, "(i) ownership of a valid copyright; and (ii) unauthorized copying of the

copyrighted work.  *Socratek, L.L.C*., 712 F. Supp. 2d at 102 (citing *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc*., 338 F.3d 127, 131 (2d Cir. 2003)).

Second, Plaintiff raises contributory copyright infringement against all Defendants.  "To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another." *Wolk v. Kodak Imaging Network, Inc*., 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc*., 443 F.2d 1159, 1162 (2d Cir. 1971)) (internal quotation marks omitted). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who 'know or have reason to know' of the direct infringement." *Arista Records, Inc. v. Doe 3*., 604 F.3d 110, 118 (S.D.N.Y. 2010) (quoting *A & M Records*, 239 F.3d at 1020) (emphasis omitted).

Finally, Plaintiff raises vicarious copyright infringement against all Defendants.  "A defendant is liable for vicarious copyright infringement where he "profit[s] from direct infringement while declining to exercise a right to stop or limit it." *Patterson v. Diggs*, No. 18-CV-03142 (NSR), 2019 WL 3996493, at *4 (S.D.N.Y. Aug. 23, 2019)

Plaintiff makes a strong argument that under principles of comity, this Court should honor the Singapore Courts' decisions, *see supra*, finding that Plaintiff owned the copyrighted works under its Copyright Registrations and that GHM infringed on those rights by disseminating the copyrighted works to third parties without authorization.  (Pl.'s Mem. at 10–12.)  Generally, international comity is defined as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *In re Maxwell Commc'ns Corp*., 93 F.3d 1036, 1046 (2d Cir. 1996) (citing *Hilton v. Guyot*, 159 U.S. 113, 163–64, 16 S.Ct. 139, 40 L.Ed. 95 (1895)).

Nonetheless, the Court need not assess likelihood of success on the merits of Plaintiff's copyright claims at this time, given that Plaintiff fails to show irreparable harm – a key factor in getting a preliminary injunction.[4]

### C.  Balance of Hardships and Public Interest

Regarding the balance of hardship, Plaintiff argues that the Remaining Defendants' infringement does not implicate the public interest because they are merely using Plaintiff's copyrighted works for their own economic reasons, which benefit Defendants alone while harming Plaintiff.  (Pl.'s Mem. at 13.)  Plaintiff avers that it invested "substantial time and resources in creating new work" whereas "Defendants imply cut and paste Wave's artistic works." (*Id.*)  With respect to the public interest, "the object of copyright law is to 'promote the store of knowledge available to the public.'"  *WPIX, Inc.*, 765 F. Supp. 2d at 621 (citing *Salinger*, 607 F.3d at 82).  To the extent that the copyright law "accomplishes this end by providing individuals a financial incentive to contribute to the store of knowledge, the public's interest may well be already accounted for by the plaintiff's interest." *Id.* (citing *Salinger*, 607 F.3d at 82).

The Court notes that the balance of hardships and public interest appears to tip in Plaintiff's favor, but because Plaintiff fails on the irreparable harm factor, a preliminary injunction will not be issued at this time, nonetheless.

### D.  Fed. R. Civ. P. 65(d)(1)(C)

While the trivago Defendants are no longer part of the instant Application following the Hearing, the Court notes one argument made by the trivago Defendants which is helpful to

---

[4]     In the Lee Declaration, Plaintiff provides at least one example of each Defendants' usage of Plaintiff's Copyrighted Works.  (*See* Lee Decl., Exhs. 1–9.)  Prior to the Hearing, Plaintiff filed Lee's Supplemental Declaration, which provides a breakdown of the number of copyrighted images per copyright registration the trivago Defendants using Plaintiff's copyrighted works on its websites, and also provides a large number of examples of Plaintiff's copyrighted images on the trivago Defendants' websites.  (ECF No. 30.) Plaintiff has not provided the same sort of breakdown as to the Remaining Defendants.

consider.  The trivago Defendants had argued that Plaintiff's proposed injunction violates Fed. R. Civ. P. 65(d)(1)(C), which requires every injunction to "describe in reasonable detail -- and not by referring to the complaint or other document -- the act or acts restrained or required."  (*See* ECF No. 27, trivago Opp. at 10.) *See QBE Americas, Inc. v. Allen*, No. 22-CV-756 (JSR), 2022 WL 889838, at *16 (S.D.N.Y. Mar. 25, 2022).  The Application seeks an injunction from using any photograph that is owned by Wave under the Copyright Registrations.  (Order to Show Cause, ECF No. 24.)  The trivago Defendants argued that complying with that kind of injunction order would be too burdensome, particularly as the Copyright Registrations are non-descript and Defendants have only been provided with a limited set of copyrighted images.  (*See* ECF No. 27, trivago Opp. at 11; *see also* Copyright Registrations at ECF No. 15 (Lee Decl., Exhs. 1–9.)

The Court may only issue an injunction that is narrowly tailored, and therefore would only issue the injunction as to specific photographs or media materials that Plaintiff sufficiently shows is copyright protected.  As stated in *Corning Inc. v. PicVue Elecs., Ltd*.:

> "Pursuant to Federal Rule of Civil Procedure 65(d), [e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained. We have explained that the Rule reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds."

365 F.3d 156, 158 (2d Cir. 2004) (internal quotation and citations omitted) (cleaned up).

While Plaintiff provides the Copyright Registration and each of the names of the photographs that fall under those copyrights, those names are nondescript. (Copyright Registrations at ECF No. 15 (Lee Decl., Exhs. 1–9.) It is difficult to fathom how the Remaining Defendants would be able to comply with an injunction asking them to remove all purportedly copyrighted material without knowing what some of those materials look like.  For that reason,

the Court finds that Plaintiff's Application is too broad, and had the Court issued a preliminary injunction, it would be limited to those photos specifically identified.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Application is DENIED with prejudice.  Plaintiff is granted leave to file amended pleadings on or before June 29, 2023.    If Plaintiff files a second amended complaint, it is encouraged to (i) submit a certificate regarding whether to its knowledge the International Defendants are not subject to the general jurisdiction of another state; (ii) specify which specific works it claims that each of the Defendants is infringing upon.  Plaintiff is directed to mail a copy of this order on all Defendants who have not entered appearances, and file proof of service on the docket.


Dated:   May 30, 2023                              SO ORDERED:
         White Plains, New York


                                         _____
                                              NELSON S. ROMÁN
                                            United States District Judge