# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, *Plaintiff,* v. TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC., DESPEGAR.COM CORPORATION AND DESPEGAR.COM USA, INC. *Defendants.* | Case No. 7:23-cv-03586-NSR **JURISDICTIONAL AFFIRMATION OF GABRIEL BERG** |

I, GABRIEL BERG, an attorney duly admitted to practice law before this United States Court affirms under the penalty of perjury as follows:

1. I am a partner at Robins Kaplan LLP, counsel for Plaintiff in this action.

2. I submit this Affidavit to certify, to the best of Plaintiff's knowledge, that no states have general jurisdiction over the International Defendants, as defined in the Court's May 30, 2023 Order, named in this action.

3. As to all Defendants, Wave has a good faith basis to allege that this Court has specific jurisdiction over each of them given the intentional conduct directed at New York. To this end, the Court extensively questioned Wave at the hearing on May 12, 2023, eliciting Plaintiff's specific jurisdiction basis.

**A.      Pertinent Facts**

4.      At the end of the parties' May 12, 2023 hearing, this Court ordered Plaintiff to submit additional briefing as to the Court's personal jurisdiction over the Trip.com Group Limited ("Trip.com"), Trip.com Singapore Pte. Ltd. ("Trip.com Singapore"), Skyscanner Ltd. ("Skyscanner") and MakeMyTrip India Pvt. Ltd., ("International Defendants").  In its ruling on May 30, 2022, this Court encouraged Plaintiff to submit a statement certifying that the International Defendants are not subject to the general jurisdiction of any other state in the United States, to the bests of Plaintiff's knowledge.

5.      Plaintiff has relied exclusively on information available in the public record, including but not limited to the International Defendants' own websites, business profiles, and SEC filings.  Should any Defendant challenge personal jurisdiction, plaintiff would be able to utilize positions taken by Defendants and potential information gathered from jurisdictional discovery, to further inform what it asserts here.

6.      Trip.com is a Cayman Island public company comprised of "different legal entities" operating as "Trip.com."  Trip.com holds itself out as having its principal place of business located at 968 Jin Zhong Road, Shanghai, China 200335.

   a. Having reviewed the public record, including but not limited to Trip.com's own marketing materials and publicly available SEC filings, Trip.com has a general approach to doing business in the United States as a whole, without any significant state-specific conduct or contacts that give the appearance of Trip.com's being "essentially at home" in any state in the US; thereby permitting Plaintiff to have a good faith basis to certify that to its

knowledge Trip.com is not subject to the general jurisdiction of any state in the United States.

7. Trip.com Singapore is a Singapore corporation with its principal place of business located at 1 Harbourfront Avenue, Keppel Bay Tower, Singapore 098632. Trip.com Singapore holds itself out as operating the website, accessible in the United States, trip.com.

   a. Having reviewed the public record including but not limited to Trip.com's own marketing materials and publicly available SEC filings, Trip.com Singapore has a general approach to doing business in the United States as a whole, without any significant state-specific conduct or contacts that give the appearance of Trip.com Singapore's being "essentially at home" in any state in the US; thereby permitting Plaintiff to have a good faith basis to certify that to its knowledge Trip.com Singapore is not subject to the general jurisdiction of any state in the United States.

7. MakeMyTrip India Pvt. Ltd., ("MakeMyTrip") is an Indian Company, holding itself out as having its principal place of business at Tower A/B/C Epitome Building No. 5, DLF Cyber City, DLF Phase III, Sector 25, Gurugram, Haryana 12202, India.

   a. Having reviewed the public record including but not limited to MakeMyTrip's own marketing materials and other publicly available materials, MakeMyTrip has a general approach to doing business in the United States as a whole, without any significant state-specific conduct or

contacts that give the appearance of MakeMyTrip's being "essentially at home" in any state in the US; thereby permitting Plaintiff to have a good faith basis to certify that to its knowledge MakeMyTrip is not subject to the general jurisdiction of any state in the United States. Plaintiffs also have discovered another matter in this district, styled, *Speers et al v. MakeMyTrip Limited*, 1:21-cv-03635-VSB-DCF, in which MakeMyTrip did not challenge jurisdiction on grounds that it was subject to general jurisdiction in another US state or move to change venue.

8. Skyscanner Ltd. ("Skyscanner"), a company incorporated in the United Kingdom, holds itself out as "a private limited company incorporated and registered in England & Wales." Skyscanner's headquarters is in the U.K. Skyscanner also has an office in the United States located at 777 Brickell Avenue, Miami, Florida 33131.

   a. In its jurisdictional brief, Plaintiff had a good faith basis to allege jurisdiction under Fed. R. 4(k)(2) because of the distinction made by Skyscanner itself between its United Kingdom headquarters and its Miami "correspondence office." After a thorough search of the publicly available information, Plaintiff adds that Skyscanner refers to its UK offices as its "Registered office" located at "Skyscanner Limited Level 5, Ilona Rose House Manette Street London W1D 4AL United Kingdom." According to the public record, a "Registered office" in the UK is "the official address of a company." In addition, according to the public record as of 2016, when Skyscanner employed 770 people around the world, only 26 were

4

employed in Miami. It appears from their website that the highest number of Skyscanner officers and directors appear to be UK-based. Acknowledging that jurisdictional discovery may be necessary to prove that there is no general jurisdiction over Skyscanner, for purposes of this certification, Plaintiff certifies that to the best of its knowledge there is no general jurisdiction over Skyscanner in the United States it does not appear to be "essentially at home" in any state.

8.  Unlike the International Defendants, the new Despegar Defendants hold themselves out as doing business through Despegar.com USA Inc., a Delaware entity, to the extent they do business in the United States, including through their website. As such, it is not an International Defendant as defined by the Court's May 30, 2023 Order.

Executed in New York, New York on this 5th day of June, 2023 under penalties of perjury pursuant to the laws of New York and the United States of America.

*s/ Gabriel Berg*
Gabriel Berg
