# POLLOCK | COHEN LLP

111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

October 31, 2023

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    *The Wave Studio, LLC v. Trivago et al.*, No 7:23-cv-03586-NSR

Dear Judge Román:

We represent Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd. (the "International Defendants") and MakeMyTrip, Inc. (collectively, "Defendants"). We write to request a pre-motion conference on Defendants' anticipated motion to dismiss the Second Amended Complaint ("SAC"). The SAC alleges that Defendants operate websites that allow users to make travel reservations, including at foreign hotels. (SAC ¶¶ 1, 41–44). Plaintiff alleges that Defendants have violated its copyrights by publishing on their websites certain photographs used by third party General Hotel Management Ltd. ("GHM") to promote hotels that GHM operates, although the SAC does not offer any allegation connecting Defendants to GHM.[1] The claims should be dismissed for lack of jurisdiction, failure to state a claim, and laches.

*First, there is no jurisdiction over the International Defendants.* The Court should dismiss the International Defendants because they are not subject to personal jurisdiction.[2] Your Honor has already identified serious weaknesses in Plaintiff's theory that "the Court has jurisdiction over the International Defendants with no clear connection to New York other than the fact that their websites could be accessed by individuals in New York." ECF No. 37 (denying preliminary injunction, including for failure to make a sufficient showing of jurisdiction despite the Court allowing supplemental briefing on that point) at 8–9.

Despite this history, the SAC still contains only generic and conclusory allegations that defendants have "substantial and continuous contacts" with New York "and/or … have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective content delivery

---

[1] Defendants do not admit the truth of any of Plaintiff's allegations, jurisdictional or otherwise, and present them in this letter only because they are relevant on a motion to dismiss.

[2] According to the SAC: Trip.com Group Limited is a Cayman Island corporation with its principal place of business in China (SAC ¶ 17); Trip.com Travel Singapore Ptd. Ltd. is a Singapore corporation with its principal place of business in Singapore (SAC ¶ 18); Skyscanner Ltd. is incorporated in the United Kingdom with "an office in the United States located at 777 Brickell Avenue, Miami, Florida 33131" (SAC ¶ 19); and MakeMyTrip India Pvt. Ltd is an Indian company "located" in India (SAC ¶ 20).

Hon. Nelson S. Román
October 30, 2023
Page 2 of 3

networks, application programming interfaces, software as a service platforms [sic], websites, mobile sites and apps." SAC ¶ 13.

This is insufficient to show either specific or general jurisdiction over the International Defendants. *See, e.g.*, *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001) ("well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."); *In re Roman Cath. Diocese of Albany*, 745 F.3d 30, 41 (2d Cir. 2014) (rejecting arguments for general jurisdiction, observing that "[a] corporation that operates in many places can scarcely be deemed at home in all of them.").[3]

Plaintiff's attempt to invoke jurisdiction under Fed. R. Civ. P. 4(k)(2) also fails. A footnote in the Complaint states that: "based on the public record Wave has a good faith basis to believe that no international Defendant is subject to the general jurisdiction of any state in the United States." SAC ¶ 13 n.2. But Rule 4(k)(2) can apply only when a plaintiff certifies that the defendant is not subject to any state's courts of general jurisdiction, either general *or specific*. See *Lensky v. Turk Hava Yollari, A.O.*, 2023 WL 6173334, at *2 (2d Cir. Sept. 22, 2023) (observing that this Rule 4(k)(2) condition was met because "both parties agree that [defendant] is not subject to *either general or specific personal jurisdiction* in New York … or in any other State's courts of general jurisdiction.") (emphasis added). Plaintiff's certification therefore does not satisfy Rule 4(k)(2), and it cannot be corrected because Plaintiff claims—albeit incorrectly—that Defendants are, in fact, subject to jurisdiction in New York.

