

1325 AVENUE OF THE AMERICAS    212 980 7400 TEL
SUITE 2601                                              212 980 7499 FAX
NEW YORK, NY 10019                       ROBINSKAPLAN.COM

GABRIEL BERG
212 980 7458 TEL
GBERG@ROBINSKAPLAN.COM

November 6, 2023

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. trivago N.V., et al.,*
        Case No. 7:23-cv-03586-NSR

Dear Judge Román:

We are counsel to The Wave Studio, LLC. We write in response to the October 30, 2023, letter filed by Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd. (the "International Defendants") and MakeMyTrip, Inc. (collectively, "Defendants") requesting a pre-motion conference on Defendants' proposed motion to dismiss the Second Amended Complain ("SAC"). The motion is futile for four reasons.

First, Defendants largely excise copyright law from their personal jurisdiction analysis. 28 U.S.C. § 1338(a) provides federal district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks[,]" and exclusive jurisdiction with respect to "patents, plant variety protection, or copyrights." *Intl. Diamond Importers, Inc. v Oriental Gemco (N.Y.), Inc.*, 64 F Supp 3d 494, 507-08 (SDNY 2014). While the Court applies the traditional personal jurisdiction analysis, it is notable that the statute makes no distinction between subject matter and personal jurisdiction. Precisely citing to copyright infringement cases to determine personal jurisdiction is essential. Defendants' lead two cases, *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001) and *In re Roman Cath. Diocese of Albany*, 745 F.3d 30, 41 (2d Cir. 2014) are non-sequiturs. Neither case involved personal jurisdiction in a copyright case.

The case relegated to a footnote and cited by Defendants that does involve copyright infringement, furthers Plaintiff's argument. In *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013), the Court held that the missing piece to confer personal jurisdiction over international defendants in that case was "a form of infringement that

Hon. Nelson Román
November 6, 2023
Page 2

works an injury that is virtually impossible to localize—the uploading and making available of copyrighted materials..." on the internet. *Id.* at 729 F.3d at 215. That is precisely what Plaintiff has pled in this case, with particularity. The dissemination of the copyrighted works pled here is over various electronic platforms and includes over ninety defendants, worldwide. The proper personal jurisdiction analysis in Defendants' own copyright case is dispositive. Without specific allegations of infringement on Defendants' electronic platforms in *Troma*, the *Troma* court held: "This case is therefore more like 'traditional commercial tort cases' in which 'the place where [the plaintiff's] business is lost or threatened' exerts a significant gravitational influence on the jurisdictional analysis." *Id.* Here, Wave, a New York entity possessing U.S. Copyrights that are being infringed, is being harmed in New York. In other words, any reading of *Toma* should result in personal jurisdiction over all of the Defendants in this case.

      Second, Defendants' admission that there is no general or specific jurisdiction over the International Defendants establishes jurisdiction under Fed. R. Civ. P. 4(k)(2). Defendants write: "Plaintiff's certification therefore does not satisfy Rule 4(k)(2), and it cannot be corrected because Plaintiff claims—**albeit incorrectly**—that Defendants are, in fact, subject to jurisdiction in New York." (emphasis added) ECF. No. 59 at 2. Plaintiff asserted jurisdictional allegations, without the benefit of any jurisdictional discovery. Defendants, the only parties in possession of evidence to resolve the issue, admit that there is no general or specific jurisdiction over it. Based on Defendants' admission, personal jurisdiction lies under Fed. R. Civ. P. 4(k)(2) and moots Plaintiff's allegations.

      Third, Plaintiff has successfully stated a claim against all Defendants. Plaintiff has filed detailed evidence in this case of **ongoing** copyright infringement by all Defendants. ECF No. 49. Plaintiff identifies, in detail, by photograph, copyright registration number, screen capture of Defendants' electronic platforms at the time of Plaintiff's filing of the SAC (and detailed Exhibit in support), Defendants' precise infringement by its ongoing advertising and marketing of Wave's copyrighted works in promoting various upscale hotels. Against this backdrop, and while ignoring the detailed exhibit appended to the SAC, Defendants baselessly claim that there is no infringement. Even a cursory review of the MakeMyTrip website and mobile platforms demonstrates that Defendants' use of Wave's photographs exists to this day.[1] Unlike many other Defendants in this case, the MakeMyTrip Defendants have not removed the infringing photographs from their electronic platforms.

---

[1] As just one example of many, in connection with the Setai Hotel in Miami, Defendants are still using numerous photographs identified as infringing (ECF No. 49), even today:

https://www.makemytrip.com/hotels/hotel-details/?hotelId=8436720888278770&_uCurrency=INR&checkin=11152023&checkout=11302023&city=CTMIAE97DF277&country=USA&lat=25.79562&lng=-80.12825&locusId=CTMIAE97DF277&locusType=city&rank=1&regionNearByExp=3&roomS

62062916.1

Hon. Nelson Román
November 6, 2023
Page 3

Fourth, Plaintiff's claims are timely.  The infringement at issue in this case is widespread, ongoing and requires constant monitoring.  Each claim asserted here has been brought within three years of discovery.  But, the flaw in Defendants' statute of limitations challenge is in ignoring the ongoing nature of the harm.  Plaintiffs' pre-suit investigation of the infringement is a herculean effort, as detailed in the Affidavit of Lee Kar Yin, Plaintiff's principal.  ECF No. 14.  Defendants ignore the timely investigatory work actually performed.

Disregarding the already robust record of infringement, Defendants' pre-motion letter urges this Court to draw inferences in Defendants' favor, inappropriate on a motion for summary judgment, much less a motion to dismiss.  It also ignores rulings out of Singapore that are central to this action.  Wave sued General Hotel Management LTD ("GHM") and dozens of other Defendants in this Court for copyright infringement.  GHM moved for summary judgment, and in 2017 Hon. Cathy Seibel granted GHM's motion on forum *non conveniens* grounds.  The Court was "persuaded that Singapore copyright law is well developed" and that liability should be decided in Singapore.  Meanwhile, the Court stayed Wave's claims against all other Defendants "pending the resolution" of the Singapore Action on liability.

After a nine-day trial, in January 2022, the High Court of Singapore rendered a complete Plaintiff's verdict on liability.  See ECF No. 13, Exhibit 1.  A year later, the Singapore High Court Appellate Division affirmed the decision and dismissed GHM's appeal.  ECF No. 13, Exhibit 2. GHM did not further appeal.  Of these findings this Court has written: "Plaintiff makes a strong argument that under principles of comity, this Court should honor the Singapore Courts' decisions…finding that Plaintiff owned the copyrighted works under its Copyright Registrations and that GHM infringed on those rights by disseminating the copyrighted works to third parties without authorization."  ECF No. 37 at 19.

To dismiss this action without permitting Plaintiff to discover how it is that Defendants are currently infringing Wave's copyrights (through GHM or otherwise) on a motion to dismiss is to ignore the robust record – and absolve Defendants from ongoing wrongdoing.

                                                   Respectfully Submitted,

                                                   *Gabriel Berg*

                                                   Gabriel Berg
                                                   Partner

---

tayQualifier=2e0e&rsc=1e2e0e&searchText=The%20Setai&topHtlId=8436720888278770&mtkeys=-3414963814793778582

62062916.1