UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>TRIVAGO N.V., TRIVAGO SERVICES US, LLC, TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., SKYSCANNER LTD., MAKEMYTRIP INDIA PVT. LTD., MAKEMYTRIP.COM, INC., DESPEGAR.COM CORP., AND DESPEGAR.COM USA, INC.,<br><br>                Defendants. | Case No. 7:23-cv-03586<br><br>Related Action: *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED[1]<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TRIVAGO N.V.'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant trivago N.V. ("trivago"),[2] by and through its attorneys, Smith, Gambrell &

Russell, LLP, submits the following Answer to Plaintiff The Wave Studio, LLC's ("Wave")

Second Amended Complaint as follows:

**NATURE OF THIS ACTION**

1.    This copyright infringement action arises out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of Wave's photographs in connection with Defendants' promotion, advertisement, marketing and sale of hotel and travel bookings on websites across the United States and the world. This case is part-and-parcel of Wave's pending action in this Court, *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No.: 7:13-cv-09239-CS-PED.

---

[1] The related case, No.: 7:13-cv-09239-CS-PED, consolidates and jointly administers all of Wave's substantially similar copyright cases pending in this Court.

[2] This answer is provided on behalf of trivago N.V. only. Trivago Services US, LLC has not been served and is not involved in the operation of the accused website and mobile application. trivago makes this answer on behalf of trivago N.V. only. To the extent any allegation asserts facts with respect to Trivago Services US, LLC in addition to trivago N.V. (i.e., by use of a defined term "Trivago" to refer to both entities), trivago denies each and every allegation to the extent it relates to Trivago Services US, LLC. To the extent any allegation pleads conduct undertaken by "Defendants," trivago answers on behalf of trivago only. trivago lacks information sufficient to admit or deny any action taken by any Defendant other than trivago.

**ANSWER:**    trivago admits the allegations in paragraph 1 that this is a copyright infringement

action that alleges unauthorized reproduction of photographs and admits this case is related to case

no. 7:13-cv-09239-CS-PED. trivago denies this action is warranted or that Wave is entitled to the

relief sought and denies the remainder of the allegations in paragraph 1.

2.    On December 31, 2013, Wave sued General Hotel Management Ltd. ("GHM") – and what are today roughly ninety-five other Defendants – in the Southern District of New York (White Plains) for copyright infringement of Wave's photographs primarily related to hotel and travel websites.  GHM, which manages upscale hotels and had a decade-long relationship with Wave, used the photographs without Wave's consent.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 2

which are, therefore, denied.

3.    Early into the related case, GHM proposed to stay the case as to all other Defendants on the theory that if GHM had the right to use and disseminate the photographs, such a right would be case-dispositive as to GHM and the vast majority of the other Defendants.  Wave agreed.  After roughly three years of discovery, this Court dismissed the related action on forum *non conveniens* grounds, severing the liability and damages phases of the case, directing liability to be decided in Singapore and otherwise staying the New York case.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 3

which are, therefore, denied.

4.    Wave, in turn, was one of the Plaintiffs who sued the GHM Defendants in Singapore to establish ownership of the copyrighted images and GHM's infringement of the photographs.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 4

which are, therefore, denied.

5.    On January 18, 2022, the Singapore High Court rendered a decision in the Singapore Plaintiffs' favor on all liability issues. In the 117-page decision, the Singapore Court praised the honesty of Wave's sole owner, member and manager, Lee Kar Yin (a/k/a Junior Lee) ("Ms. Lee").  The Singapore Court's decision was affirmed by the Singapore High Court, Appellate Division, in February 2023.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 5

which are, therefore, denied.

6.    Ms. Lee is a creative director, interdisciplinary artist, and entrepreneur who, through Wave, creates distinctive branding, advertising, marketing and promotional materials for prominent hotels and renowned travel organizations worldwide. Wave contracts with hotel management companies, promotional agencies or directly with hotels and travel companies to perform her work. As the Singapore Courts found against GHM, under the express terms of the Wave contracts Wave retains sole and exclusive ownership of all rights, title, and interest in the photographs, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 6

which are, therefore, denied.

7.    Just as in the related action, Defendants in this action have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs – without authorization – to generate traffic to their websites, mobile sites and apps for their own financial gain, including using Plaintiff's photographs on their own websites, and in articles, photo galleries, videos and promotional materials.

**ANSWER:**    trivago denies the allegations in paragraph 7.

8.    Wave seeks monetary damages to remedy and redress Defendants' rampant, willful, and continued infringement of Plaintiff's copyrighted photographs.

**ANSWER:**    trivago admits the allegation in paragraph 8 that Wave seeks monetary damages but

denies Wave is entitled to them and denies the remainder of the allegations in paragraph 8.

9.    The Singapore Courts, both lower and appellate, conclusively found: (a) Wave owned the Copyrighted Works; (b) the GHM Defendants infringed Wave's copyrights; and (c) Wave proved infringement by tracing the copyrighted photograph to each Defendants' website using automated reverse search engines and confirmatory backlinks. Therefore, the only remaining issue to be tried to the jury is damages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in the first

sentence of paragraph 9 which are, therefore, denied. trivago denies the allegations in the second

sentence of paragraph 9.

10.     The one fact on which all parties agree in the related and Singapore actions is that Wave's artworks are impeccable. It is the reason that the dissemination has been so widespread and so many Defendants have been named in these related matters. As Wave's copyrighted works continue to be infringed on websites, mobile sites and apps in the hotel and travel industries, Wave reserves the right to add more parties to this action or file new related cases.

**ANSWER:**     trivago denies the allegations in paragraph 10 to the extent a response is required.

## JURISDICTION AND VENUE

11.     This Complaint alleges causes of action under the Copyright laws of the United States, Title 17 of the United States Code.

**ANSWER:**     trivago admits the allegations in paragraph 11 that Wave seeks recourse under U.S.

Copyright law but denies Wave is entitled to such recourse.

