# Pollock | Cohen LLP

111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2024

November 30, 2023

**MEMO ENDORSED**

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**Pltf. is directed to respond by January 19, 2024.
Dated: January 12, 2024
White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re:  *The Wave Studio, LLC v. Trivago et al.*, No 7:23-cv-03586-NSR

Dear Judge Román:

We represent Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd. (the "International Defendants") and MakeMyTrip, Inc. (collectively, the "Trip Defendants"). The Trip Defendants request a pre-motion conference in connection with their proposed motion to stay discovery pending resolution of their motion to dismiss the Second Amended Complaint ("SAC"), or, in the alternative, that the Court stay discovery without holding a pre-motion conference.

Per Your Honor's rule 3(A)(i), we note that I met with Plaintiff's counsel Gabriel Berg, Esq. by phone on November 28, 2023. The duration of the call was 15–20 minutes. I followed up by email later on November 28. Plaintiff opposes the proposed stay.

The SAC alleges that the Trip Defendants operate websites that allow users to make travel reservations, including at foreign hotels. SAC ¶¶ 1, 41–44. Plaintiff alleges that the Trip Defendants have violated its copyrights by publishing on their websites certain photographs without Plaintiff's authorization. The Trip Defendants seek dismissal of Plaintiff's claims for lack of jurisdiction, failure to state a claim, and untimeliness. These arguments are detailed in the Trip Defendants' letter to the Court, dated October 30, 2023. ECF No. 58.

Under the Federal Rules of Civil Procedure, this Court has the authority to stay discovery "for good cause." Fed. R. Civ. P. 26(c). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: '(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Am. Fed'n of Musicians & Emps.' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (quoting *Negrete v. Citibank, N.A.*, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015)). Each of these factors favors a stay here.

*First*, the Trip Defendants have made a strong showing that Plaintiff's claims should be dismissed. There is no basis for asserting jurisdiction over the International

Defendants, who are foreign entities with no meaningful connection to New York or the United States. *See, e.g.*, *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001) (observing that it is "well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."). *See* ECF No. 58 (October 30 MTD Letter), at 2. And, the SAC fails to state a claim against any of the Trip Defendants in any event. The first cause of action fails to state a claim for direct infringement because it fails to plead which specific works are the subject of Plaintiff's claim, and by what acts during which time period the Trip Defendants allegedly infringed Plaintiff's copyright. *Id*. The second cause of action fails to state a claim for contributory infringement because it fails to identify any specific direct infringement (*i.e.* when and by whom) to which the Trip Defendants allegedly contributed, or that the Trip Defendants had specific knowledge of the underlying infringing activity, or how the Trip Defendants have induced, caused, or materially contributed to that infringement. *Id*. at 3. The third cause of action fails to state a claim for vicarious infringement because it fails to allege any specific way in which the Trip Defendants could control the alleged infringing activities of unspecified third parties, and also fails to allege any specific financial benefit to the Trip Defendants tied to such activities. *Id*. Finally, all the claims should be dismissed as time-barred because they were not commenced within three years after the claim accrued, i.e., when Plaintiff discovered, or should have discovered, the alleged infringement. *Id*.

*Second*, discovery here will be especially burdensome. The International Defendants will need to consider and comply with various data protection and data export laws in several foreign jurisdictions, which would impose immediate, unreasonable, and unnecessary legal, regulatory, and financial obligations on them. The complaint contains few details about the alleged infringement, but Plaintiff will presumably seek discovery concerning a ten-year period since the SAC describes the infringement claims here as related to the case filed by the same Plaintiff in 2013. In addition, although no primary actor is identified, Plaintiff's claims for secondary infringement would necessarily require discovery from some third-party primary infringers. It is hard to evaluate the exact burden involved when Plaintiff has not even identified the actors or acts at issue, but courts have consistently recognized that the potential for third-party discovery supports good cause for a stay. *See, e.g.*, *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (referencing "potential third-party discovery involving various non-parties referred to in [plaintiff's] First Amended Complaint" when finding that "a stay would conserve both judicial and party resources"); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) ("discovery sought by Vystar is all the more troubling as it appears that Vystar is bent on obtaining discovery from third parties").

*Third*, a stay poses no risk of unfair prejudice to Plaintiff. Plaintiff has been litigating purportedly related claims since 2013, but waited **ten years** to initiate this lawsuit.

POLLOCK | COHEN LLP

Hon. Nelson S. Román
November 30, 2023
Page 3 of 3

And even once the lawsuit was filed, Plaintiff waited almost four months to effect service on the Trip Defendants, choosing instead to focus on its claims against other defendants. Plaintiff will not be prejudiced by a short stay of discovery while the Court resolves the Trip Defendants' motion to dismiss. *See Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("As to the prejudice prong, the Plaintiffs' primary argument is that the imposition of a stay would further delay discovery in a case that is already two years old. However, a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue. At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.") (citation and internal quotation omitted). In fact, a "stay may … have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Id*. This will conserve Plaintiff's resources, as well as those of the Trip Defendants and the Court.

Additionally, Judge Seibel has directed Plaintiff to provide all defendants in the case *The Wave Studio, LLC v. General Hotel Management Ltd. et al* (7:13-cv-09239), with a master complaint including a spreadsheet detailing which defendants infringed which photos, for how long, when, and how. At a minimum, discovery should be stayed until that information is provided so that we can run a more efficient discovery process.

In sum, all relevant factors favor a stay of discovery pending the resolution of the Trip Defendants' motion to dismiss. Thank you for the Court's consideration in this matter.

> Respectfully submitted,
>
> /s/ *Anna Menkova*
>
> Anna Menkova