In addition, the Complaint fails to show how a finding of jurisdiction would comport with due process. Plaintiff does not allege any specific contacts between the International Defendants and the United States, or how the International Defendants could reasonably be haled into court here. Plaintiff's jurisdictional theory appears to be that because the International Defendants maintain websites that are accessible worldwide, including in the United States, they are subject to jurisdiction here.[4] That is not the law. Notably, this Court has already flagged Plaintiff's "fail[ure] to offer … detailed allegations regarding the Defendants' level of contact with the United States-based users." *See* ECF No. 37 (Order) at 14. Plaintiff has conspicuously failed to improve its allegations despite this guidance.

*Second, dismissal is warranted because the SAC fails to state a claim against any Defendant.* The first cause of action fails to state a claim for direct infringement because it fails to plead which specific works are the subject of Plaintiff's claim, and by what acts during which time period Defendants allegedly infringed Plaintiff's copyright.

---

[3] This conclusion holds true even when the plaintiff is a New York entity. *See, e.g.*, *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013) (plaintiff was not harmed in New York by use of copyrighted materials elsewhere); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, 2017 WL 449913, at *7 (S.D.N.Y. Jan. 18, 2017) (rejecting plaintiff's position that to avoid dismissal "it need only establish that it is a New York copyright holder and [the defendant] uploaded [plaintiff's] copyrighted music to the Internet for public access.").

[4] *See, e.g.*, SAC ¶¶ 17, 42–44 (offering only generic, conclusory allegations that the International Defendants maintain websites "which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District").

Hon. Nelson S. Román
October 30, 2023
Page 3 of 3

Identifying a handful of works from a "library of over 3,000" (SAC ¶ 53) is inadequate, and Plaintiff fails to provide any details on the timing of the alleged infringements.[5] <u>Notably, the sole US defendant (MakeMyTrip, Inc.) does not even offer hotel bookings and does not have *any* hotel photographs on its website in the United States.</u>

The second cause of action fails to state a claim for contributory infringement because it fails to identify any specific direct infringement (*i.e.* when and by whom) to which Defendants allegedly contributed. And even if it did, it fails to allege the remaining elements of a contributory infringement claim. The Complaint contains no facts showing that Defendants had specific knowledge of the underlying infringing activity, or how Defendants have induced, caused, or materially contributed to that infringement.[6]

The third cause of action fails to state a claim for vicarious infringement because it fails to allege any specific way in which Defendants could control the alleged infringing activities of unspecified third parties, and also fails to allege any specific financial benefit to Defendants tied to such activities.

*Third, the Court should also dismiss the claims as time-barred.* "Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). In the Second Circuit, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id.* at 124. Here, the SAC alleges that "Defendants' unauthorized [use] of Wave's photographs is part-and-parcel of Wave's pending [2013] action," filed almost *ten years* ago: "On December 31, 2013, Wave sued [GHM] – and what are today roughly ninety-five other Defendants … for copyright infringement of Wave's photographs primarily related to hotel and travel websites." SAC ¶¶ 1–2. Accordingly, based on Plaintiff's allegations, it was or should have been aware of any infringing uses long before filing this action.

Thank you for the Court's consideration in this matter.

Respectfully submitted,

/s/ *Adam Pollock*

Adam Pollock

---

[5] *See, e.g.*, *Jacobs v. Carnival Corp.*, 2009 WL 856637, at *5 (S.D.N.Y. Mar. 25, 2009) (dismissing copyright claims because plaintiff failed to allege "by what acts and during what time the defendant infringed the copyright" and made "no reference whatsoever to time in the Complaint."); *Hartmann v. Amazon.com, Inc.*, 2021 WL 3683510, at *4 (S.D.N.Y. Aug. 19, 2021) (Rule 8 not satisfied when plaintiff "base[s] an infringement claim on overly-inclusive lists" that are "vague ... regarding which works are the subject of" the claim").

[6] *See, e.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 898–99 (S.D.N.Y. 2016) ("a defendant cannot be liable for "merely providing the means to accomplish an infringing activity…." Allegations did not include any "active steps ... to encourage direct infringement ... such as advertising an infringing use or instructing how to engage in an infringing use," nor do they "show an affirmative intent that the product be used to infringe, and ... that infringement was encouraged.").