12.     This Court has subject-matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

**ANSWER:**     For purposes of this litigation only, trivago does not challenge subject-matter

jurisdiction.

13.     This Court has personal jurisdiction over Defendants pursuant to substantial and continuous contacts with the state of New York that all relate to and/or form the basis of this action and/or because Defendants have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective content delivery networks, application programming interfaces, software as a service platforms, websites, mobile sites and apps.

**ANSWER:**     For purposes of this litigation only, trivago does not challenge personal jurisdiction.

trivago denies the remaining allegations in paragraph 13.

14.     Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this District because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside or are found within this District within the meaning of 28 U.S.C. § 1400(a).

**ANSWER:**     For purposes of this litigation only, trivago does not challenge venue. trivago denies

the remaining allegations in paragraph 14.

## THE PARTIES

15.     Plaintiff is a limited liability company organized under the laws of the State of New York, with its principal place of business at 122 East 42nd Street, 18th Floor, New York, New York 10168.  Plaintiff is a business entity operated by creative director Ms. Lee, a Malaysian citizen and a permanent resident of Singapore.  Plaintiff was formed to hold, manage, and control the United States intellectual property rights to certain works, including, but not limited to, United States copyright registrations for photographs created by Ms. Lee and/or employees of corporate entities controlled by Ms. Lee.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

15 which are, therefore, denied.

16.     Upon information and belief, Defendant Trivago N.V. is a German corporation located at Kesselstrasse 5 – 7, 40221 Düsseldorf, Germany.  Defendant Trivago Services US, LLC is a Delaware limited liability company with an office at 140 Broadway, 46th Floor, New York, New York 10005.  Trivago N.V. and Trivago Services US, LLC are collectively referred to herein as "Trivago."  Trivago, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name www.trivago.com (and other websites) maintained online in numerous countries, including the United States, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, Trivago regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.trivago.com, as well as for related content delivery networks, mobile apps, mobile sites, and other means not known to Plaintiff.

**ANSWER:**    trivago admits only that trivago is located at Kesselstrasse 5 – 7, 40221 Düsseldorf,

Germany and that it owns and operates the website at www.trivago.com, as well as a related mobile

application.  trivago makes this answer on behalf of trivago N.V. only; accordingly, trivago denies

the allegations with respect to Trivago Services US, LLC.  trivago denies the remaining allegations

in paragraph 16 to the extent understood.

17.     Upon information and belief, Defendant Trip.com Group Limited ("Trip.com") is a Cayman Island corporation with its principal place of business located at 968 Jin Zhong Road, Shanghai, China 200335.  Trip.com, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name www.trip.com,          www.skyscanner.com,          www.gogobot.com,          www.ctrip.com,

www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app (and other websites), maintained online in numerous countries, including in the United States, and in many languages, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Trip.com regularly transacts or solicits business in this District through, *inter alia*, websites resolving to www.trip.com, www.skyscanner.com, www.ctrip.com, www.gogobot.com, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, and us.trip.com mobile app, as well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

17 which are, therefore, denied.


18.    Upon information and belief, Defendant Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore"), a Singapore corporation with its principal place of business located at 1 Harbourfront Avenue, Keppel Bay Tower, Singapore 098632, is a subsidiary of or otherwise affiliated with Trip.com. Trip.com Singapore, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.trip.com (and other websites), maintained online in numerous countries, including the United States, and in many languages, as well as related content delivery networks, mobile apps and sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Trip.com Singapore regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.trip.com.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

18 which are, therefore, denied.


19.    Upon information and belief, Skyscanner Ltd. ("Skyscanner") is a company incorporated in the United Kingdom, with an office in the United States located at 777 Brickell Avenue, Miami, Florida 33131. Upon information and belief, Skyscanner is a subsidiary of or is otherwise affiliated with Trip.com. Skyscanner, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.skyscanner.com (and other websites), maintained online in numerous countries, including in the United States, and in many languages, as well as for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Skyscanner regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.skyscanner.com (and other domains), as well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

19 which are, therefore, denied.

20.    Upon    information    and    belief,    Defendant    MakeMyTrip.com,    Inc. ("MakeMyTrip.com") is a Delaware corporation located at 60 East 42nd Street, Suite 605, New York, New York 10165.  Upon information and belief, MakeMyTrip.com is affiliated with MakeMyTrip India Pvt. Ltd., an Indian Company located at Tower A/B/C Epitome, Building No. 5, DLF Cyber City, DLF Phase III, Sector 25, Gurugram, Haryana 122002, India.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

20 which are, therefore, denied.


21.    Upon information and belief, Defendant MakeMyTrip.com is a subsidiary of Trip.com or otherwise affiliated with Trip.com.  Upon information and belief, MakeMyTrip.com, itself or through affiliated entities, owns, uses, and/or provides content and/or has owned, used, and/or provided content for the domain name www.makemytrip.com (and other websites), maintained online in numerous countries including the United States and in multiple languages, for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, MakeMyTrip regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.makemytrip.com, as well as for related content delivery networks, mobile apps, mobile sites, and other electronic means.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

21 which are, therefore, denied.


22.    Upon information and belief, Defendant Despegar.com Corporation ("Despegar") is a British Virgin Islands corporation with its principal executive office located at Juana Manso 999, Ciudad Autónoma de Buenos Aires, Argentina C1107CBR. Upon information and belief, Despegar, itself or through affiliated entities, owns, uses, and/or provides content and/or has owned, used, and/or provided content for the domain names www.despegar.com, www.viajesfalabella.com.co, www.us.despegar.com,  and  www.decolar.com, maintained online in  numerous countries including the United States and in multiple languages, for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means.  Upon information and belief, Despegar regularly transacts or solicits business in  this  District  through,  inter  alia,  websites  resolving  to  www.despegar.com, www.us.despegar.com, www.viajesfalabella.com.co, and www.decolar.com..

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

22 which are, therefore, denied.


23.    Upon information and belief, Defendant Despegar.com USA, Inc. ("Despegar USA") is a Delaware corporation with an office located at 5201 Blue Lagoon Drive, Suite 927, Miami, Florida 33126.  Upon information and belief, Despegar USA is a subsidiary of or otherwise

affiliated with Despegar and, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at    least the domain names www.despegar.com, www.us.despegar.com, www.viajesfalabella.com.co, and www.decolar.com and other websites, maintained online in numerous countries including the United States and in multiple languages, for related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means. Upon information and belief, Despegar USA regularly transacts or solicits business in this District through, *inter alia*, websites resolving to    www.despegar.com,    www.us.despegar.com,    www.viajesfalabella.com.co,    and www.decolar.com.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

23 which are, therefore, denied.

## FACTUAL BACKGROUND

### A.    Creation of the Works At Issue

24.    Ms. Lee is a professional photographer, interdisciplinary artist, designer, creative director, and entrepreneur. Over more than 20 years, Ms. Lee has been in the business of advertising, art, graphic design, and photography, successfully establishing herself in the travel and hotel industries worldwide.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

24 which are, therefore, denied.

25.    Ms. Lee's Wave business is promotional in nature, involving the conception and development of branding campaigns and the design, creation, and execution (including photography, copywriting, composing the artwork, choosing appropriate color separation, and supervising the printing and/or production process) required to produce associated marketing materials such as flyers, brochures, press kits, packaging and calendars.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

25 which are, therefore, denied.

26.    One element often required was for Ms. Lee to create the component images, which required the following steps: surveying the intended site, setting up artistic elements and accents to convey the desired impression of the site, designing the photograph's composition (including subject, angle, framing, lighting, and other technical as well as mechanical considerations), photographing certain items, personnel, sites, or facilities, conducting significant post-production work on the images with post- production image adjustments as necessary, and delivering the final edited images for the client's approval. Wave usually was compensated via the client's purchase

of the marketing materials that reflected the brand concept designed by Ms. Lee, which in many instances incorporated the photographs created by Wave. In other words, the client purchased the marketing materials designed and manufactured by Wave, inclusive of a limited license to distribute the physical marketing materials themselves. None of Wave's clients purchased the underlying photographs or their copyrights, or any right to further use, reproduce, and/or distribute them.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

26 which are, therefore, denied.


27.    In the course of providing the services, Wave would issue production estimates and invoices to their clients. These estimates and invoices specifically reserved all rights to the works. One of the rights reserved was the ownership of the photographs, including the copyrights. Photographs that Ms. Lee and Wave created (collectively and individually, the "Copyrighted Works") are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

27 which are, therefore, denied.


28.    Ms. Lee and Wave have created photographs of numerous luxury hotels, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), and The Lalu Sun Moon Lake (Taiwan) (collectively, the "Hotels").

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

28 which are, therefore, denied.


**B.    Plaintiff Registered Copyrights in the Photographs at Issue**

29.    The Wave Entities obtained copyright registrations from the United States Copyright Office for the Copyrighted Works. *See, The Wave Studio, LLC v. Citibank, N.A., et al.*, Case No. 7:22-cv-05141-CS, Dkt. No. 1 at Exhibit 1-A-1-G. These copyright registrations are as follows:

| Registration Number | Title of Work |
|---|---|
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-824-376 | The Wave Design Pte. Ltd.- datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd.- detai104 |
| VA 1-825-264 | The Wave Design Pte. Ltd.- andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D) - chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) - legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. - andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd. - bkk018 - bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 - chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 - lalu159 |
| VA-1-942-993 | The Wave Design Pte. Ltd. - setai1182 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai960 – setai1179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183;0184 |
| VAu 1-060-182 | Wave-S unpublished setai959 |

| Registration Number | Title of Work |
|---|---|
| VAu 1-110-867 | The Wave Design Pte. Ltd. - Unpublished Photograph setai 1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. - Unpublished setai1181 |

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

29 which are, therefore, denied.


30.    On September 1, 2011, Ms. Lee formed Plaintiff for the purposes of holding, administering, and enforcing the copyrights to the Copyrighted Works.  Ms. Lee and prior Wave entities entered into a series of assignments to assign the copyright registrations to Plaintiff.  These assignments were recorded with the United States Copyright Office.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

30 which are, therefore, denied.


### C.    The Original New York Action

31.    Plaintiff filed the original complaint in the related case in this Court on December 31, 2013, and an Amended Complaint on April 23, 2014.  Soon after the Amended Complaint was filed, GHM and Wave made the agreement to stay the case as to all other Defendants.  The parties engaged in extensive discovery from 2013-2016.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

31 which are, therefore, denied.


32.    Between October 2014 and May 2017, Wave filed nine additional cases based on substantially similar allegations and claims.  Each case was consolidated in the case number 7:13-cv-09239-CS-PED, and all cases are being administered under that case number.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

32 which are, therefore, denied.

33.     On March 10, 2017, this Court issued a ruling on both Plaintiff's and GHM's motions for summary judgment.  GHM sought dismissal of the action based on forum *non conveniens* grounds.  Both Plaintiff and GHM moved to vindicate their rights on the merits, i.e., the propriety or impropriety of GHM's use and dissemination of Wave's works.

**ANSWER:**     trivago lacks sufficient information to admit or deny the allegations in paragraph

33 which are, therefore, denied.

34.     The Court did not reach the merits of whether GHM's use of Wave's copyrighted materials was proper.  Instead, the Court severed and stayed the claims, dismissing the case on forum *non conveniens* grounds and deferred to the Court in Singapore to make the liability determinations.  This Court retained jurisdiction on the damages phase of the case.  As to all other Defendants, the New York Court left the stay in place.

**ANSWER:**     trivago lacks sufficient information to admit or deny the allegations in paragraph

34 which are, therefore, denied.

35.     Applying New York law, this Court considered the "adequacy of the alternative forum" as part of its forum *non conveniens* analysis.  The Court cited a series of cases, which, fundamentally hold: "the High Court of Singapore is an adequate alternative forum in which to adjudicate [plaintiff's] United States copyright infringement claim," because "copyright is a statutory right in Singapore, which is a common law jurisdiction . . . whose laws were influenced significantly by U.K. and, more recently, Australian law."  Ultimately, the Court concluded: "I am persuaded that Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore."

**ANSWER:**     trivago lacks sufficient information to admit or deny the allegations in paragraph

35 which are, therefore, denied.

### D.     The Singapore Trial

36.     After a nine-day trial, on January 18, 2022, the High Court of the Republic of Singapore rendered a 117-page decision.  The outcome was a complete Plaintiff's verdict on liability.  The Singapore Court found that:

(1)     At the time of their creation, Plaintiff owned all of the Copyrighted Works used by GHM;

(2)     Plaintiff currently owns the Copyrighted Works used by GHM;

(3)    The chain of title for all rights and ownership of the Copyrighted Works was intact and flowed from prior Wave entities to Wave;

(4)    Plaintiff had not provided an implied license to the Hotels or GHM to use the Copyrighted Works for marketing, branding, and advertising purposes;

(5)    GHM infringed Wave's Copyrighted Works by using and disseminating them publicly; and

(6)    GHM's defenses of laches, acquiescence and estoppel failed.

*The Wave Studio Pte. Ltd., et al. v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018).

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

36 which are, therefore, denied.


37.    Noteworthy in the Singapore opinion, is the Singapore Court's respect for Ms. Lee. All issues that turned on credibility systematically were decided in Ms. Lee's favor and included harsh criticism of Defendants.  One sentence in the opinion stands out most: "Ms Lee's account of events struck me as being honest: she maintained her account of events under cross-examination and made no attempt to embellish it.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

37 which are, therefore, denied.


38.    GHM appealed the decision to the Appellate Division of the High Court of the Republic of Singapore.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

38 which are, therefore, denied.


**E.    The Singapore Appeal**

39.    Immediately on conclusion of the February 13, 2023 hearing, the appeal was dismissed by the Appellate Division of the High Court of the Republic of Singapore.  The Singapore Appellate Division's confirmed the lower court's finding for Wave on liability. The affirmance by the Appellate Division of the High Court of Singapore renders the decision final because GHM did not move for leave to appeal to the Court of Appeal.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

39 which are, therefore, denied.

### F.    Defendants in this Action Infringe Plaintiff's Copyrights

40.    Upon information and belief, Trivago operates an online hotel search platform that allows users to search for, compare, and book hotels.  Trivago also offers marketing tools and services to hotels and hotel chains, as well as to online travel agencies and advertisers, among others. Trivago, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trivago.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  Trivago further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in many languages.

**ANSWER:**    trivago admits the allegations in paragraph 40 that trivago operates an online hotel

metasearch platform that allows users to search for and compare hotels.  trivago further admits that

trivago provides marketing services to its advertisers, who are independent hotels, hotel chains,

and online travel agencies. trivago denies the remainder of the allegations in paragraph 40.


41.    Upon information and belief, Trip.com facilitates hotel and other travel bookings to more than 400 million members as well as other unregistered consumers, making it one of the leading online travel agencies in the world.  Trip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trip.com, www.skyscanner.com, www.ctrip.com, www.gogobot, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and other additional websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District.  Trip.com further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in numerous languages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

41 which are, therefore, denied.


42.    Upon information and belief, Trip.com Singapore operates, manages, and/or controls the webpage resolving to www.trip.com. Trip.com Singapore has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to www.trip.com, www.skyscanner.com,

www.gogobot.com, and www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and perhaps other additional websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Trip.com Singapore further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in numerous languages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

42 which are, therefore, denied.


43.    Upon information and belief, Skyscanner operates, manages, and/or controls the webpage resolving to www.skyscanner.com.    Skyscanner has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through a website resolving to www.skyscanner.com, and other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Skyscanner further distributed one or more copies of Plaintiff's Copyrighted Works in many countries and in numerous languages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

43 which are, therefore, denied.


44.    Upon information and belief, MakeMyTrip.com is affiliated with MakeMyTrip India as the company's United States branch office operating in New York. Upon information and belief, MakeMyTrip.com is also a subsidiary or otherwise affiliated with Trip.com. MakeMyTrip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps resolving to, at least, www.makemytrip.com and www.hoteltravel.com, www.goibibo.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. MakeMyTrip.com further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and in multiple languages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

44 which are, therefore, denied.


45.    Upon information and belief, Despegar USA is affiliated with Despegar. Upon information and belief, Despegar USA, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through its websites resolving to www.despegar.com, www.us.despegar.com, www.viajesfalabella.com.co,

and www.decolar.com, and perhaps other additional websites, CDNs, mobile apps, mobile websites, or other media currently unknown to Plaintiff, which on information and belief were accessible and viewed by individuals within the United States and this District, and in numerous countries and languages. On information and belief, Despegar USA further distributed one or more copies of Plaintiff's Copyrighted Works in numerous countries and languages.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

45 which are, therefore, denied.

46.    Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public. Nor have Defendants ever sought Plaintiff's, Ms. Lee's, or Wave's permission to use or reproduce the Copyrighted Works.

**ANSWER:**    trivago admits the allegations in paragraph 46 that Plaintiff did not assign, license,

or otherwise transfer interest in its copyrighted photographs to trivago and that trivago has not

sought Plaintiff's or Ms. Lee's permission to use or reproduce the same. trivago lacks sufficient

information to admit or deny the remainder of the allegations in paragraph 46 which are, therefore,

denied.

47.    Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and/or continue to use, reproduce or distribute the Copyrighted Works in violation of Plaintiff's exclusive rights as copyright owner and have not compensated Plaintiff for such use.

**ANSWER:**    trivago denies the allegations in paragraph 47 with respect to any action by trivago.

trivago lacks sufficient information to admit or deny the remaining allegations in paragraph 47

which are, therefore, denied.

48.    The Copyrighted Works that are the subject of this Complaint have been seen and continue to be seen by thousands, and likely millions, of visitors to the Defendants' various platforms in the United States and worldwide.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

48 which are, therefore, denied.

49.     Defendants have utilized the Copyrighted Works for purposes of enhancing their respective businesses, including by promoting and advertising their respective bookings to the boutique and high-end hotels featured in the Copyrighted Works, or by advertising their services and/or attractions by using photographs of the boutique and high-end hotels featured in the Copyrighted Works, which, in turn, yields significant revenue for the Defendants, all without Plaintiff's authorization.

**ANSWER:**    trivago denies the allegations in paragraph 49.

### G.    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

50.     On May 5, 2023, Plaintiff moved this Court by order to show cause for a temporary restraining order and preliminary injunction.  This Court held a hearing on May 12, 2023.

**ANSWER:**    trivago admits the allegations in paragraph 50.

51.     On the record, Plaintiff and trivago entered into a stipulation to resolve the pending motion.  On the record, trivago agreed to cooperatively remove Wave's photographs from their electronic platforms.

**ANSWER:**    trivago admits the allegations in paragraph 51 that, on the record, it agreed to work cooperatively with Plaintiff in an attempt to resolve this dispute. trivago denies the remaining allegations of paragraph 51, which mischaracterize the record.  The record speaks for itself.

52.     Ultimately, the Court denied the temporary restraining order and preliminary injunction as to the remaining defendants, principally on jurisdiction and irreparable harm grounds. In granting leave to amend this complaint the Court encouraged Plaintiff to "submit a certificate regarding whether to its knowledge the International Defendants are not subject to the general jurisdiction of another state" and to "specify which specific works it claims that each of the Defendants is infringing upon."

**ANSWER:**    trivago admits the allegations in paragraph 52.

53.     To comply with this Court's order, Wave has identified as many infringements as it can per Defendant.  However, there is a library of over 3,000 Copyrighted Works connected to the Hotels, exclusively owned by Wave, which only Defendants, their marketing partners and others to whom the photographs are referred by Defendants can identify from their own public and non-public electronic platforms, as infringing.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

53 which are, therefore, denied.

54.    To date, Wave has identified not less than 378 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by trivago, trivago's marketing partners and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

53 which are, therefore, denied.

55.    The photographs trivago is infringing on include:

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Andaman Langkawi (Malaysia) | VA 1-432-331 | 3 | Ex. 1 |
| Carcosa Seri Negara Kuala Lumpur (Malaysia) | VA 1-432-332 | 16 | Ex. 1 |

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number | |
|---|---|---|---|---|
| The Chedi Club Ubud (Bali) | VA 1-432-329 | 22 | Ex. 1 | |
| The Chedi Club Ubud (Bali) | VA 1-825-429 | 2 | Ex. 1 | |
| The Chedi Chiang Mai (Thailand) | VA 1-432-326 | 10 | Ex. 4 | |
| The Datai Langkawi (Malaysia) | VA 1-432-331 | 6 | Ex. 5 | |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-325 | 72 | Ex. 6 | |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-324 | 24 | Ex. 6 | |
| The Leela Goa (India) | VA 1-432-329 | 58 | Ex. 7 | |
| The Chedi Muscat (Oman) | VA 1-432-328 | 26 | Ex. 8 | |
| The Chedi Muscat (Oman) | VA 1-432-332 | 24 | Ex. 8 | |
| The Chedi Muscat (Oman) | VA 1-432-325 | 4 | Ex. 8 | |
| The Setai Miami (USA) | VA 1-432-331 | 16 | Ex. 11 | |
| The Setai Miami (USA) | VA 1-432-329 | 8 | Ex. 11 | |
| The Setai Miami (USA) | VA 1-432-330 | 4 | Ex. 11 | |
| The Setai Miami (USA) | VA 1-758-524 | 10 | Ex. 11 | |
| The Setai Miami (USA) | VAu 1-057-927 | 2 | Ex. 11 | |
| The Setai Miami (USA) | VA 1-432-332 | 13 | Ex. 11 | |
| The Setai Miami (USA) | VAu 1-055-459 | 3 | Ex. 11 | |

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Club at The Legian Seminyak (Bali) | VA 1-765-854 | 3 | Ex. 12 |

**ANSWER:**     trivago denies the allegations in paragraph 55.

56.     Wave and trivago currently are working on a formal stipulation to establish the mechanics of how to identify as many of the Wave photographs to be removed from trivago's electronic platforms as possible.

**ANSWER:**     trivago objects to the allegations in paragraph 56 pursuant to Federal Rule of Evidence 408.  This allegation consists entirely of characterizations of conduct or statements made during compromise negotiations to prove or disprove the validity or amount of Plaintiff's claims. Subject to that objection, trivago denies the allegations in paragraph 56.

57.     To date, Wave has identified not less than 101 photographs, excluding reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Trip.com, other websites controlled by Trip.com, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

**ANSWER:**     trivago lacks sufficient information to admit or deny the allegations in paragraph 57 which are, therefore, denied.

58.     The photographs Trip.com is infringing on include:

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-324 | 7 | Ex. 13 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-325 | 30 | Ex. 14 |
| The Nam Hai Hoi An (Vietnam) | VA 1-432-326 | 11 | Ex. 15 |
| The Chedi Chiang Mai (Thailand) | VA 1-432-326 | 4 | Ex. 16 |
| The Saujana Kuala Lumpur (Malaysia) | VA 1-432-327 | 2 | Ex. 17 |

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Chedi Muscat (Oman) | VA 1-432-328 | 1 | Ex. 18 |
| The Chedi Muscat (Oman) | VA 1-432-332 | 1 | Ex. 19 |
| The Setai Miami (USA) | VA 1-432-329 | 2 | Ex. 20 |
| The Setai Miami (USA) | VA 1-432-330 | 2 | Ex. 21 |
| The Setai Miami (USA) | VA 1-432-331 | 4 | Ex. 22 |
| The Setai Miami (USA) | VA 1-432-332 | 13 | Ex. 23 |
| The Setai Miami (USA) | VAu 1-055-458 | 2 | Ex. 24 |
| The Setai Miami (USA) | VA 1-758-524 | 4 | Ex. 25 |
| The Setai Miami (USA) | VAu 1-055-458 | 2 | Ex. 26 |
| The Setai Miami (USA) | VAu 1-055-459 | 2 | Ex. 27 |
| The Setai Miami (USA) | VAu 1-057-927 | 1 | Ex. 28 |
| The Leela Goa (India) | VA 1-432-329 | 2 | Ex. 29 |
| The Chedi Club Ubud (Bali) | VA 1-432-329 | 4 | Ex. 30 |
| Carcosa Seri Negara Kuala Lumpur (Malaysia) | VA 1-432-332 | 7 | Ex. 31 |

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

58 which are, therefore, denied.

59.    To date, Wave has identified not less than 113 photographs, excluding reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works, that are being infringed by Skyscanner, other websites controlled by Skyscanner, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

22

59 which are, therefore, denied.

60.    The photographs Skyscanner is infringing on include:

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Andaman Langkawi (Malaysia) | VA 1-432-331 | 3 | Ex. 32 |
| The Chedi Chiang Mai (Thailand) | VA 1-432-326 | 7 | Ex. 33 |
| The Chedi Chiang Mai (Thailand) | VA 1-432-329 | 2 | Ex. 34 |
| The Datai Langkawi (Malaysia) | VA 1-432-331 | 5 | Ex. 35 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-325 | 24 | Ex. 36 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-324 | 6 | Ex. 37 |
| The Leela Goa (India) | VA 1-432-329 | 27 | Ex. 38 |
| The Chedi Muscat (Oman) | VA 1-432-325 | 1 | Ex. 39 |
| The Chedi Muscat (Oman) | VA 1-432-328 | 3 | Ex. 40 |
| The Chedi Muscat (Oman) | VA 1-432-332 | 5 | Ex. 41 |
| The Club at The Legian Seminyak (Bali) | VA 1-432-330 | 3 | Ex. 42 |
| The Club at The Legian Seminyak (Bali) | VA 1-765-854 | 1 | Ex. 43 |
| The Club at The Legian Seminyak (Bali) | VA 1-432-325 | 1 | Ex. 44 |
| The Setai Miami (USA) | VA 1-432-329 | 1 | Ex. 45 |

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Setai Miami (USA) | VA 1-432-330 | 1 | Ex. 46 |
| The Setai Miami (USA) | VA 1-432-331 | 2 | Ex. 47 |
| The Setai Miami (USA) | VAu 1-055-459 | 2 | Ex. 48 |
| The Setai Miami (USA) | VA 1-432-332 | 2 | Ex. 49 |
| The Setai Miami (USA) | VAu 1-055-458 | 2 | Ex. 50 |
| The Chedi Club Ubud (Bali) | VA 1-432-329 | 14 | Ex. 51 |
| The Chedi Club Ubud (Bali) | VA 1-825-429 | 1 | Ex. 52 |

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

60 which are, therefore, denied.

61.    To date, Wave has identified not less than 29 photographs, excluding reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by MakeMyTrip.com, other websites controlled by MakeMyTrip.com, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

61 which are, therefore, denied.

62.    The MakeMyTrip infringing photographs include:

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-325 | 20 | Ex. 53 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-324 | 2 | Ex. 54 |
| The Leela Goa (India) | VA 1-432-329 | 6 | Ex. 55 |
| The Chedi Muscat (Oman) | VA 1-432-332 | 1 | Ex. 56 |

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

62 which are, therefore, denied.

63.    The information for MakeMyTrip is in the process of being updated and even a cursory review of the MakeMyTrip.com site evidences a much more widespread infringement.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

63 which are, therefore, denied.

64.    The photographs Despagar is infringing on include:

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Andaman Langkawi (Malaysia) | VA 1-432-331 | 45 | Ex. 57 |
| The Chedi Chiang Mai (Thailand) | VA 1-432-326 | 54 | Ex. 58 |
| The Datai Langkawi (Malaysia) | VA 1-432-331 | 54 | Ex. 59 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-325 | 222 | Ex. 60 |
| The Lalu Sun Moon Lake (Taiwan) | VA 1-432-324 | 27 | Ex. 61 |
| The Leela Goa (India) | VA 1-432-329 | 233 | Ex. 62 |
| The Chedi Muscat (Oman) | VA 1-432-328 | 63 | Ex. 63 |
| The Chedi Muscat (Oman) | VA 1-432-332 | 9 | Ex. 64 |
| The Nam Hai Hoi An (Vietnam) | VA 1-432-326 | 81 | Ex. 65 |
| The Setai Miami (USA) | VA 1-432-331 | 45 | Ex. 66 |
| The Setai Miami (USA) | VAu 1-057-927 | 9 | Ex. 67 |
| The Setai Miami (USA) | VA 1-432-330 | 27 | Ex. 68 |
| The Setai Miami (USA) | VA 1-758-524 | 54 | Ex. 69 |

| Hotel | Copyright Registration Number | Number of Photographs | Exhibit Number |
|---|---|---|---|
| The Setai Miami (USA) | VAu 1-055-459 | 27 | Ex. 70 |
| The Setai Miami (USA) | VA 1-432-332 | 125 | Ex. 71 |
| The Setai Miami (USA) | VAu 1-055-458 | 18 | Ex. 72 |

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

64 which are, therefore, denied.

65.    Again, to comply with this Court's order, Wave has identified as many infringing works as it can per Defendant.  There is a library of over 3,000 Copyrighted Works connected to the Hotels, exclusively owned by Wave, which only Defendants can identify from their own electronic platforms as infringing because Wave has no access to all of Defendants' electronic platforms, many of which are not public.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

65 which are, therefore, denied.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement Against All Defendants)
### (17 U.S.C. § 101 *et seq.*)

66.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs above.

**ANSWER:**    trivago realleges and incorporates by reference each and every answer contained in

the foregoing paragraphs above.

67.    Defendants have directly infringed Plaintiff's Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 et seq.  With regard to distribution, Defendants, either directly themselves or through affiliated entities or partners, have distributed Plaintiff's Copyrighted Works to additional third parties without Plaintiff's authorization, each act of which constitutes a separate infringing act subject to all remedies available to Plaintiff under the Copyright Act.

**ANSWER:**    trivago denies the allegations in paragraph 67.

68.    Defendants copied Plaintiff's entire images for their own personal commercial gain without Plaintiff's authorization.

**ANSWER:**    trivago denies the allegations in paragraph 68.

69.    Moreover, Defendants' use of the Copyrighted Works is for substantially the same purpose as Plaintiff's intended use:  to promote and market lifestyles, hotel properties, and

destination locations or to advertise and promote examples of Plaintiff's artistic works. Thus, there is no added benefit to the public by Defendants' display of Plaintiff's Copyrighted Works.

**ANSWER:**    this paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, trivago denies the allegations in paragraph 69.

70.    Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph 70 and therefore denies the same.

71.    Defendants' infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

**ANSWER:**    This paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, trivago denies the allegations in paragraph 71.

72.    Defendants' conduct was willful within the meaning of the Copyright Act.

**ANSWER:**    trivago denies the allegations in paragraph 72.

73.    Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct.

**ANSWER:**    trivago denies the allegations in paragraph 73.

74.    Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

**ANSWER:**    trivago admits only that, based on the allegations in the Second Amended

Complaint, Plaintiff seeks damages under the Copyright Act but denies Plaintiff is entitled to such

damages.  trivago denies the remainder of the allegations in paragraph 74.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement Against All Defendants)
### (17 U.S.C. § 101 *et seq.*)

75.    Plaintiff realleges and incorporates by reference each and every allegation
contained in the foregoing paragraphs above.

**ANSWER:**    trivago realleges and incorporates by reference each and every answer contained

in the foregoing paragraphs above.

76.    Upon information and belief, Defendants have each contributorily infringed
Plaintiff's rights in the Copyrighted Works.  Each of such Defendants has, for their own profit,
distributed, provided, or otherwise trafficked, without Plaintiff's authorization, the Copyrighted
Works to third parties with the intention that such third parties display, reproduce, copy, and/or
further distribute the Copyrighted Works for such third parties' profit, all in violation of
Plaintiff's exclusive rights under the Copyright Act to the Copyrighted Works.

**ANSWER:**    trivago denies the allegations in paragraph 76.

77.    Defendants knew, or should have known, that they did not have ownership or
licensed rights, nor Plaintiff's authorization, to engage in such unauthorized distribution,
provision, and trafficking of the Copyrighted Works to such third parties. Further, because
Defendants engaged in such distribution, provision, and trafficking of the Copyrighted Works to
such third parties with the intention that such third parties display, reproduce, copy, and/or further
distribute the Copyrighted Works for such third parties' profit without Plaintiff's authorization,
Defendants knowingly and unlawfully induced such third parties to directly infringe Plaintiff's
exclusive rights in the Copyrighted Works, in violation of 17 U.S.C. § 501 *et seq.*

**ANSWER:**    trivago denies the allegations in paragraph 77.

78.    Specifically, without authorization or consent, Defendants, and each of them,
distributed, provided, or otherwise trafficked to third parties, at least Plaintiff's Copyrighted Works
of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-
328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816,
VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429,
VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993,

VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

78, which are therefore denied..

79.    By providing unfettered access to the Copyrighted Works to third parties for distribution (who in turn, directly infringed Plaintiff's rights in the Copyrighted Works), Defendants each materially contributed to such third parties' infringement of Plaintiff's copyrights in the Copyrighted Works. Accordingly, the contributory infringement by Defendants of Plaintiff's exclusive rights in and to each of the Copyrighted Works, and to each separate third party to whom Defendants distributed, provided, or otherwise trafficked in Plaintiff's Copyrighted Works without authorization, each constitutes a separate and distinct act of contributory infringement.

**ANSWER:**    trivago denies the allegations in paragraph 79.

80.    Further, upon information and belief, such third parties may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access and use by other unknown third parties to the Copyrighted Works without Plaintiff's knowledge or authorization.

**ANSWER:**    trivago denies the allegations in paragraph 80.

81.    The conduct of Defendants was willful within the meaning of the Copyright Act.

**ANSWER:**    trivago denies the allegations in paragraph 81.

82.    Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

**ANSWER:**    trivago admits only that, based on the allegations in the Second Amended

Complaint, Plaintiff seeks damages under the Copyright Act but denies Plaintiff is entitled to such

damages.  trivago denies the remainder of the allegations in paragraph 82.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement Against All Defendants)
### (17 U.S.C. § 101 *et seq.*)

83.    Plaintiff realleges and incorporates by reference, each and every allegation contained in the foregoing paragraphs above.

**ANSWER:**    trivago realleges and incorporates by reference, each and every answer contained

in the foregoing paragraphs above.

84.    Upon information and belief, Defendants are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

**ANSWER:**    trivago denies the allegations in paragraph 84.

85.    None of the Defendants had the authority to license, sell, assign, or grant permission for any third party to use or display the Copyrighted Works. Notwithstanding that they had no right to license, sell, assign or permit any third party to use the Copyrighted Works, with each knowing it was not the owner of the copyright in such works, Defendants each continue to represent, or imply, to third parties that they have such rights in and to the Copyrighted Works.

**ANSWER:**    trivago denies the allegations in paragraph 85.

86.    Upon information and belief, Defendants each controlled the distribution of the Copyrighted Works by contracting with various third parties to display, copy, reproduce, distribute, sell, assign, or license the Copyrighted Works.  Specifically, without authorization or consent, Defendants distributed, provided, or otherwise trafficked to such third parties, without Plaintiff's authorization, at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

**ANSWER:**    trivago lacks sufficient information to admit or deny the allegations in paragraph

86, which are, therefore, denied.

87.    Because of the nature of their control over the content on their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, such third parties each had the right and the ability to supervise the

infringing activities complained of herein.  And because of the nature of their business relationship with such third parties, Defendants each had the right and the ability to supervise and control the infringing activities of such third parties.

**ANSWER:**    trivago denies the allegations in paragraph 87.


88.    Defendants each knew and/or should have known that the Copyrighted Works they were providing to such third parties, would be used, published and disseminated on high-trafficked websites and other media and in widely circulated promotional materials.

**ANSWER:**    trivago denies the allegations in paragraph 88.


89.    Further, because Defendants each improperly and unlawfully represented, or implied, to third parties that it was the owner of and/or had the authority to grant permission to use the Copyrighted Works, Defendants each knew that such third parties and others would not seek to secure an appropriate license or authorization from Plaintiff.

**ANSWER:**    trivago denies the allegations in paragraph 89.


90.    As a result of such Defendants' vicarious infringement of Plaintiff's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized, but for their infringement of the Copyrighted Works.

**ANSWER:**    trivago denies the allegations in paragraph 90.


91.    Such Defendants' misconduct was willful, intentional and/or reckless, and done for their own economic gain.

**ANSWER:**    trivago denies the allegations in paragraph 91.


92.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.

**ANSWER:**    trivago admits in the allegations in paragraph 92 that Plaintiff seeks damages

recoverable under the Copyright Act but denies Plaintiff is entitled to the same.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the  Court enter judgment against Defendants as follows:

1.      That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

2.      For entry of a permanent injunction providing that Defendants and their officers, agents, servants, partners, parents, subsidiaries and related entities and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3.      For entry of a permanent injunction providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, and destroy the Copyrighted Works in their possession, custody or control or return them to Plaintiff, and/or immediately obtain a license from Plaintiff for their use;

4.      For Plaintiff's actual damages and Defendants' profits in such amount as may be found at trial; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each Copyrighted Work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

5.      For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505; and

6.      For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

**ANSWER:** trivago is not required to respond to Plaintiff's ad damnum clause. To the extent a response is required, trivago denies Plaintiff is entitled to the relief requested.

## DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff granted one or more third parties, namely independent hotels, hotel chains, and/or online travel agencies, an express or implied license to use Plaintiff's copyrighted photographs. The photos provided on trivago.com and its related mobile applications were provided by third parties, including hotels, hotel chains, and online travel agencies, which trivago understood were licensed or otherwise permitted to provide trivago the photos for use in advertising the hotel, hotel chain, or online travel agency.

## SECOND DEFENSE

Plaintiff is barred from recovery because it has suffered no damages.

## THIRD DEFENSE

Plaintiff is barred from recovery because it failed to mitigate its damages.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.  Plaintiff's claims, and any damages available therefrom, are limited to those incurred in the three years prior to the commencement of this suit.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or acquiescence.

## SIXTH DEFENSE

To the extent Plaintiff has any valid claim(s) against trivago, any amount recoverable is subject to contribution and/or indemnification by third parties.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part based on the safe harbor provisions of the Digital Millennium Copyright Act.

## EIGHTH DEFENSE

To the extent Plaintiff has any valid claim(s) against trivago, its claims are barred in whole or in part by trivago's innocent infringement. The photographs found on trivago's webpages do not contain a copyright symbol or watermark identifying that Plaintiff owned any rights to said photos. Further, the photos provided on trivago.com and its related mobile applications were provided by third parties, including hotels, hotel chains, and online travel agencies, which trivago understood were licensed or otherwise permitted to provide trivago the photos for use in advertising the hotel,

33

hotel chain, or online travel agency. Indeed, trivago enters into agreements with such third parties containing warranties regarding usage rights. trivago did not know and had no reason to know that the use of any photo would be infringing upon Plaintiff's copyrights.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has improperly joined numerous defendants in a single action without the required commonality.

## OTHER DEFENSES RESERVED

trivago's investigation of this case is going. trivago reserves all defenses available under the Federal Rules of Civil Procedure, United States Copyright laws, and other applicable federal or state laws, as well as any other defenses at law or in equity that may now exist or may become viable at a later time due to additional discovery and further investigation of the facts.

## TRIVAGO'S PRAYER FOR RELIEF

WHEREFORE, trivago respectfully requests that the Court enter judgment against Plaintiff, dismiss this case against trivago in its entirety, and award trivago its attorneys' fees and costs in this action.

## DEMAND FOR JURY TRIAL

trivago demands a trial by jury on all issues so triable.

Dated: November 8, 2023                    Respectfully submitted,

By:  _/s/ Jeffrey J. Catalano_____
    Jeffrey J. Catalano (admitted *pro hac vice*)
    jcatalano@sgrlaw.com
    **SMITH, GAMBRELL & RUSSELL, LLP**
    311 South Wacker Drive, Suite 3000
    Chicago, IL 60606
    Telephone: (312) 360-6000
    Facsimile: (312) 360-6520

Roger J. Maldonado
rmaldonado@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
Telephone: (212) 907-9741
Facsimile: (212) 907-9841

Sarah A. Gottlieb (admitted *pro hac vice*)
sgottlieb@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2925
Facsimile: (813) 488-2960

*Attorneys for Defendant trivago N.V.*

## CERTIFICATE OF SERVICE

I, Jeffrey J. Catalano, an attorney, hereby certify that on November 8, 2023, I caused a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Second Amended Complaint* to be served upon all counsel of record who are deemed to have consented to electronic service via the Court's electronic filing system.


*/s/ Jeffrey J. Catalano*
Jeffrey J. Catalano